Anthony L. Lanza (Bar No. 156703)
Brodie H. Smith (Bar No. 221877)
LANZA & SMITH
A Professional Law Corporation
3 Park Plaza, Suite 1650
Irvine, California 92614-8540
Telephone (949) 221-0490
tony@lanzasmith.com
brodie@lanzasmith.com

Attorneys for Defendants George Hatcher
& Wrongful Death Consultants

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois Professional corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation,<br>Defendants | Case No.: 3:22-cv-03977-SK<br><br>Honorable Sallie Kim<br><br>**DEFENDANT GEORGE HATCHER'S MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE AND OTHER GROUNDS, OR, ALTERNATIVELY, TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>[Fed. R. Civ. Proc. 12(b)(3)(6) & (7); 28 U.S.C. §§ 1404, 1406]<br><br>Complaint Filed: July 6, 2022<br>Motion Date: November 7, 2022<br>Motion Time: 9:30 a.m.<br>Courtroom: C |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on November 7, 2022, at 9:30 am, in Courtroom C the United States District Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants George Hatcher and Wrongful Death Consultants will appear and move the Court to dismiss Plaintiff's complaint for improper venue or, alternatively, to transfer the case to the Central District of California; and on other grounds as set forth below.

This motion is brought on the grounds that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, and 12(b)(6) & (7) for failure to state a claim and failure to join an indispensable party. In support of the Rule 12(b)(6) & (7) portions of his motion, Defendant Hatcher joins, adopts and incorporates the Points and Authorities of Defendant Wrongful Death Consultants on its Motion to Dismiss filed on this same date.

Venue is improper in the Northern District of California. *None of* the Defendants are domiciled in the Northern District. *None of* the relevant alleged acts occurred in the Northern District. Plaintiff's Complaint is inadequate in rationalizing its venue selection, which is based solely on convenience for the lead Plaintiff's attorney.

Even a cursory review of the Complaint shows that all the events giving rise to the claims, which at their core concern alleged misappropriation of funds by a Los Angeles law firm, occurred in the Los Angeles area (or Chicago). And Plaintiff, whose principal place of business is not in the Northern District (but rather, in Chicago), does not hide its self-serving intention. Rather, Plaintiff argues that venue is 'proper' because Plaintiff "maintains an office and conducts business in the District." See Complaint, ¶ 35. The problem for Plaintiff, however, is that *none of the controlling statutes allow courts to consider solely Plaintiff's convenience*.

The Complaint should be dismissed based on improper venue. In the alternative, however, the case should be transferred to the Central District of California as it presents

a venue that serves the ends of justice, increases judicial economy, and prevents undue burden on Defendants and witnesses.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities and the Memorandum Points and Authorities of Wrongful Death Consultants' Motion to Dismiss filed on this date, to which Hatcher joins, all pleadings and papers on file in this action, and such other matters as the Court may consider.

|  | LANZA & SMITH, PLC |
|---|---|
| Dated:  September 15, 2022 | /s/ *Anthony Lanza*<br>Anthony Lanza<br>Brodie H. Smith<br>Attorneys for George Hatcher & Wrongful Death Consultants |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................7

   A. Overview .........................................................................................................7

   B. Factual Background ........................................................................................7

   C. Procedural History ..........................................................................................8

II. VENUE IS IMPROPER IN THE NORTHERN DISTRICT ............................9

   A. Plaintiffs Fails to Meet its Burden to Establish Venue is Proper in the Northern District Under 28 U.S.C. § 1391(b)..........................................9

      i. No Defendant Resides in the Northern District ........................................9

      ii. Events Giving Rise to the Alleged Claims did Not Occur in the Northern District ....................................................................................10

   B. Plaintiff Fails to Meet its Burden to Establish Venue is Proper in the Northern District under the RICO Statute................................................11

      i. None of the Defendants 'Transact Affairs' within the Meaning of 18 U.S.C. § 1965(a) ................................................................................12

      ii. Venue is Not Appropriate for any Defendant under 18 U.S.C. § 1965(b) ................................................................................12

      iii. Plaintiff Fails to Demonstrate that No Other Venue is Appropriate........14

III. ALTERNATIVELY, THE COURT CAN TRANSFER THIS CASE TO THE CENTRAL DISTRICT UNDER SECTION 1404 ..........................14

IV. CONCLUSION. ...............................................................................................17

# TABLE OF AUTHORITIES

<u>Federal Cases</u>                                                                                                           Page

*Abeloff v. Barth*, 119 F.R.D. 315, 329 (D. Mass. 1988) ............................................ 13

*Anchor Glass Container Corp. v. Stand Energy Corp.*,
     711 F.Supp. 325, 330-31 (S.D.Miss.1989) .......................................................... 13

*Barth v. Mabry Carlton Ranch, Inc.*,
     2020 WL 2840238, at *3 (D. Haw. June 1, 2020) ............................................... 12

*Benton v. England,* 222 F.Supp.2d 728, 729-732 (D. MD 2002) ............................ 16

*Butcher's Union Local No. 498,*
     *United Food and Commercial Workers v. SDC Inv., Inc.*,
     788 F.2d 535, 539 (9th Cir. 1986) ................................................................. 12, 14

*Citizens for a Better Environment-Calif. v. Union Oil Co. of Calif.*,
     861 F.Supp. 889, 898 (N.D.C.A. 1994)
     aff'd (9th Cir. 1996) 83 F.3d 1111 ....................................................................... 16

*Clement v. Pehar*, 575 F. Supp. 436, 443 n.5 (N.D. Ga. 1983) ............................... 13

*Commodity Futures Trading Com'n v. Savage*,
     611 F. 2d 270, 279 (9th Cir. 1979) ....................................................................... 15

*Decker Coal Co. v. Commonwealth Edison Co.*,
     805 F.2d 834, 843 (9th Cir. 1986) ........................................................................ 14

*Edelson PC v. Thomas Girardi, et al*. 1:20-cv-07115 (N.D.Ill. Dec. 2, 2022) ......... 8

*Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, (1962) .............................................. 16

*Hope v. Otis Elevator Co.*, 389 F.Supp.2d 1235, 1243 (E.D. Cal. 2005) .................. 9

*Jubilee House Community, Inc. v. Coker Intern., Inc.*,
     W.L. 1232900 (M.D.N.C, March 26, 2013) (ft. 5) .............................................. 13

*Laurel Gardens, LLC v. Mckenna,* 948 F.3d 105, 114 (3d Cir. 2020) ..................... 13

*In Re: Lion Air Flight JT 610 Crash*,
     Lead Case No. 1:18-cv-07686 (N.D.Ill. Nov. 19, 2018) ....................................... 8

*Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987) .................. 13

*McCoy v. McCormick,* Case No. 3:22-cv-157-SB (DC Oregon July 5, 2022) ....... 13

*Medoil Corp. v. Clark*, 753 F.Supp.592, 598 (W.D.N.C.1990) .............................. 12

*Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) .................... 9

*Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) .................................................... 14

*Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1242 (S.D. Cal. 2013) ..... 15

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491, 496 (9th Cir. 1979) ....................................................................... 9

*PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65 (2nd Cir., 1998) ........ 13

*United Food and Commercial Workers v. SDC Inv., Inc.*,
   788 F.2d 535, 539 (9th Cir.1986) ...................................................................... 14

*Zhai v. Stein Tree Servs. Inc.,*
   2015 WL 410529, at *1 (N.D. Cal. Jan. 30, 2015) ............................................. 12


Statutes

Federal Rule Civil Procedure 12(b)(3) ...................................................................... 9

18 USC § 1962 ........................................................................................................ 11

18 USC § 1964 ........................................................................................................ 11

18 USC § 1965 .......................................................................................................... 7

18 USC § 1965(a) ............................................................................................. 11-13

18 USC § 1965(b) ............................................................................................. 12-14

28 U.S.C. § 1391 .............................................................................................7, 9, 13

29 USC §1404 ......................................................................................................... 14

29 USC §1404(a) .............................................................................................. 14-15

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

### A. Overview

Venue is improper in the Northern District of California. *None of* the Defendants are domiciled in the Northern District and *none of* the relevant alleged acts occurred in the Northern District. The entire case is based on events that occurred in Los Angeles (or Chicago). Plaintiff's Complaint is woefully inadequate in rationalizing its venue selection, which is apparently based solely on convenience for lead Plaintiff's attorney. In its verbose, 65-page Complaint, Plaintiff only addresses venue sparsely, failing to meet its burden of proof under both 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965.

*Except referencing a few isolated travels by two of the individual Defendants in 2019—wholly unrelated to this case—and a **one-time** email by **one** of the attorneys sent in 2022 allegedly from San Francisco*, Plaintiff does not offer any other venue explanation. *See* Complaint, ¶¶ 36-39. Even a cursory review of the Complaint shows that the vast majority of the events giving rise to the claims, which concern misappropriation of funds by a Los Angeles law firm, occurred in the Los Angeles area—and **none** occurred in the Northern District of California.

### B. Factual Background

This Case arises out of the 2020 settlement reached between victims of the crash of Lion Air Flight JT 610 and Boeing. Plaintiff, by its own account, was the local (Illinois) co-counsel of a Los Angeles firm, Girardi Keese. Plaintiff was slated to receive 50% of the total fees received on behalf of the Lion Air victims. Following the settlement, Plaintiff alleges that Boeing sent the funds to Girardi Keese—who failed to pay Plaintiff (for its 50% contingency fee) or the client-victims. Subsequently, Plaintiff brought this action against various individuals and entities – *except* its own former co-counsel Girardi Keese and Thomas Girardi – alleging that an intentional scheme spanning several years, if not decades, led to the misappropriation of Lion Air victims' settlement funds.

Two of the named defendants are George Hatcher and Wrongful Death Consultants (sometimes "WDC"). George Hatcher is a resident of Los Angeles, California, where he has lived almost all of his life (over five decades). He formed WDC in 2009, a California Corporation with its principal place of business in Los Angeles, California. See, Hatcher Decl. ¶¶ 1-4. WDC assists personal injury victims.[1]

### C. Procedural History

Following the October 2018 Lion Air Flight crash which killed 189 individuals, roughly 54 lawsuits were filed against Boeing, which were later consolidated. See, *In Re: Lion Air Flight JT 610 Crash*, Lead Case No. 1:18-cv-07686 (N.D. Ill. Nov. 19, 2018). Boeing settled various lawsuits individually in early 2020, the proceeds of which were transferred to Girardi Keese. On or about December 2, 2020, Edelson filed a case against Thomas Girardi and others (including some of the defendants in this case but not Defendants George Hatcher and Wrongful Death Consultants) in U.S. District Court for the Northern District of Illinois, Eastern Division, alleging unjust enrichment, accounting, breach of contract, tortious interference with contract, and conversion. See, *Edelson PC v. Thomas Girardi, et al*. 1:20-cv-07115 (N.D. Ill. Dec. 2, 2022).

On or about July 6, 2022, Edelson filed this action against Defendants alleging racketeering and other causes of action (Dkt. 1). Defendants George Hatcher and WDC now file this Motion to Dismiss Plaintiff's Complaint for Improper Venue or, Alternatively, to Transfer to the Central District of California.

---

[1] Defendants Hatcher and Wrongful Death Consultants deny involvement in any unlawful activities related to the settlement funds—including the scheme alleged by Plaintiff.

## II. **VENUE IS IMPROPER IN THE NORTHERN DISTRICT**

### A. Plaintiff Fails To Meet Its Burden to Establish Venue Is Proper In The Northern District Under 28 U.S.C. § 1391(b)

Pursuant to Federal Rule Civil Procedure 12(b)(3), a defendant can move for dismissal of a case based on improper venue. "Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated." *Hope v. Otis Elevator Co.*, 389 F.Supp.2d 1235, 1243 (E.D. Cal. 2005); *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In considering whether venue is proper, a court may consider facts outside the pleadings and need not accept the pleadings as true. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

Pursuant to 28 U.S.C. § 1391(b) on venue in general, a civil action may be brought in—

    (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action

Venue is improper in the Northern District of California at least for the following two reasons:

    *i.*    <u>*No Defendant Resides In The Northern District*</u>

**None** of the named Defendants resides in the Northern District:

- Defendant George Hatcher has been a resident of **L.A.** for well over five decades, almost his entire life. See, Hatcher Decl., ¶¶ 1 and 3.

- Defendant WDC has had its principal place of business in **L.A.** since inception in 2009—over a decade ago. *See, Hatcher Decl., ¶ 2.*
- Defendant Erika Girardi, also known as Erika Jayne, is a resident of the **L.A. area**. *See* Complaint, ¶ 25
- Defendant EJ Global, LLC has its principal place of business in the **L.A. area**. *See* Complaint, ¶ 26
- Defendants David Lira, Keith Griffin, and Christopher Kamon, on information and belief, are residents of the **L.A. area**.
- Defendant Joseph DiNardo is a resident of New York. *see* Complaint, ¶ 31.
- Defendant California Attorney Lending II, Inc. is a New York Corporation with its principal place of business in Buffalo, New York. *see* Complaint, ¶ 33.

Plaintiff's principal place of business is not in the Northern District (it is in Illinois); it has only *an office* in San Francisco. *See,* Complaint, ¶ 24.

ii. *Events Giving Rise To The Alleged Claims Did Not Occur In The Northern District*

Plaintiff's Complaint demonstrates that *none* of the relevant events – let alone 'substantial part of the events' – occurred in the Northern District. Girardi and Keese was a Los Angeles law firm. One can reasonably conclude, and Plaintiff does not allege otherwise, that the client trust account to which victims' settlement funds were transferred was opened, operated, and accessed from Los Angeles. Further, as explained in the Complaint, all the relevant alleged activities of Erika Jayne, David Lira, Keith Griffin, and Christopher Kamon *did not occur* in Northern California. Plaintiff could only name *one isolated incident* in which allegedly Keith Griffin "sent a lulling email to" one of the victims while physically present in the Northern California. *See,* Complaint, ¶ 39. Plaintiff also alleges, vaguely, that Lira and Griffin 'litigated cases' and 'conducted business' in the Northern District without specifying any connection to the "events" of

this action. *See,* Complaint, ¶¶ 36-38. Further, Defendants George Hatcher and WDC have no connection to San Francisco and are not aware of any affairs related to the Lion Air victims that were conducted or taken care of in the Northern District or near San Francisco. Hatcher Decl., ¶¶ 5 and 6.

Truly no part (and certainly not a "substantial part") of the events or omissions giving rise to the claims in this action occurred in the Northern District of California.[2]

### B. Plaintiff Fails To Meet Its Burden to Establish Venue Is Proper In The Northern District Under The RICO Statute

Plaintiff's attempt to allege that the Northern District is the proper venue under the RICO statute also fails. The statute is clear that a RICO action must be pursued in "any *appropriate* United States district court," not just any district court. *See* 18 U.S.C. § 1964 ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court…"). 18 U.S.C. § 1965(a) and (b) state:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
>
> (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

To establish venue under 18 U.S.C. § 1965(a) and (b), Plaintiff alleges that "Lira and Griffin transacted their affairs in this District, including by litigating cases in this District and by traveling to this District for the purpose of conducting business." *See*

---

[2] Incidentally, legal counsel understands that Plaintiff Edelson is contractually bound to choose Los Angeles venue for at least two of the Defendants, which is of course another powerful argument demonstrating improper venue. This argument, however, will not be articulated here based on a lack of personal knowledge.

Complaint, ¶ 36. In particular, Plaintiff lists *only five (5) dates,* all from 2019, in which David Lira allegedly travelled to the Northern District and names only *two cases* Keith Griffin allegedly litigated in the Northern District, again in 2019. *See,* Complaint, ¶ 38. No connections to the Northern District are alleged as to *any* of the other defendants (7 of 9 defendants).

*Exceedingly limited contact of only two of the Nine Defendants from 2019* is hardly sufficient to establish venue for this case—for the following reasons.

i. *None Of The Defendants 'Transact Affairs' In The Northern District Within The Meaning of 18 U.S.C. § 1965(a)*

The transacting of affairs within the district must occur at the time of filing the complaint. In *Medoil Corp. v. Clark*, the court ruled that venue provision authorizing suit in the district in which defendant 'transacts his affairs' is construed to require that "plaintiff must show that the defendant is transacting his affairs in the district *where the suit is initiated on the day the complaint is filed.*" *See, Medoil Corp. v. Clark*, 753 F. Supp. 592, 598 (W.D.N.C. 1990) [emphasis added].

Here, Plaintiff does *not* allege that either of the two defendants who are alleged to have conducted affairs in the Northern District *in the past* continued such activities at the time the Complaint was filed, *i.e.*, July of 2022.

ii. *Venue Is Not Appropriate For Any Defendant Under 18 U.S.C §1965(b)*

According to a very recent decision by a District Court in Oregon, Section 1965(b) is about jurisdiction, **not** venue, and thus *cannot be used at all to invoke venue*:

> "Section 1965(b) allows a district court to exercise personal jurisdiction over a RICO defendant in any district if the court is satisfied that the "ends of justice" require the exercise of that jurisdiction. Subsection (b), however, does not establish proper venue. See *Butcher's Union Loc. No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 538-39 (9th Cir. 1986) (discussing § 1965(b) as a basis only for personal jurisdiction); *Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 2840238, at *3 (D. Haw. June 1, 2020) ("Section 1965(b) does not govern venue."); *Zhai v. Stein Tree Servs. Inc.,* 2015 WL 410529, at *1 (N.D. Cal. Jan. 30, 2015) ("Section 1965(b) does not deal with venue . . . .");

see also *Laurel Gardens, LLC v. Mckenna,* 948 F.3d 105, 114 (3d Cir. 2020)(concluding that § 1965(b) governs only personal jurisdiction); *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987) ("Section 1965(a) deals with venue in RICO cases, but § 1965(b) creates personal jurisdiction by authorizing service."). Thus, even under RICO, venue is not proper in the District of Oregon." *McCoy v. McCormick,* Case No. 3:22-cv-157-SB, (DC Oregon July 5, 2022).

Even if the Court were to allow Plaintiff to attempt to establish venue under 18 U.S.C. 1965(b), despite *McCoy v. McCormick* and all of the cases cited therein, in order to invoke §1965(b), venue must be appropriate for at *least one of the defendants* pursuant to the venue provisions of 28 U.S.C. § 1391(b) or 18 U.S.C. § 1965(a). *See, Anchor Glass Container Corp. v. Stand Energy Corp.*, 711 F.Supp. 325, 330–31 (S.D.Miss.1989); *Abeloff v. Barth*, 119 F.R.D. 315, 329 (D. Mass. 1988) ("This provision [Section 1965(b)] has been construed to be applicable only in a case in which there is venue for the RICO claim for at least one defendant in the forum but not as to others and there is no other district which would have venue of all defendants named in the RICO count."); *Clement v. Pehar*, 575 F. Supp. 436, 443 n.5 (N.D. Ga. 1983) ("Since, however, venue is in fact improper as to all defendants under section 1965(a), subsection (b) is simply not applicable here."). *Jubilee House Community, Inc. v. Coker Intern., Inc.*, W.L. 1232900 (M.D.N.C, March 26, 2013) (ft. 5) ("Most courts hold, however, that this subsection [18 U.S.C §1965(b)] is available only if venue is appropriate for at least one defendant under subsection (a)."); *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65 (2nd Cir., 1998) ("a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant.").

Here, the Northern District is not appropriate for **any** of the Defendants. *Even if the Northern District somehow were appropriate for one of the nine Defendants (it is not), the "ends of justice" do not require that it be the venue for the rest.* 18 U.S.C §1965(b) only applies if venue is appropriate for at least one of the defendants **and** the "*ends of justice* require that other parties residing in any other district be brought before the

court." No "ends of justice" would be served by dragging *seven* L.A. Defendants to the Northern District of California—while none of the alleged activities underlying Plaintiff's claims have any connection to the Northern District.

### iii. <u>Plaintiff Fails To Demonstrate That No Other Venue is Appropriate</u>

In addition to the foregoing, to invoke 18 U.S.C §1965(b), Plaintiff must *also* show that there is "no other district in which a court will have personal jurisdiction over all of the alleged co-conspirator." *See Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir.1986).

Despite the lengthy 65-page Complaint, which is a labored construction of an implausible conspiracy theory, Plaintiff's Complaint is sparse regarding connections to the Northern District. *Except referencing a few isolated travels in 2019 and one 2020 email allegedly sent from San Francisco*, Plaintiff does not attempt to show why the Central District, where most Defendants are domiciled *and* most of the relevant alleged events occurred, would be an improper venue. As such, Plaintiff fails to satisfy its burden of proof under 18 U.S.C §1965(b).

## III. **ALTERNATIVELY, THE COURT CAN TRANSFER THIS CASE TO THE CENTRAL DISTRICT UNDER SECTION 1404**

Under 28 U.S.C. § 1404, a district court "[f]or the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district or divisions where it might have been brought…." Section 1404(a) "partially displaces the common law doctrine of forum non conveniens" with respect to transfers between federal courts. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In passing Section 1404(a), Congress "intended to permit courts to grant transfers upon a lessor showing of inconvenience" than was needed for dismissal under the doctrine of forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). "The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect

litigants, witnesses, and the public against unnecessary inconvenience and expense." *Pavao v. Unified CCR Partners*, 934 F.Supp.2d 1238, 1242 (S.D. Cal. 2013).

In determining whether transfer is appropriate, courts consider factors such as (1) the plaintiff's choice of forum; (2) the parties' contacts with the forum; (3) the contacts in the chosen forum that relate to the plaintiff's claims; (4) the costs of litigation in available forums; (5) the availability of compulsory process to compel the attendance of unwilling witnesses; (6) access to evidence; (7) the interest in having localized controversies decided in that forum; (8) the unfairness of imposing jury duty on citizens in an unrelated forum; and (9) the congestion of dockets in the two districts, measured by median number of months from filing to trial. *Id.*

Likewise, if Plaintiff does not *reside* in the forum "[t]he Court need not give much weight to Plaintiff's choice of venue." *Id.* at 1244. *Neither Plaintiff nor any Defendants reside in Northern California.*

Plaintiff, whose principal place of business is not in the Northern District of California (but rather, in Chicago), does not hide its self-serving intention. Rather, Plaintiff argues that venue is 'proper' because Plaintiff "maintains an office and conducts business in the District." *See,* Complaint, ¶ 35. The problem for Plaintiff, however, is that *none of the controlling statute allows it to dictate venue based on its convenience with utter disregard of where the events occurred, where defendants are located, and where documents and witnesses can be found. Commodity Futures Trading Com'n v. Savage*, 611 F. 2d 270, 279 (9th Cir. 1979) ("Although the *convenience* of the plaintiff is **not** important to the balancing process [under section 1404(a) on change of venue], the CFTC's choice of forum must be given some weight.") Emphasis added.

As set forth above, the Northern District has virtually no connection to this case. The underlying events giving rise to the lawsuit took place mostly in the Central District of California (some in Chicago). Other than one single email allegedly sent from San Francisco, which is marginal if not unrelated to the alleged 'scheme,' Defendants have no contacts with the Northern District. See, Hatcher Decl., ¶¶ 1-6. As stated above, 7 of the

9 Defendants reside in the Central District. A brief review of the *headings* in the Complaint demonstrates that the vast majority of events occurred in the Los Angeles area:

- Tom and Erika misappropriated client settlement money to project an image of wealth and to prop up a lifestyle made for reality TV. Location: **L.A.**
- Money begins to run out, and Erika obfuscates to the media. Location: **L.A.**
- The Girardi Family Enterprise springs into action. Location: **L.A.**
- Tom and Erika go to DiNardo and his companies for litigation funding. Location: **L.A. or N.Y.** (not Northern California).
- The Lion Air Litigation and Settlement. Location: **L.A. and/or Chicago** (not Northern California).
- The Girardi Family Enterprise Steals the Lion Air Clients' Settlement and Commits Hundreds of Federal Crimes in the Process. Location: **L.A. area.**

*See*, Complaint, headings throughout.

In summary, Plaintiff's Complaint revolves around alleged misappropriation of settlement funds by a former Los Angeles law firm. The interests of justice would be served best if a court in the Central District adjudicates this alleged L.A. scheme—where 7 of 9 Defendants (and most, if not all, witnesses) are domiciled. Adjudicating this case in any other district would contravene judicial economy and impose unjust and undue burden on Defendants and witnesses. See, *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, (1962); *Citizens for a Better Environment-Calif. v. Union Oil Co. of Calif*., 861 F.Supp. 889, 898 (N.D.C.A. 1994), aff'd, 83 F.3d 1111 (9th Cir. 1996); *Benton v. England,* 222 F.Supp.2d 728, 729-732 (D. MD 2002).

## IV. CONCLUSION

For the foregoing reasons, the Court should grant this motion to dismiss the case or, alternatively, transfer it to the Central District of California.

                                                LANZA & SMITH, PLC

Dated: September 15, 2022        By: */s/Anthony Lanza*
                                                     Anthony Lanza
                                                     Brodie H. Smith
                                                     Attorneys for George Hatcher and
                                                     Wrongful Death Consultants

# PROOF OF SERVICE
*Edelson PC v. Lira, et al.*
USDC Case No.:  3:22-cv-03977-SK

I am a citizen of the United States, over the age of 18 years, employed in the County of Orange in the State of California, and not a party to this cause.  My business address is 3 Park Plaza, Suite 1650, Irvine, CA, 92614.

On **September 15, 2022**, I served a true copy of the: **DEFENDANT GEORGE HATCHER'S MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE AND OTHER GROUNDS, OR, ALTERNATIVELY, TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA AND [PROPOSED] ORDER,** by delivering it to the person(s) indicated below in the manner as provided in FRCivP 5(b) by:

**SEE ATTACHED SERVICE LIST**

  **X**    **BY CM/ECF E-MAIL:** Through use of the Federal CM/EFC electronic filing system, I caused a courtesy copy of the above documents to be served by e-mail to the offices of the addressee(s).

  _____   **BY E-MAIL**:  I caused the above documents to be served by e-mail to the offices of the addressee(s).

I hereby certify that I am employed in the office of a member of the Bar of this Court, United States District Court, Northern District of California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed **September 15, 2022**, at Irvine, California.

*/s/ Leona Smialek*
Leona Smialek

X:\D\767-01\Pleadings\POS.doc

# SERVICE LIST

| | |
|---|---|
| Rafey Sarkis Balabanian<br>Edelson PC<br>150 California Street, 18th Floor<br>San Francisco, CA 94111<br>rbalabanian@edelson.com | *Counsel for Plaintiff Edelson PC* |
| Alexander Glenn Tievsky<br>J. Eli Wade-Scott<br>Jay Edelson<br>Edelson PC<br>350 North LaSalle, 14th Floor<br>Chicago, IL 60654<br>atievsky@edelson.com<br>ewadescott@edelson.com<br>jedelson@edelson.com | *Counsel for Plaintiff Edelson PC* |
| Rachel Marilyn Lannen<br>Engstrom, Lipscomb & Lack<br>10100 N Santa Monica Boulevard, 12th Floor<br>Los Angeles, CA 90067<br>rlannen@elllaw.com | *Counsel for Defendant David Lira* |
| Evan Christopher Borges<br>Greenberg Gross LLP<br>650 Town Center Drive, Suite 1700<br>Costa Mesa, CA 92626<br>eborges@ggtriallaw.com | *Counsel for Defendants Erika Girardi aka Erika Jayne and EJ Global, LLC* |
| Jeff Wiley Poole<br>Hamrick & Evans LLP<br>2600 West Olive Avenue, Suite 1020<br>Burbank, CA 91505<br>jpoole@hamricklaw.com | *Counsel for Defendant Joseph DiNardo* |

| | | |
|---|---|---|
| 1 | | |
| 2 | Richard M. Scherer , Jr. | *Counsel for Defendant Joseph DiNardo* |
| 3 | Lippes Mathias Wexler Friedman LLP<br>50 Fountain Plaza, Suite 1700<br>Bufalo, NY 14202 | |
| 4 | rscherer@lippes.com | |
| 5 | | |
| 6 | Sean Eric Ponist | *Counsel for Defendant California* |
| 7 | Ponist Law Group, P.C.<br>100 Pine Street, Suite 1250 | *Attorney Lending II, Inc.* |
| 8 | San Francisco, CA 94111 | |
| 9 | sponist@ponistlaw.com | |
| 10 | William F. Savino | *Counsel for Defendant California* |
| 11 | Woods Oviatt Gilman LLP<br>1900 Main Place Tower | *Attorney Lending II, Inc.* |
| 12 | 350 Main Street | |
| 13 | Buffalo, NY 14202<br>wsavino@woodsoviatt.com | |
| 14 | | |
| 15 | William E Brueckner , III | *Counsel for Defendant California* |
| 16 | Woods Oviatt Gilman LLP<br>1900 Bausch & Lomb Place | *Attorney Lending II, Inc.* |
| 17 | Rochester, NY 14604<br>wbrueckner@woodsoviatt.com | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

X:\D\767-01\Pleadings\POS.doc