Walter J. Lack, Esq. (SBN 57550)
Rachel M. Lannen, Esq. (SBN 333701)
**ENGSTROM, LIPSCOMB & LACK**
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, CA 90067-4113
Tel: (310) 552-3800 / Fax: (310) 552-9434

Attorneys for Defendant,
DAVID LIRA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation, <br><br>         Plaintiffs, <br><br>     v. <br><br> DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II., a New York corporation, <br><br>         Defendants. | Case No. 3:22-cv-03977-SK <br><br><br> **DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** <br><br> [Fed. R. Civ. Proc. 12(b)(3); 28 U.S.C. §§1404, 1406] <br><br> Complaint Filed:    July 6, 2022 <br> Motion Date:     November 7, 2022 <br> Motion Time:     9:30 a.m. <br> Courtroom:       C <br><br> [*Filed concurrently with the Declaration of David Lira; Request for Judicial Notice*] |

454675

1

**TO ALL PARTIES TO THIS ACTION AND THEIR ATTORNEY(S) OF RECORD:**

PLEASE TAKE NOTICE that on November 7, 2022, at 9:30 a.m., in Courtroom C of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant David Lira ("Lira") will hereby move to dismiss the Complaint filed by Plaintiff Edelson ("Plaintiff") in its entirety, or in the alternative, to transfer this action to the Central District of California. (Dkt. No. 1)

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(3), 28 U.S.C. § 1404(a), and § 1406(a) on the following grounds:

(1) Plaintiff's Complaint should have been filed in the Central District of California; (2) the Central District of California is more convenient for the parties and witnesses; (3) transfer to the Central District of California serves the interests of justice; (4) none of the Defendants are domiciled in the Northern District of California; and (5) this Court lacks jurisdiction over all Defendants because neither parties resides in this District, none of the alleged conduct occurred here, and the Central District of California is the proper venue for this dispute. If the Court declines to grant dismissal based on these jurisdictional issues, the Court should transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.

This Motion is based on the Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of David Lira ("Lira Decl."), all other matters of which this Court may take judicial notice, the pleadings, files, and records in this action, and on such other argument as may be heard by this Court.

///

///

///

**DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

1  Dated:  September 20, 2022          **ENGSTROM, LIPSCOMB & LACK**

2

3

4                                     By: _____

5                                          Walter J. Lack, Esq.
                                          Rachel M. Lannen, Esq.
6                                         Attorneys for Defendant, DAVID LIRA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS

Page

I.    INTRODUCTION.......................................................................7

II.   BACKGROUND........................................................................7

III.  ARGUMENT............................................................................8

      A.    Venue is Improper in the Northern District of California
            Pursuant to 28 U.S.C. § 1391(b)................................................

            1.    Diversity....................................................................

            2.    Federal Question........................................................

      B.    In the Alternative, This Case Should be Transferred to the
            Central District for the Convenience of the Parties and
            Witnesses, and the Interest of Justice.....................................

            1.    Convenience of the Parties and Witnesses.............................

            2.    Interest of Justice.......................................................

IV.   CONCLUSION.........................................................................

DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER
VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF
CALIFORNIA

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4
5
*Chen v. Los Angeles Truck Centers, LLC,*
7 Cal. 5th 862, 444 P.3d 727 (2019)...................................................................13

6
7
*Costlow v. Weeks*
790 F. 2d 1486 (9th Cir. 1986) ............................................................................15

8
9
*Doe 1 v. AOL LLC,*
552 F.3d 1077, 1081 (9th Cir. 2009). ..................................................................10

10
11
*Edelson PC v. Thomas Girardi, et al.*
20-cv-071115 (N.D. Ill. December 2020) ..............................................................9

12
13
*Friedman v. Revenue Mgmt. of New York, Inc.,*
38 F.3d 668 (2d Cir. 1994) ..................................................................................15

14
15
*Hapaniewski v. City of Chicago Heights*
883 F. 2d 576 (7th Cir. 1989) ..............................................................................15

16
17
*Hodgdon v. Needham-Skyles Oil Co.,*
556 F.Supp. 75 (D.D.C. 1982)..............................................................................14

18
19
*Hoover Group, Inc. v. Custom Metalcraft, Inc.*
84 F. 3d 1408 (Fed. Cir. 1996) ............................................................................10

20
21
*Inherent.com v. Martindale-Hubbell*
420 F. Supp. 2d 1093 (N.D. Cal. 2006)................................................................18

22
23
*Jones v. GNC Franchising, Inc.*
211 F. 3d 495 (9th Cir. 2000) ..............................................................................18

24
25
*King v. Russell,*
963 F.2d 1301 (9th Cir. 1992) ..............................................................................11

26
27
*Lion Air Flight JT 610 Crash,*
No. 18-cv-07686 (N.D. Ill. November 2018)..........................................................9

28
*Los Angeles Memorial Coliseum Comm'n v. National Football League*
89 F.R.D. 497 (C.D. Cal. 1981).......................................................................15, 16

**DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

*Phillips v. Baker*,
  121 F.2d 752 (9th Cir. 1941) ...................................................................... 10

*Piedmont Label Co. v. Sun Garden Packing Co.*,
  598 F.2d 491 (9th Cir. 1979) ...................................................................... 10

*Sunray Enterprises v. David C. Bouza & Associates, Inc.*,
  606 F.Supp. 116 (S.D.N.Y. 1984) ............................................................... 14

*Tenefrancia v. Robinson Export & Import Corp.*,
  921 F.2s 556m 559 (4th Cir. 1990) ............................................................ 10

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) .................................................................................... 17

*Woodke v. Dahm*,
  70 F.3d 983 (8th Cir. 1995) ........................................................................ 11

**Statutes**

18 U.S.C. § 1961 et seq. ................................................................................... 14

18 U.S.C. § 1965(a) .................................................................................... 14, 15

28 U.S.C. § 1332(c)(1) ..................................................................................... 11

28 U.S.C. § 1391 ........................................................................................ 11, 12

28 U.S.C. § 1391(b) .............................................................................. 11, 12, 14

28 U.S.C. § 1391(c)(1) ..................................................................................... 11

28 U.S.C. § 1391(c)(2) ..................................................................................... 11

28 U.S.C. § 1404(a) .................................................................................... 15, 17

28 U.S.C. § 1406(a) .................................................................................... 11, 15

RICO ............................................................................................................... 14

**Other Authorities**

*Federal Rule of Civil Procedure* ("Fed. R. Civ. P.") 12(b)(3) .................... 10, 19

Request for Judicial Notice, Ex. 1 .................................................................... 9

**DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

Request for Judicial Notice, Ex. 2 ...............................................................9

Request for Judicial Notice, Ex. 5 .............................................................17

Request for Judicial Notice, Exs. 3-4 .........................................................17

454675

7

**DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

4

## I.  INTRODUCTION

5

Defendant, David Lira ("Lira") brings the instant motion to move to dismiss

6 or transfer this action because venue is improper in the Northern District of

7 California, and because the Northern District is neither a convenient or judicially

8 efficient forum. See 28 U.S.C. § 1404(a). Plaintiff brings the instant action in a

9 forum that is most convenient to it without consideration of venue. The only

10 justification Plaintiff provides to support their filing of this Complaint in the

11 Northern District is that Plaintiff has one office in San Francisco. Plaintiff's principal

12 place of business is in Illinois. Venue is improper in the Northern District of

13 California as none of the defendants in this matter reside in this district, and none of

14 the acts alleged in the Complaint occurred in this district.

15

Further, should the Court find transfer appropriate, the Central District is the

16 only judicially efficient and convenient forums for this case for the following three

17 reasons:

18

**First**, most of the defendants, including Lira, are domiciled in the Central

19 District of California.

20

**Second**, almost all the relevant evidence and witnesses exist in the Central

21 District of California.

22

**Third**, almost all the alleged events giving rise to Plaintiff's claims occurred

23 in the Central District of California, not the Northern District.

24

As such, Lira respectfully requests that this Court dismiss Plaintiff's

25 Complaint for improper venue, or in the alternative, transfer this action to the Central

26 District of California.

27 ///

28 ///

**DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

## II.     BACKGROUND

In the October 2018 Lion Air Flight 610 plane crash that killed all 189 passengers and crew members, more than a dozen families of victims of the Lion Air crash retained Girardi and Keese ("G&K") to prosecute their civil matters against Boeing. *See, In Re: Lion Air Flight JT 610 Crash,* No. 18-cv-07686 (N.D. Ill. November 2018) ("Lion Air"). Plaintiff Edelson, an Illinois professional corporation, with its principal place of business in Chicago, Illinois, was engaged as local counsel to assist G&K in the litigation and settlement process for certain Lion Air Victims.

Boeing transferred the settlement funds to G&K in Los Angeles, California, in mid-2020. However, non-party Thomas V. Girardi ("Tom") did not pay certain Lion Air clients their full share of settlement proceeds, nor paid Plaintiff its share of attorney's fees.

On December 2, 2020 Plaintiff filed a case against Lira and other defendants in the U.S. District Court of Northern District of Illinois, Eastern Division seeking payment of co-counsel fees. *See, Edelson PC v. Thomas Girardi, et al.* 20-cv-071115 (N.D. Ill. December 2020); Request for Judicial Notice, Ex. 1.

On December 14, 2020, Judge Thomas M. Durkin of the U.S.D.C. for the Northern District of Illinois conducted an OSC hearing in the *Lion Air Flight JT 610 Crash*. The issue was whether Tom and his firm, G&K, should be held in contempt for not paying certain settlement funds to four (4) Lion Air clients. At the conclusion of the hearing, Judge Durkin held both Tom and G&K in contempt. Judge Durkin entered a $2,000,000.00 judgement against Tom, representing the amount of settlement proceeds not paid to four (4) Lion Air clients.

In April 2022, Judge Durkin approved an assignment agreement between the Edelson firm and the Lion Air clients who were the focus of the contempt hearing on December 14, 2020. The assignment agreement is the gravamen of the instant action. Request for Judicial Notice, Ex. 2.

///

**DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

On July 6, 2022, Plaintiff filed this action against Lira and other defendants. Lira brings the instant motion to move to dismiss this action because venue is improper in the Northern District of California, or in the alternative, to transfer this action to the Central District of California, where Lira is domiciled.

## III.    ARGUMENT

### A. Venue is Improper in the Northern District of California Pursuant to 28 U.S.C. § 1391(b)

Venue must ordinarily be proper as to each defendant and each claim. *Hoover Group, Inc. v. Custom Metalcraft, Inc.* 84 F. 3d 1408, 1410 (Fed. Cir. 1996). *Federal Rule of Civil Procedure* ("Fed. R. Civ. P.") 12(b)(3) authorizes defendant to move to dismiss a complaint for improper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) (affirming dismissal where plaintiff "utterly failed" to show venue was "properly laid" in forum). Once venue is challenged, a plaintiff bears the burden of showing that venue is proper. *Id.* When the plaintiff fails to carry its burden of establishing proper venue, courts "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In situations where substantial venue questions exist, "it is better that the parties be remitted to the district where there is no doubt as to the jurisdiction, before, rather than after, expensive and protracted litigation has been had." *Phillips v. Baker*, 121 F.2d 752, 756 (9th Cir. 1941) (citation omitted).

In considering such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). For venue purposes, the parties' residence is determined at the time of commencement of the action - not at the time of the event giving rise to the claim for relief. *Tenefrancia v. Robinson Export & Import Corp.*, 921 F.2s 556m 559 (4th Cir. 1990).

For purposes of venue, a person "shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). Domicile requires "residence in fact, coupled with the purpose to make the place of residence one's home." An entity "shall be deemed to reside [...] in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to civil action in question." 28 U.S.C. § 1391(c)(2). A court has personal jurisdiction over an entity where that entity is "incorporated" or has its "principal place of business." 28 U.S.C. § 1332(c)(1).

If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992).

## 1.   Diversity

Where federal subject matter jurisdiction is based solely on diversity of citizenship, Title 28 U.S.C. § 1391 provides that venue is proper in the following judicial districts (and no others):

"a civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C § 1391(b).

The focus for venue considerations is on the relevant activities of the defendant, not the plaintiff. *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

Here, Plaintiff brings the instant action in a forum that is most convenient to it without consideration of venue pursuant to 28 U.S.C. §1391.

*First,* none of the defendants are domiciled in the Northern District. Complaint ¶¶ 24-33. Defendant Lira has been a resident of Los Angeles for over 20 years. Lira Decl. at ¶3. Upon information and belief, five (5) of the six (6) individual defendants are domiciled in Los Angeles County, California. Complaint ¶¶ 25, 27-30. The principal place of business for two (2) of the three (3) entity defendants is Los Angeles County, California. Complaint ¶¶ 26, 31. The other two remaining defendants, Joseph DiNardo and California Attorney Lending II, Inc. are residents of New York. Complaint ¶¶ 32-33. Therefore, *none* of the defendants are domiciled in the Northern District.

Further, Plaintiff's principal place of business is Chicago, Illinois, not the Northern District. Plaintiff has only *one* office in San Francisco. Complaint ¶24. 28 U.S.C § 1391(b) provides that venue is proper where any *defendant* resides, not plaintiff.

*Second*, Plaintiff allege that *only* two (2) of the nine (9) defendants, Lira and Keith Griffin ("Griffin"), "transacted their affairs in this District, including by litigating cases in this District and by traveling to this District for the purposes of conducting business. Complaint ¶ 36. Plaintiff *incorrectly* alleges that Lira traveled to this District to "transact his affairs" on or about March 19, April 19, May 6, June 13, and August 9, 2019. Complaint ¶ 37. However, Plaintiff is blatantly wrong. Lira did not travel to this District on the above-mentioned dates to "transact his affairs," but was traveling to this District for vacation and pleasure:

1. On information and belief, Lira did not travel to this District on March 19, 2019;

2. On Friday, April 19, 2019, Lira traveled to San Francisco for the weekend for pleasure;

**DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

3.  On May 6, 2019, Lira traveled to San Francisco with his family for pleasure, and to have his family watch oral arguments at the California Supreme Court on the matter, *Chen v. Los Angeles Truck Centers, LLC*, 7 Cal. 5th 862, 444 P.3d 727 (2019);

4.  On information and belief, Lira did not travel to this District on June 13, 2019, but was in a deposition in Torrance, California that day; and

5.  On Friday, August 9, Lira traveled to San Francisco for the weekend for pleasure.

Lira Decl. at ¶¶ 5-9.

The only date where it could be "alleged" to have "transacted his affairs" is when Lira took his family to the California Supreme Court to hear oral arguments on May 7, 2019. Lira Decl. at ¶7. On information and belief, Lira has never had a case in the Northern District for the past 15 years, and therefore, has never "transacted [his] affairs in this District." Lira Decl. at ¶10.

As to Griffin, Plaintiff mentioned only *one* alleged date where Griffin "transacted his affairs" on October 26, 2019, that he litigated two (2) case in the Northern District during his twenty-two-year career as an attorney, and that he sent *one* alleged "lulling email." Complaint ¶¶ 38-39. Even if the allegations against Griffin's "contact" with the Northern District are true, that is hardly enough to establish that the Northern District is the proper venue for all nine defendants.

In fact, all of the defendants' acts and omissions that Plaintiff alleges in the Complaint are mostly based in Los Angeles. Tom founded G&K law firm in 1965. Complaint ¶40. G&K is a Los Angeles based firm. Lira Decl. at ¶3. Plaintiffs allege that Tom and Erika Girardi ("Erika") used tv shows like "The Real Housewives of Beverly Hills" and "Watch What Happens Live" as a way to "further [Erika] and Tom's scheme…" and to "deny evidence" of any wrongdoing. Complaint ¶¶ 43, 69, 72, 74-75. "The Real Housewives of Beverly Hills" is filmed in Los Angeles, California.

Plaintiff demonstrate in its Complaint that Tom and his firm retained Plaintiff and that the cases were to be filed in Illinois. Complaint ¶¶ 95-96. Further, the alleged "theft of settlement money to G&K account" stems from an account that was opened up and operated in Los Angeles. Complaint ¶ 106. Plaintiffs claim that Lira personally signed checks from the G&K trust account, which he signed while in G&K's offices in Los Angeles. Complaint ¶ 108, Lira Decl. at ¶ 3.

Plaintiff's Complaint demonstrates that none of the transactions, events, acts or omissions gave rise in the Northern District, but rather, in the Central District. Thus, the events or omissions giving rise to all of Plaintiff's claims arise mainly from alleged activities of the defendants in Los Angeles, not the Northern District.

### 2.    Federal Question

In this case, Plaintiff has asserted federal claims under the RICO statute, 18 U.S.C. § 1961 et seq. The RICO venue statute, 18 U.S.C. § 1965(a), provides:

> Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

Since the special venue provisions of RICO are not exclusive, venue may also be satisfied in the general venue statute, 28 U.S.C. § 1391(b).

Because it does not satisfy these venue requirements, Plaintiff's action should be dismissed. In order for venue to be proper under § 1965(a), "a defendant must regularly carry on a business of a substantial and continuous character within the district." *Hodgdon v. Needham-Skyles Oil Co.,* 556 F.Supp. 75, 78 (D.D.C. 1982)(emphasis added). Defendants do not reside, are not found, do not have agents, and do not transact their affairs in the Northern District of New York. Lira Decl. ¶¶ XXX. The requirements of 18 U.S.C. § 1965(a) are not met. See *Sunray Enterprises v. David C. Bouza & Associates, Inc.,* 606 F.Supp. 116, 119 (S.D.N.Y. 1984).

To determine whether a plaintiff has satisfied its burden of proving venue under this provision, courts evaluate defendants' actions as well as the nature of the

dispute. See *Friedman v. Revenue Mgmt. of New York, Inc.,* 38 F.3d 668, 672 (2d Cir. 1994) (affirming transfer of venue to district where a substantial part of Defendant's alleged actions occurred). Like the facts alleged in diversity venue above, Lira does not reside or transacts his affairs in the Northern District. In fact, all of Lira's alleged actions that Plaintiff alleges in the Complaint, occurred in the Central District, not the Northern District. Therefore, Plaintiff cannot show that venue ever existed in the Northern District under 18 U.S.C. § 1965(a).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (28 U.S.C. § 1406(a).) Transfer, rather than dismissal, of an action in the wrong venue is required only in cases in which it is in the interest of justice to do so. 28 U.S.C. § 1406(a); *Costlow v. Weeks* 790 F. 2d 1486, 1488 (9th Cir. 1986). Thus, the district court must dismiss such a suit if it denies transfer. *Hapaniewski v. City of Chicago Heights* 883 F. 2d 576, 579 (7th Cir. 1989).

Thus, venue is *improper* in the Northern District of California, and Plaintiff's Complaint must be dismissed in its entirety for lack of venue, or in the alternative, transferred to the Central District, where venue is proper.

### B. In the Alternative, This Case Should be Transferred to the Central District for the Convenience of the Parties and Witnesses, and the Interest of Justice

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Los Angeles Memorial Coliseum Comm'n v. National Football League* 89 F.R.D. 497, 501 (C.D. Cal. 1981); 28 U.S.C. § 1404(a). Based on the domicile of an overwhelming majority of the defendants, this action could have been brought in the Central District.

#### 1. Convenience of the Parties and Witnesses

The convenience of the witnesses is often the most important factor. (*Los Angeles Memorial Coliseum Comm'n*, 89 F.R.D. at 501.) The location of the witnesses is a relevant factor regarding the convenience of the witnesses. (Id.)

Lira expects that many of the witnesses would most likely be individuals who reside in the Central District, because 6 of the 7 individual defendants are domiciled and work in Los Angeles County, at least 2 of the 3 entity defendants have their principal place of business in Los Angeles, and most of the alleged events occurred in Los Angeles.

Lira expects that most, if not all the witnesses who will testify on behalf of Defendants will be from Los Angeles County, and will testify as to the underlying facts of the allegations in this matter, including any of Defendants' dealings with Plaintiff, and Plaintiff's dealings with G&K in Los Angeles. Complaint ¶¶156, 161-162, 166, 169. G&K was a Los Angeles based law firm. Therefore, most of the witnesses, accounting, former employees, and documents as it pertains to G&K will be based in Los Angeles, California. Witnesses who Lira expects to testify are as follows:

1.    Kim Cory;

2.    Shirleen Fujimoto;

3.    Norina Rouillard;

4.    Ariel Monasterio;

5.    Robert Finnerty;

6.    John Courtney;

7.    Christopher Aumais; and

8.    Nicholas Kohan (domiciled in Orange County, California).

Upon information and belief, all witnesses identified (except for Nicholas Kohan) are domiciled in Los Angeles, CA.

Additionally, on December 18, 2020, Chapter 7 Involuntary Bankruptcy Petitions were filed against Tom and G&K in the Central District of California. *See*

United States Bankruptcy Court for the Central District of California Case Nos. 2:20-bk-21020-SK and 2:20-bk-21022-SK; Request for Judicial Notice, Exs. 3-4. It is beyond cavil that a proper administration of the G&K and Tom Girardi bankruptcy estates will require a full accounting of all monies possessed, transferred, and owed by the firm and Tom. Additionally, Plaintiff filed a Proof of Claim against G&K in the Bankruptcy Court for attorney's fees owed to them from the settlement of the Lion Air case. Request for Judicial Notice, Ex. 5. That accounting will undoubtedly include a determination of amounts due and owing to Plaintiff. The only proper forum for that accounting is in the bankruptcy court, which is based in the Central District of California.

Therefore, any documents related to G&K including, but not limited too the Torrey Pines Bank account and the Nano Bank account will be in the Central District where the Bankruptcy proceedings are being held, not the Northern District. Complaint ¶¶114, 122. Upon information and belief, G&K's Chapter 7 trustee Elissa Miller resides in Los Angeles and will be called upon to testify as to the documents that were produced by the Bankruptcy Trustee. Complaint ¶ 126.

As such, none of the witnesses called upon to testify in this matter will be domiciled in the Northern District of California. Instead, most of the witnesses will be domiciled in the Northern District, where most of the alleged acts and/or omissions occurred.

### 2.  Interests of Justice

The purpose of Section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The factors that may be considered include:

1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the

contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.* 211 F. 3d 495, 498-99 (9th Cir. 2000).

Lira expects that all the sources of proof for the defendants will come from witnesses located in the Central District, and the Entity Defendants' books and records for their businesses, which are located in Los Angeles. It is expected that these witnesses will testify as to the underlying facts of the case, including any agreements between the Plaintiffs and the Defendants which were negotiated by G&K, who was based in Los Angeles. Thus, the most central location for the sources of proof in this case would be the Central District, not the Northern District. Consequently, the cost of litigation would be less expensive in the Central District, as compared to the Northern District.

Ordinarily, deference is given to a plaintiff's choice of forum. However, such deference "is substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Inherent.com v. Martindale-Hubbell* 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006).

Given that almost all the defendants are domiciled in Los Angeles; Plaintiff signed a contract with G&K, where G&K's principal place of business is Los Angeles; almost of the alleged activities by defendants upon which Plaintiff's claims arise occurred in Los Angeles; and Plaintiff's principal place of business is outside California, the Northern District lacks any significant connection to the activities alleged to give rise to Plaintiff's suit. In fact, its only connection to the Northern District is that Plaintiff has *one* office located in San Francisco.

Likewise, at the time of filing this motion, Defendant George Hatcher ("Hatcher") and Wrongful Death Consultants ("WDC") have filed a motion to

dismiss for lack of venue pursuant to FRCP 12(b)(3). If Hatcher and WDC's motion is granted, Plaintiff will need to pursue its claims against Hatcher and WDC in the Central District of California where Hatcher and WDC works and reside.

The proper venue for these claims against Lira is the Central District of California where Lira works and resides and where these claims against his co-defendants will most likely be pursued. The claims against all co-defendants should all be tried in the same forum in the interest of judicial economy and to avoid the potential of inconsistent rulings and judgments.

Accordingly, the weight of factors favoring the transfer, as described above, outweigh the deference ordinarily given to Plaintiff's choice of forum and ultimately point in favor of transfer to the Central District.

## IV.    CONCLUSION

For all the reasons set for above, Lira respectfully requests the Court to dismiss Plaintiff's Complaint, or in the alternative, transfer the case to the Central District of California, where venue is appropriate to further the convenience of the parties and the interests of justice.

**ENGSTROM LIPSCOMB & LACK**

Date: September 20, 2022          _____

                                                Walter J. Lack
                                                Rachel M. Lannen
                                                Attorneys for David Lira

# PROOF OF SERVICE

STATE OF CALIFORNIA                    )
                                       )
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, Suite 1200, Los Angeles, California 90067.

      On **September 20, 2022**, the foregoing document described as: "**DEFENDANT DAVID LIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**" has been served on interested party(ies) in this action as follows:

## ** SEE ATTACHED SERVICE LIST **

  ✓      BY EMAIL/ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

  ✓      (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 20, 2022** at Los Angeles, California.

_____
NORMA ROBLES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

### *EDELSON PC, v. DAVID LIRA et al.*

### Case No. 3:22-cv-03977-SK

| | |
|---|---|
| Rafey S. Balabanian, Esq.<br>**EDELSON PC**<br>150 California Street, 18th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 212-9300<br>Facsimile: (415) 373-9435<br>Email: rbalabanian@edelson.com | Counsel for Plaintiff Edelson PC |
| Alexander Glenn Tievsky<br>J. Eli Wade- Scott<br>Jay Edelson<br>**Edelson PC**<br>350 North LaSalle, 14th Floor<br>Chicago, IL 60654<br>atievsky@edelson.com<br>ewadescott@edelson.com<br>jedelson@edelson.com | Counsel for Plaintiff Edelson PC |
| Evan C. Borges<br>**Greenberg Gross LLP**<br>650 Town Center Drive, suite 1700<br>Costa Mesa, CA 92626<br>eborges@GGtriallaw.com<br>CWinsten@GGTrialLaw.com | Counsel for Defendants Erika Girardi aka Erika Jayne and EJ Global, LLC |
| Jeff Wiley Poole<br>**Hamrick & Evans LLP**<br>2600 West Olive Avenue, Suite 1020<br>Burbank, CA 91505<br>jpoole@hamricklaw.com | Counsel for Defendant Joseph DiNardo |

| | |
|---|---|
| Anthony L. Lanza<br>Brodie H. Smith<br>LANZA & SMITH<br>A Professional Law Corporation<br>3 Park Plaza, Suite 1650<br>Irvine, California 92614-8540<br>tony@lanzasmith.com<br>brodie@lanzasmith.com | Attorneys for Defendants George<br>Hatcher & Wrongful Death Consultants |
| Richard M. Scherer, Jr.<br>Lippes Mathias Wexler Friedman LLP<br>50 Fountain Plaza, Suite<br>1700 Buffalo, NY 14202<br>rscherer@lippes.com | Counsel for Defendant Joseph DiNardo |
| Sean Eric Ponist<br>**Ponist Law Group, P.C.**<br>100 Pine Street, Suite 1250 San<br>Francisco, CA 94111<br>sponist@ponistlaw.com | Counsel for Defendant California<br>Attorney Lending II, Inc. |
| William F. Savino<br>**Woods Oviatt Gilman LLP**<br>1900 Main Place Tower<br>350 Main Street<br>Buffalo, NY 14202<br>wsavino@woodsoviatt.com | Counsel for Defendant California<br>Attorney Lending II, Inc. |
| William E Brueckner , III<br>**Woods Oviatt Gilman LLP**<br>1900 Bausch & Lomb Place<br>Rochester, NY 14604<br>wbrueckner@woodsoviatt.com | Counsel for Defendant California<br>Attorney Lending II, Inc. |