ROSEN ✧ SABA, LLP
RYAN D. SABA, ESQ. (State Bar No. 192370)
rsaba@rosensaba.com
2301 Rosecrans Ave., Suite 3180
El Segundo, CA 90245
Telephone: (310) 285-1727
Fax: (310) 285-1728

Attorneys for Defendant,
Keith Griffin

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation<br><br>Defendants | Case No, 3:22-cv-03977-SK<br>*Honorable Sallie Kim*<br><br>**DEFENDANT KEITH GRIFFIN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(7); MEMORANDUM OF POINTS AND AUTHORITES**<br><br>Complaint Filed:  July 6, 2022<br>Motion Date:  November 7, 2022<br>Motion Time:  9:30 a.m.<br>Courtroom:  C |

2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

ROSEN ✧ SABA, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROSEN ◊ SABA, LLP
2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 7, 2022, at 9:30 a.m., in Courtroom C of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Keith Griffin will appear and move the Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(7) for failure to join indispensable parties, and on other grounds as set forth below. Defendant Keith Griffin respectfully requests that this Court dismiss this case, or in the alternative, stay this action until the resolution of the bankruptcy proceedings regarding Thomas Girardi and Girardi Keese law firm.

This Motion is based upon this Notice, the Memorandum of Points and Authorities below, the pleadings, and such other matters as the Court may deem appropriate in deciding this Motion.

DATED:  September 21, 2022                    ROSEN ◊ SABA, LLP

By: ___s/ Ryan D. Saba_____

RYAN D. SABA
Attorneys for Defendant,
KEITH GRIFFIN

1

2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

ROSEN ◇ SABA, LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Keith Griffin respectfully submits this memorandum of points and authorities in support of this motion to dismiss the above-captioned pursuant to FRCP Rule 12(b)(7) for failure to include indispensable parties, whose inclusion destroys jurisdiction.

## I.   INTRODUCTION

A cursory reading of Plaintiff's complaint makes it obvious that this lawsuit centers around the conduct of the law firm GIRARDI KEESE ("GK") and its sole proprietor Thomas Girardi. [*See* Complaint, paras. 1-23 and 40-65.] Plaintiff attempts to weave in contrived references to the remaining named defendants as participants in the "the Girardi Family Enterprise", but this utter conjecture belies reality. Both Mr. Girardi and GK are in bankruptcy. [*See* Central District of California Bankruptcy cases 2:20-bk-21022 and 2:20-bk-21020.]

Edelson could have named Mr. Girardi and the law firm in this action if they sought and obtained permission from the bankruptcy court. Moreover, Edelson could have brought this action as an adversary proceeding in the bankruptcy actions. However, Edelson did not do so. In lieu of taking any steps to seek leave from the bankruptcy court to include and pursue the only legitimate defendants in this case, GK and Thomas Girardi, Plaintiff simply omits them, pretending they are not necessary or indispensable parties. However, the contrary is self-evident.  Not only are Mr. Girardi and his law firm indispensable parties, but they are also the only two responsible parties that should answer these claims.

For the reasons stated more fully below, Defendant Keith Griffin respectfully requests that this Court dismiss this case, or in the alternative, stay this action until the resolution of the bankruptcy proceedings.

DEFENDANT KEITH GRIFFIN'S MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

ROSEN ◇ SABA, LLP

## II.    STATEMENT OF FACTS

Edelson PC filed this lawsuit on July 6, 2022 alleging a vast conspiracy of malfeasance surrounding the fall of GK and its proprietor Thomas Girardi, who is noticeable absent from the list of Defendants in this case. This is not the first complaint that Edelson PC has filed against Girardi and its employees, relating to the same transactions and occurrences.  [*See* United States District Court, Northern District of Illinois, *Edelson v. Girardi*, case number 20-cv-7115.]  Edelson did sue Thomas Girardi and Girardi Keese in the Northern District of Illinois case.  Edelson also sued Mr. Griffin and Mr. Lira in that matter.

The instant complaint fails to name the two center pieces of Plaintiff's story, namely Thomas Girardi and his law firm GK. Mr. Girardi and the law firm entered bankruptcy on December 18, 2020. [*See* Central District of California Bankruptcy actions 2:20-bk-21020 and 2:20-bk-21022.] The hundreds of allegations in the Complaint focus almost entirely on the alleged "Girardi Family Enterprise".  It is impossible to read the instant complaint without questioning how justice could be served without the participation of Girardi and his law firm. More importantly, Mr. Griffin's due process rights are denied if Mr. Girardi is not part of this litigation since he is the culpable party.

Mr. Girardi and the law firm are indispensable parties, and the instant complaint should be dismissed for failure to include them.

## III.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(7) and 19(a)-(b), a complaint should be dismissed if it fails to join a necessary and indispensable party and joinder of that party would destroy jurisdiction. *See Camacho v. Major League Baseball*, 297 F.R.D. 457, 460 (S.D.Cal.2013). Determining whether a case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) and 19(a)-(b) imposes a three-step inquiry. *See Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179

2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

ROSEN ◇ SABA, LLP

(9th Cir.2012) (citing *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779-80 (9th Cir.2005)). First, the court must determine if the party is necessary under Rule 19(a). Id. Second, if the party is necessary the court must determine whether joinder of that party is feasible. Id. Finally, if the party is necessary and their joinder is not feasible, the court must determine if the matter can proceed without the absent party. *Id.*

A motion to dismiss for failure to join a necessary and indispensable party requires a practical and fact specific inquiry. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (*citing Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118- 19, 88 S.Ct. 733, 742-43, 19 L.Ed.2d 936 (1968). "To determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside the pleadings." *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960).

## IV.   ARGUMENT

### A.   *Mr. Girardi and GK Are Indispensable Parties.*

A party may be necessary under Rule 19(a) in three different ways. *See Salt River Project*, 672 F.3d at 1179 (9th Cir.2012). First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties. *Id.* (citing FRCP Rule 19(a)(1)(A)). Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest. Id. (citing FRCP Rule 19(a)(1)(B)(i)). Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest. Id. (citing FRCP Rule 19(a)(1)(B)(ii)).

It is inconceivable that this action could proceed without the inclusion of Thomas Girardi and his former law firm GK. Under Rule 19(a), Defendant Griffin can not obtain the appropriate relief, as he is unable to seek indemnity from his employer GK. At all times mentioned in the complaint, Mr. Griffin was an employee

1    of GK and is entitled to indemnification from his employer.  *See* Complaint, para.

2    28; see also Cal. *Labor Code* sec. 2802(a).

3        Under Rule 19(b), indispensable parties are "persons who not only have an

4    interest in the controversy, but an interest of such a nature that a final decree cannot

5    be made without either affecting that interest or leaving the controversy in such a

6    condition that its final termination may be wholly inconsistent with equity and good

7    conscience." *Camacho*, 297 F.R.D. at 463 (quoting *Shields v. Barrow*, 58 U.S. 130,

8    139, 17 How. 130, 15 L.Ed. 158 (1854)). There is simply no way that Mr. Griffin

9    can obtain appropriate relief without the inclusion of Mr. Girardi and GK and the

10   opportunity to seek indemnification.

11       Rule 19(a) sets forth three circumstances in which joinder is not feasible: (1)

12   when venue is improper; (2) when the absentee is not subject to personal

13   jurisdiction; and (3) when joinder would destroy subject matter jurisdiction. See

14   *Camacho*, 297 F.R.D. 457, 462-463 (S.D.Cal.2013) (citing *Equal Emp. Opportunity*

15   *Comm'n v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir.2005)).

16       As it is evident that Mr. Girardi and GK are necessary and indispensable

17   parties, Edelson must show that adding them to this action is feasible. When seeking

18   relief under Rule 12(b)(7) "[t]he movant bears the initial burden of demonstrating

19   that an absent person or entity is a required party, but if an initial appraisal of the

20   facts demonstrates the absent person or entity is required, the burden is shifted to the

21   opponent of joinder." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 273

22   F.R.D. at 385 (citing *Hood v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)

23   (quoting *13 Pulitzer- Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986));

24   *Ranger Ins. Co. v. United Hous. of New Mexico, Inc.*, 488 F.2d 682, 683 (5th Cir.

25   1974)).

26       However, as discussed, Edelson has failed to seek leave from the bankruptcy

27   court to pursue Girardi and GK in this lawsuit. Therefore, the automatic stay remains

28   in place and the debtors cannot be added to this lawsuit.  As a result, Edelson cannot

ROSEN ◇ SABA, LLP
2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

DEFENDANT KEITH GRIFFIN'S MOTION TO DISMISS

1  establish that joinder of Girardi and GK is feasible and Edelson's claims must be
2  dismissed.

3      **B.    In the Alternative, This Case Should Be Stayed Until Completion of**
4            **the Bankruptcy Proceedings.**

5      Pursuant to 11 U.S.C.A. §362(a)(1) the filing of an involuntary bankruptcy
6  petition under 11 U.S.C.A. §303 operates as a stay of the continuation of judicial or
7  other actions against the debtor that were commenced before the commencement of
8  the bankruptcy or to recover a claim against the debtor that arose before the
9  commencement of the bankruptcy. Similarly, pursuant to 11 U.S.C.A. §362(a)(3)
10 any act to obtain possession of property of the bankruptcy estate or to exercise
11 control over property of the estate is stayed.

12     The stay protects creditors from acting unilaterally in self-interest to obtain
13 payment from a debtor to the detriment of other creditors. *See*, *Assoc. of St. Croix*
14 *Condominium Owners v. St. Croix Hotel Corp.*, 682 F. 2d 446, 448 (3d Cir. 1982).
15 The stay "protect[s] the bankrupt's estate from being eaten away by creditors'
16 lawsuits and seizures of property before the trustee has had a chance to marshal the
17 estate's assets and distribute them equitably among the creditors." *See*, *Martin-*
18 *Trigona v. Champion Fed. Sav. & Loan Assoc.*, 892 F.2d 575, 577 (7th Cir. 1989).

19     The scope of the protection is determined not just by who is named in a
20 proceeding but by who the party is with the real interest in the litigation. Pursuant to
21 Section 362(c)(2) the stay continues until the earliest of (A) the time the case is
22 closed; (B) the time the case is dismissed; or (C) the time a discharge is granted or
23 denied. Absent relief from the stay, judicial actions and proceedings against the
24 debtor or which affect the debtor's estate are void ab initio.

25     The Ninth Circuit has recognized that the stay may extend to codebtors or
26 codefendants where "there is such identity between the debtor and the third-party
27 defendant that the debtor may be said to be the real party defendant and that a
28 judgment against the third-party defendant will in effect be a judgment or finding

ROSEN ◊ SABA, LLP
2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

DEFENDANT KEITH GRIFFIN'S MOTION TO DISMISS

1    against the debtor.'" *United States v. Dos Cabezas*, 995 F.2d 1486, 1491, n. 3 (9th

2    Cir.1993) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986); *In*

3    *re Circle K Corp.*, 121 Bankr.257, 259 (Bankr.D.Ariz.1990); *In re Family Health*

4    *Service*, 105 Bankr.937, 943 (Bankr.C.D.Cal.1989)).

5           In *Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009), the Ninth Circuit

6    reaffirmed this analysis by holding: "[I]f the liability of the non-debtor party were to

7    affect the property of the bankruptcy estate, such as by a requirement that the debtor

8    indemnify the non-debtor ... it may be necessary for the plaintiff in such a case to

9    proceed against the non-debtor party through bankruptcy proceedings." (Citations

10   omitted.)

11          An example of "such a situation would be a suit against a third-party who is

12   entitled to absolute indemnity by the debtor on account of any judgment that might

13   result against them in the case. To refuse application of the statutory stay in that case

14   would defeat the very purpose and intent of the statute." *A.H. Robins Co., Inc. v.*

15   *Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).[1] Here, Mr. Griffin has a right of

16   indemnification against GK and/or Mr. Girardi under equitable principles of law,

17   and has a statutory right to indemnification under California's Labor Code.

18   Additionally, Section 362(a)(3) directs stays of any action, whether against the

19   debtor or third parties, to obtain possession or to exercise control over property of

20   the debtor. Here, as plead, the funds are or were in the possession of debtor GK.

21   Moreover, there is no question that GK funds in the possession of GK are now

22   property of its bankruptcy estate.

23          Allowing Edelson to proceed against Mr. Griffin in this matter would violate

24   the spirit of Section 362 and allow it to circumvent the purpose of the automatic

25   ───────────────

26   [1] Since *Robins*, courts have clarified that absolute indemnity is not required and that
     the possibility of a right to indemnification is sufficient. See, *In re Sudbury, Inc.*, 140
27   B.R.461, 464 (Bankr. N.D. Ohio 1992) and *In re American Film Technologies, Inc.*, 175
     B.R. 847, 851-855 (Bankr. D. Del. 1994) (applying the "unusual circumstances" exception
28   even though there were questions as to the enforceability of the indemnity obligation
     because of alleged fraud on the part of individual officers and directors.)

ROSEN ◇ SABA, LLP
2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

stay. Edelson's purported purchased fraud claims in this action are rooted in the conduct of Mr. Girardi, not the employee defendants. No derivative finding could be established against the employee defendants without an initial finding against Mr. Girardi and GK. In truth and in fact, GK is the party with the real interest in this litigation.

As such, the claims against the employees and GK are inextricably interwoven. Litigation of their liability requires litigation of Mr. Girardi and GK's liability. Under the rule in *Robins* and the cases which followed it, where the debtor's interests are impossible to separate from the claims against the non-debtor, a stay of proceedings is an appropriate remedy.

Finally, proceeding in the instant action could result in conflicting judgments. There is no question that the automatic stay precludes Edelson from proceeding further against GK or Mr. Girardi without leave of the bankruptcy court. Thus, in order to adjudicate GK's and Girardi's liability, Edelson will need to file a creditor's claim in the main bankruptcy case, obtain relief from the stay, and/or institute an adversary proceeding in the GK/Girardi bankruptcies. The claims which need to be adjudicated in the bankruptcy court would necessarily be identical to the claim filed in this action. Resolution of identical claims in two different forums risks inconsistent judgments and would be a waste of judicial resources. A stay is appropriate in this case until the claims resolution process in the bankruptcy proceeding has been completed or at minimum until Edelson obtains relief from the stay.

Where a debtor and non-debtor are bound by statute or contract such that the liability of the non-debtor is imputed or shifted to the debtor by operation of law, the intent to provide relief to debtors with a stay would be frustrated by permitting indirectly what is expressly prohibited in the code. "Clearly the debtor's protection must be extended to enjoin litigation against others if the result would be binding upon the debtors estate." *A. H. Robins*, *supra,* 788 F. 2d 994 (4th Cir1986) at 999,

ROSEN ◇ SABA, LLP
2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

1    citing *In re Metal Center, Inc*. 31 B.R. 458, 462 (Bankr. D. Conn. 1983.)

2         Pursuant to California *Labor Code* §2802(a) "[a]n employer shall indemnify

3    his or her employee for all necessary expenditures or losses incurred by the

4    employee in direct consequence of the discharge of his or her duties…" California

5    *Labor Code* §2802 requires an employer to indemnify an employee who is sued by

6    third persons for conduct in the course and scope of his or her employment,

7    including paying any judgment entered and attorneys' fees and costs incurred in

8    defending the action. *Cassady v. Morgan, Lewis & Bockius*, LLP, 145 Cal.App.4th

9    220, 230 (2006).

10        Here a judgment in favor of Edelson would affect the Girardi bankruptcy

11   estate, since under California law, a verdict in favor of Edelson against Mr. Griffin

12   would automatically trigger indemnification liability against Girardi Keese.

13   Therefore, the action is in effect one against the debtor and as such would qualify

14   for relief under §362(a)(1).

15        Mr. Griffin's claim for indemnity against GK would ordinarily take the form

16   of a compulsory cross-claim against GK. However, the automatic stay precludes Mr.

17   Griffin from pursuing that claim here. Thus, allowing the case against Mr. Griffin to

18   proceed here would severely prejudice Mr. Griffin, and would require him to

19   proceed in two different forums. Exposing Mr. Griffin to liability here and denying

20   him indemnification relief at the same time would impermissibly interfere with his

21   indemnity rights and his due process rights.

22        "[I]f the indemnitee, who has suffered a judgment for which he is entitled to

23   be absolutely indemnified by the debtor, cannot file and have allowed as an

24   adjudicated claim the actual amount of the judgment he has secured but must submit

25   his claim for allowance in the bankruptcy proceeding with the prospect that his

26   claim may not be allowed in the full amount of the judgment awarded in favor of

27   him, the indemnitee will be unfairly mulcted by inconsistent judgments and his

28   contract of indemnity in effect nullified." *A.H Robins, supra,* 788 F. 2d 994,1000

ROSEN ◇ SABA, LLP

2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

DEFENDANT KEITH GRIFFIN'S MOTION TO DISMISS

1
2

(4th Cir. 1986).

3  **V.    CONCLUSION**

4        It would be unfair and prejudicial to the Girardi Keese employee defendants
5  to defend this case in the absence of their former employer, who has an obligation to
6  provide them with complete indemnity.  Plaintiff has taken no steps to seek leave
7  from the bankruptcy court to pursue this action or file an adversary proceeding
8  against Mr. Girardi or the law firm.  Without their participation, Mr. Griffin cannot
9  obtain complete relief without the participation of Mr. Girardi and his former
10 employer. For these and the reasons discussed herein, Defendant Griffin respectfully
11 requests that this Court dismiss this case for failing to join indispensable parties, or
12 in the alternative, stay this case until the resolution of the Girardi bankruptcy.

13

14 DATED:  September 21, 2022              ROSEN ◇ SABA, LLP

15                                        By:   s/ Ryan D. Saba

16                                        RYAN D. SABA
17                                        Attorneys for Defendant,
                                          KEITH GRIFFIN
18
19
20
21
22
23
24
25
26
27
28

ROSEN ◇ SABA, LLP

2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245

DEFENDANT KEITH GRIFFIN'S MOTION TO DISMISS