ROSEN ✧ SABA, LLP
RYAN D. SABA, ESQ. (State Bar No. 192370)
rsaba@rosensaba.com
2301 Rosecrans Ave., Suite 3180
El Segundo, CA 90245
Telephone: (310) 285-1727
Fax: (310) 285-1728

Attorneys for Defendant,
Keith Griffin

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation,<br><br>Defendants. | Case No, 22-cv-03977-SK<br>*Honorable Sallie Kim*<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF RYAN D. SABA IN SUPPORT THEREOF**<br><br>Complaint filed: July 6, 2022<br><br>Hearing Date:  November 7, 2022<br>Hearing Time:  9:00 a.m.<br>Courtroom:       C |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 7, 2022, at 9:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Sallie Kim in Courtroom C, located at 450 Golden Gate Ave., San Francisco, CA 94102. Defendant Keith Griffin will move to transfer the above-captioned case to the United States District Court, Central District of California, pursuant to 28 U.S.C. § 1404(a) for the convenience of the witnesses and parties and in the interests of justice.

This Motion is based upon this Notice, the Memorandum of Points and Authorities below, the Declaration of Ryan D. Saba submitted herewith, the pleadings, and such other matters as the Court may deem appropriate in deciding this Motion.

Prior to filing this Motion, Counsel for Mr. Keith Griffin requested that Plaintiff stipulate to a transfer, however, Plaintiff refused to do so.

This motion is based upon the Notice of Motion; the accompanying Memorandum of Law in Support of the Motion to Transfer Venue; and any oral argument requested by this Court.

Dated: September 21, 2022

Respectfully submitted,

/s/ Ryan Saba
Rosen Saba LLP
2301 Rosecrans Ave., Suite 3180
El Segundo, CA 90245
Telephone: (310) 285-1727
Fax: (310) 285-1728
rsaba@rosensaba.com

Attorneys for Defendant, Keith Griffin, an individual

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Keith Griffin respectfully submit this memorandum of points and authorities in support of this motion to transfer the above-captioned case to the Central District of California, pursuant to 28 U.S.C. § 1404(a). No Defendants reside in the Northern District of California. Further, no alleged acts took place in the Northern District.

### I.   INTRODUCTION

This case does not belong in this District. None of the Defendants reside in this District and none of the alleged conduct occurred in this District. Edelson PC is a Chicago-based law firm with a satellite office in San Francisco. Notably, none of the conduct alleged in this complaint took place or had any relation to Edelson's satellite office in San Francisco. The case against Mr. Griffin and the other Defendants has no proper reason to be venued in the Northern District.

Rather than sue Mr. Griffin and the other Defendants in the Central District of California, where the case should have been filed, Edelson PC engaged in forum shopping. It contrived a justification to sue in the Northern District by referencing its satellite office in San Francisco, despite knowing that there were no transactions or occurrences relating to the allegations in the complaint which involve the satellite office.

The key factors which the 9th Circuit measure transfer point to the Central District of California as the proper forum for this lawsuit. The witnesses and documents relevant to the accused Defendants are centered in Los Angeles, within the epicenter of the Central District. Edelson's principal office is in Chicago and its likely witnesses are in Chicago. This Court and its jurors should not be required to adjudicate a dispute that belongs in the Central District, and Defendants should not be forced to incur undue expense to litigate in an improper District.

For the reasons stated more fully below, Defendant Keith Griffin respectfully request that this Court transfer the case to the Central District of California.

## II.  STATEMENT OF FACTS

Edelson PC filed this lawsuit on July 6, 2022 alleging a vast conspiracy of malfeasance surrounding the fall of Girardi Keese and its proprietor Thomas Girardi, who is noticeable absent from the list of Defendants in this case. Notably, this is not the first complaint that Edelson PC has filed against Girardi and its employees, relating to the same transactions and occurrences. *See* 20-cv-7115 (USDC Ill.).

The instant complaint fails to allege any particular or significant connection that Mr. Griffin, a former employee of Girardi Keese, or any of the other Defendants have with the Northern District of California. Despite the hundreds of allegations presented in the complaint, there are no allegations of any fact, witness or any other material occurrence that would confer venue jurisdiction in the Northern District.

## III.  LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The district court is granted broad discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)).

In assessing the merits of a motion to transfer, a court must first decide whether the action "might have been brought" in the district to which transfer is sought. *Blankenship v.Medtronic, Inc.*, No. 12-cv-7884, 2013 WL 3322031, at *2 (C.D. Cal. June 7, 2013). Then, the court must balance private and public interest factors. District courts in the Ninth Circuit may consider a number of factors in determining whether to grant a motion to transfer:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with

NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Jones, 211 F.3d at 498-99 (internal citations omitted). In addition, courts in the Ninth Circuit consider factors such as court congestion and the local interest in resolving localized controversies in the forum. See *Starbucks Corp. v. Wellshire Farms, Inc.*, No. 13-cv-1170, 2013 WL 6729606, at *5 (W.D. Wash. Dec. 18, 2013) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

The convenience of litigants and witnesses is a key consideration in this analysis. *Denver & Rio Grande Western Ry. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 560 (1967); *A.J. Industries v. U.S. District Court*, 503 F.2d 384, 386-87 (9th Cir. 1974); Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009) (convenience weighed in favor of transfer to forum where majority of potential witnesses were located); *Arete Power, Inc. v. Beacon Power Corp.*, No. CV 07-5167 WDB, 2008 WL 508477, at *9 (N.D. Cal. 2008) ("But as [plaintiff's] witnesses do not reside in this district, they would be inconvenienced by travel regardless of where the case is tried.").

## IV.   ARGUMENT

### A.   *This Case Could Have Been Filed in the Central District of California*

There is no question that Edelson PC could have filed this case in the Central District of California. All Defendants, except Joseph Dinardo and California Attorney Lending II, Inc. (who are residents of New York), reside in Los Angeles, California. The allegations in Plaintiff's complaint surround the Girardi Keese law firm and Thomas Girardi, who are both residents of Los Angeles, California. A plain reading of the subject complaint leaves no doubt that the allegations are centered around Los Angeles, California.

NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

B.  **The § 1404(a) Factors Favor Transfer to the Central District of California**

  1.  **Plaintiff's Choice of Forum Is Entitled to Little Weight**

The plaintiff's choice of forum "is not dispositive and must be balanced against other factors of convenience." *Knapp v. Wachovia Corp.*, 2008 U.S. Dist. LEXIS 41000, 5, 2008 WL 2037611 (N.D. Cal. May 12, 2008). The deference afforded a plaintiff's choice of forum "is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)); *Allstar Mktg. Group, LLC v. Your Store Online*, LLC, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009*); Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)) (internal quotations and citations omitted). Edelson PC's venue allegation are found at paragraphs 35-39 of the operative complaint:

> 35. Venue is proper in this judicial District pursuant to 28 U.S.C. §1391(b) because Plaintiff maintains an office and conducts business in this District and a substantial part of the events giving rise to the claims alleged occurred in this District.
>
> 36. Venue is also proper under 18 U.S.C. § 1965(a) and (b) because Lira and Griffin transacted their affairs in this District, including by litigating cases in this District and by traveling to this District for the purpose of conducting business.
>
> 37. Lira traveled to this District to transact his affairs on or about March 19, April 19, May 6, June 13, and August 9, 2019.
>
> 38. Griffin traveled to this District to transact his affairs on or about October 26, 2019. He also litigated Licea v. Facebook, No. 3:19-cv-00117 (N.D. Cal.) and Adkins v. Facebook, No. 3:18-cv-05982 (N.D. Cal.) in this District.
>
> 39. On September 11, 2020, while physically present in this District, Griffin sent a

lulling email to Septiana Damayanti in furtherance of the conspiracy described in this complaint.

The mere fact that Edelson maintains a San Francisco satellite office staffed by one attorney does not amount to "a substantial part of the events giving rise to the claims alleged" having occurred in the Northern District. The allegations of the complaint demonstrate that the events at issue involve Thomas Girardi and Girardi Keese and events that occurred in Mr. Girardi's Los Angeles law firm. This sham boilerplate allegation is entirely controverted by the 300-plus allegations in the complaint which demonstrate no connection to the Northern District.

Edelson attempts to confer venue by alleging that Mr. Lira and Mr. Griffin were involved as lawyers in other cases in the Northern District over the years. To be clear, the cases that Edelson mentions do not relate in any way to the subject dispute. The fact that Griffin and Lira have been to the City of San Francisco at some point in history is not relevant or persuasive for purposes of analyzing proper venue.

Edelson's final allegation of venue concerns Mr. Griffin allegedly sending an email from the Northern District is both unsubstantiated and yet again irrelevant for purposes of determining venue. The oblique reference to this email does not appear anywhere in the substantive allegations of the complaint, further demonstrating the sham nature of the allegation.

2. **The Parties' Minimal Contacts with the Northern District of California and Substantial Contacts with the Central District of California Weigh Strongly in Favor of Transfer**

The respective parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the chosen forum both favor transfer. The center of gravity of the accused activity is the former Girardi Keese law firm in Los Angeles, California.

The majority of the Defendants named in this case are residents of Los Angeles, California, the center of gravity in this case. *See* Complaint (Docket Entry 1), paras. 24-33. As a consequence, attending a trial in any of the courthouses in the Central District of

California is far less burdensome to the Defendants and potential witnesses, as they could work out of their local office when not required for trial.

By contrast, being required to attend a trial in the Northern District of California would require travel and leaves of absence, even on days when that witness is not required for trial. Girardi's conduct and the documents related to said conduct are now held by the bankruptcy trustee in Los Angeles, California. The vast majority of the likely witnesses are located in the Central District of California. There is simply no significant or even relevant connection between the Central District of California and the allegations of the Complaint. Because the parties' contacts with the Northern District of California are minimal while the contacts with the Central District of California are substantial, these factors weigh in favor of transfer.

### 3. Comparing Costs of Litigation in the Two Forums Favors Transfer

This factor, which takes into account the convenience of potential witnesses and the costs of litigation, favors transfer. Courts have recognized that "litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions." *Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003); see Blankenship, 2013 WL 3322031, at *4 (given that plaintiff resided in Missouri and potential witnesses, third party witnesses, and documents were located there, litigation costs were likely to be lower in Missouri). Moreover, the convenience of witnesses is frequently described as the "most important factor to be considered in ruling on a motion under § 1404(a)." *Metz,* 674 F. Supp. 2d at 1147 (quoting *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005)). The majority of the Defendants and potential witnesses in this case, which surrounds the conduct of Thomas Girardi and his law firm Girardi Keese, are all centered in Los Angeles, California.

### 4. Access to Sources of Proof Strongly Favors Transfer

None of the transactions or occurrences relating to this dispute took place in the Northern District. There are no documents maintained in the Northern District. There are

no witnesses residing in the Northern District. Again, all of the relevant evidence to this dispute is located in Los Angeles, California in the Central District.

**5. Localized Interest in the Controversy Favors Transfer**

To the extent this dispute can be construed as one giving rise to a localized interest in this dispute, the Central District of California, not this District, has such an interest as explained above. Courts have recognized that the "center of activity" determines which district has a local interest in resolving the dispute. See *Sandvik Intellectual Prop. AB v. Kennametal Inc.*, No. 1:09CV163, 2010 WL 1924504, at *6 (W.D.N.C. May 12, 2010); see also *Opius Technologies, Ltd. v. Sears Holding Corp.*, No.11-cv-8539, 2012 WL 2280696, at *7 (N.D. Ill. June 15, 2012) (concluding that the transferee district had a localized interest in the controversy given that the defendants were headquartered in that district).

As stated above, the vast majority of the Defendants reside in the Central District and the virtual entirety of the allegations in the complaint surround occurrences in the Central District.. Thus, the Central District of California, not this District, has a localized interest in this dispute.

**6. Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses Favors Transfer**

Again, as all of the alleged conduct and the vast majority of the Defendants reside in the Central District, availability of compulsory process favors transfer to the Central District.

**7. The Remaining Factors Also Favor the Central District.**

   **a. Location Where the Relevant Agreements Were Negotiated and Executed**

This dispute centers on an attorney co-counsel agreement between Girardi Keese and Edelson PC which was negotiated and drafted in Los Angeles, California.  This factor weighs heavily on transfer to the Central District.

   **b. State That Is Most Familiar with the Governing Law**

This factor is neutral. District courts are equally equipped to apply the law at issue

in the case, and both this Court and the Central District courts are located in California.

### c. Court Congestion Is a Neutral Factor

"Courts have held [] that 'docket considerations alone cannot be the primary reason for retaining a case ... The interests of justice are not served by such blatant forum shopping.'" *Cheah IP*, 2008 U.S. Dist. LEXIS 108730, *11 (citing *Telepharmacy Solutions v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 744 (E.D. Val. 2003)). This factor is not an issue for the instant motion.

## V. CONCLUSION

The locus of this case is the Central District of California, not the Northern District of California, which has no relevant connection to this dispute. The vast majority of the Defendants reside in Los Angeles, California, where the bulk of the witnesses and documents are also located. Likely Edelson PC witnesses are located outside of California (as it is a Chicago-based law firm, mooting any preference between this District and the Central District). For these and the reasons discussed herein, Defendant Griffin respectfully requests that this Court transfer this case to the Central District of California.

Respectfully submitted,

ROSEN ✦ SABA, LLP

Dated: September 21, 2022        /s/ Ryan Saba_____

RYAN SABA, ESQ.
Attorneys for Defendant Keith Griffin