1  EVAN C. BORGES, State Bar No. 128706
    *EBorges@GGTrialLaw.com*
2  DAVID T. SHACKELFORD, State Bar No. 318149
    *DShackelford@GGTrialLaw.com*
3  AMIR A. SHAKOORIAN, State Bar No. 324442
    *AShakoorian@GGTrialLaw.com*
4  GREENBERG GROSS LLP
   650 Town Center Drive, Suite 1700
5  Costa Mesa, California 92626
   Telephone: (949) 383-2800
6  Facsimile: (949) 383-2801

7  Attorneys for Defendants Erika Girardi and EJ
   Global, LLC

8

                  **UNITED STATES DISTRICT COURT**

9

       **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11

12  EDELSON PC, an Illinois professional
    corporation,

13               Plaintiff,

14       v.

15  DAVID LIRA, an individual, KEITH
    GRIFFIN, an individual, ERIKA GIRARDI
16  a/k/a ERIKA JAYNE, an individual, EJ
    GLOBAL, LLC, a California limited liability
17  company, CHRISTOPHER KAMON, an
    individual, GEORGE HATCHER, an
18  individual, WRONGFUL DEATH
    CONSULTANTS, a California corporation,
19  JOSEPH DINARDO, an individual,
    CALIFORNIA ATTORNEY LENDING II,
20  INC., a New York corporation,

21               Defendants.

Case No. 3:22-cv-03977-SK

**DEFENDANTS ERIKA GIRARDI AND EJ
GLOBAL, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF
EDELSON PC'S COMPLAINT;
MEMORANDUM OF POINTS AND
AUTHORITIES**

*Filed Concurrently with [Proposed] Order*

Complaint Filed: July 6, 2022
Motion Date: November 7, 2022
Motion Time: 9:30 a.m.
Courtroom: C

Hon. Sallie Kim

Trial Date:          None Set

22

23

24

25

26

27

28

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on November 7, 2022 at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom C of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102-3489, the Honorable Sallie Kim presiding, defendants Erika Girardi ("Ms. Girardi") and EJ Global, LLC ("EJ Global," together with Ms. Girardi, "EG Defendants") will, and hereby do, move this Court to dismiss the complaint ("Complaint") of Edelson PC ("Edelson" or "Plaintiff") for failure to state a cause of action and failure to join an indispensable party pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7).

    Specifically, by this motion, Ms. Girardi and EJ Global request that the Court:

    1. Dismiss the Second Claim for RICO Conspiracy pursuant to 18 U.S.C. § 1962(d) for failure to state a claim against the EG Defendants;

    2. Dismiss the Third Claim for Receipt of Stolen Property under California Penal Code § 496(c) for failure to state a claim against the EG Defendants.

    3. Dismiss the entire Complaint for failure to join an indispensable party pursuant to Fed. R. Civ. Proc. 12(b)(7).

    This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, and upon such additional argument and evidence as may be presented at or before the Court's decision on the motion.

DATED:  September 21, 2022        GREENBERG GROSS LLP

By: _____
       Evan C. Borges
       David T. Shackelford
       Amir A. Shakoorian
       Attorneys for Defendants Erika Girardi and EJ Global, LLC

-2-    Case No. 3:22-cv-03977-SK

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

2

3    I.      INTRODUCTION ..............................................................................................8

4    II.     SUMMARY OF RELEVANT ALLEGATIONS AS TO THE EG DEFENDANTS .........10

5            A.      Plaintiff's Conclusory Allegations Against the EG Defendants ...........................10

6            B.      Plaintiff's Attempt to Minimize its Role................................................10

7            C.      No Further Factual Allegations Against EG Defendants ........................................11

8    III.    LEGAL STANDARD ..........................................................................................11

9            A.      Federal Rule 12(b)(6) .......................................................................11

10           B.      Federal Rule 9(b).............................................................................12

11   IV.     ARGUMENT .......................................................................................................14

12           A.      Plaintiff Cannot Maintain a RICO Conspiracy Claim Because the
                     Underlying RICO Claim is Not Adequately Pleaded................................14

13           B.      Plaintiff Fails to Adequately Allege a RICO Conspiracy Claim Against the
14                   EG Defendants ...........................................................................15

15                  1.       Plaintiff Fails to Show the EG Defendants' Knowledge of the
                             "Nature and Scope" of the Alleged Scheme. ................................15
16
17                  2.       Plaintiff Fails to Allege the EG Defendants' Agreement to
                             Participate in the Alleged Scheme. ............................................17

18                  3.       Plaintiff Fails to Adequately Allege RICO Proximate Cause Against
                             the EG Defendants. ....................................................................18
19
20                           (a)     The EG Defendants Did Not Cause Plaintiff's Injuries. .................19

21                           (b)     Others Were Directly Responsible for Plaintiff's Losses. ..............20

22           C.      Plaintiff Fails to Adequately Allege Receipt of Stolen Property by the EG
                     Defendants.....................................................................................20

23                  1.       Plaintiff Fails to Allege that the Funds Received by the EG
                             Defendants Were Stolen.............................................................22
24
25                  2.       Plaintiff Fails to Allege that the EG Defendants Knew the Funds
                             were Stolen. ..............................................................................22

26           D.      Plaintiff Fails to Join Required Parties Thomas Girardi and GK............................23

27   V.      CONCLUSION .....................................................................................................25

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*AdTrader, Inc. v. Google,*
5      LLC, 2018 WL 3428525 (N.D. Cal. July 13, 2018) ................................................................ 21

6

*Anza v. Ideal Steel Supply Corp.,*
       547 U.S. 451 (2006) ............................................................................................................... 19
7

*Ashcroft v. Iqbal,*
8      556 U.S. 662 (2009) ................................................................................................... 12, 16, 23

9

*Baumer v. Pachl,*
10     8 F.3d (9th Cir. 1993) ....................................................................................................... 15, 17

11

*Beck v. Prupis,*
       529 U.S. 494 (2000) ............................................................................................................... 14
12

*Bell Atlantic Corp. v. Twombly,*
13     550 U.S. 544 (2007) ......................................................................................................... 12, 18

14

*Bell v. Feibush,*
15     212 Cal. App. 4th 1041 (2013) .............................................................................................. 21

16

*U.S. ex rel. Bogina v. Medline Indus., Inc.,*
       809 F.3d 365 (7th Cir. 2016) ................................................................................................. 23
17

*Boruta v. JPMorgan Chase Bank, N.A.,*
18     No. 19-CV- 03164-WHO, 2019 WL 4010367 (N.D. Cal. Aug. 26, 2019) ............................ 23

19

*Brouwer v. Raffensperger, Hughes & Co.,*
20     199 F.3d 961 (7th Cir. 2000) ................................................................................................. 17

21

*Canyon County v. Syngenta Seeds, Inc.,*
       519 F.3d 969 (9th Cir. 2008) ............................................................................................ 19, 20
22

*Castillo-Cruz v. Holder,*
23     581 F.3d 1154 (9th Cir. 2009) ............................................................................................... 20

24

*Conservation Force v. Salazar,*
       646 F.3d 1240 (9th Cir. 2011) ............................................................................................... 11
25

*Curtis & Assoc. v. Bushman,*
26     758 F. Supp 2d 153 (E.D.N.Y. 2010) .................................................................................... 13

27

*Grouse River Outfitters Ltd v. NetSuite, Inc.,*
28     2016 WL 5930273 (N.D. Cal. Oct. 12, 2016) ....................................................................... 21

*Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*,
    747 F.2d 384 (7th Cir. 1984), aff'd, 473 U.S. 606 (1985)......................................................18

*Harrell v Peabody*,
    546 Fed 2d 1227, 1229 (5th Cir 1977) ...................................................................................24

*Holmes v. Sec. Investor Prot. Corp.*,
    503 U.S. 258 (1992) ....................................................................................................18, 19

*Howard v. Am. Online Inc.*,
    208 F.3d 741 (9th Cir. 2000)..................................................................................................14, 15

*Imagineering, Inc. v. Kiewit Pac. Co.*,
    976 F.2d 1303 (9th Cir. 1992), cert. denied, 507 U.S. 1004 (1993) ..........................18, 19, 20

*Jenkins v. Commonwealth Land Title Ins. Co.*,
    95 F.3d 791 (9th Cir. 1996)...............................................................................................22

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)...........................................................................................13

*Living Designs, Inc. v. E.I. Dupont de Nemours*
    431 F.3d 353, 361 (9th Cir. 2005)......................................................................................14

*Local 1351 Int'l Longshoremens Ass'n v. Sea-Land Service Inc.*,
    214 F3d 566 (5th Cir. 2000)...............................................................................................24

*Nike v Commercial Iberica*,
    20 Fed 3d 987, 991 (9th Cir 1994) ....................................................................................24

*O'Malley v. O'Neill*,
    887 F.2d 1557 (11th Cir. 1989), cert. denied, 496 U.S. 926 (1990) ..................................18

*Oscar v. Univ. Students Co-op. Ass'n*,
    965 F.2d 783 (9th Cir. 1992), *abrogated on other grounds by Diaz v. Gates*,
    420 F.3d 897 (9th Cir. 2005)..............................................................................................13

*Pack v. Hoge Fenton Jones & Appel, Inc.*,
    2013 U.S. Dist. LEXIS 4241, 2013 WL 140027 (N.D. Cal. Jan. 10, 2013) .........................13

*People v. Hartley*,
    248 Cal. App. 4th 620 (2016)..............................................................................................21

*People v. King*,
    81 Cal. App. 4th 472 (2000)................................................................................................20

*People v. Stuart*,
    77 Cal. Rptr. 531, 272 Cal.App.2d 653 (1969) ...................................................................20

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

*Pillsbury, Madison & Sutro v. Lerner*,
    31 F.3d 924 (9th Cir. 1994) ........................................................................ 18, 20

*Salinas v. United States*,
    522 U.S. 52 (1997) ........................................................................ 14, 15

*Salt River Project Agric. Improvement & Power Dist. v. Lee*,
    672 F.3d 1176 (9th Cir.2012) ........................................................................ 24

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) ........................................................................ 14

*Sedima, S.P.R.L v. Imrex Co.*
    473 U.S. 479 (1985) ........................................................................ 14, 18

*Smith v. Berg*,
    247 F.3d 532 (3d Cir. 2001) ........................................................................ 15

*In re Toyota Motor Corp.*,
    785 F. Supp. 2d 883 (C.D. Cal. 2011) ........................................................................ 13

*U.S. v. Flores*,
    901 F.3d 1150 (9th Cir. 2018) ........................................................................ 21

*United States v. Fernandez*,
    388 F.3d 1199 (9th Cir. 2004) ........................................................................ 15

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................................ 12, 13, 17, 21

*Wagh v. Metris Direct Servs., Inc.*,
    348 F.3d 1102 (9th Cir. 2003) ........................................................................ 13

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
    435 F.3d 989 (9th Cir. 2006) ........................................................................ 17

*In re Worlds of Wonder Sec. Litig*,
    694 F.Supp. 1427 (N.D. Cal. 1988) ........................................................................ 23

*Worldwide Travel, Inc. v. Travelmate US, Inc.*,
    2016 U.S. Dist. LEXIS 43942, - 23 (S.D. Cal. March 30, 2016) ........................................................................ 21

**Statutes**

Bankruptcy Code § 727 ........................................................................ 24

California Penal Code § 484 ........................................................................ 21

California Penal Code § 496 ........................................................................ 20, 21, 22

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

18 U.S.C. § 1964 ............................................................................................................ 18

**Other Authorities**

Cal. Rule of Professional Conduct 1.15 ....................................................................... 23

Fed. R. Civ. Proc. 8 ...................................................................................................... 18

Fed. R. Civ. Proc. 9 ................................................................................................. *passim*

Fed. R. Civ. Proc. 12 ............................................................................................... *passim*

Fed. R. Civ. Proc. 19 .................................................................................................... 24

Restatement (Second) of Torts § 431 (1965) ............................................................... 18

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

## I.    <u>INTRODUCTION</u>

3        Plaintiff Edelson PC ("Edelson") and the law firm Girardi Keese ("GK"), as co-counsel,

4   represented families of certain passengers in litigation against The Boeing Company arising out of

5   the 2018 Lion Air crash of a Boeing 737 Max in Indonesia.  The case settled in early 2020, after

6   which Edelson demanded from GK its claimed share of attorneys' fees under a fee-splitting

7   agreement that, as noted by Ms. Girardi in a brief filed in Bankruptcy Court in the Central District

8   in November 2021[1], did not comply with the ethical rules of either California or Illinois.  Thus, as

9   a matter of law, Edelson's fee-splitting agreement with GK was unethical, unenforceable, and void

10  as against the public policy of both California and Illinois.

11       In December 2020, after months of attempts to collect payment of its fee-split share from

12  GK, Edelson initiated contempt proceedings against Mr. Girardi and GK in the Boeing multi-

13  district litigation captioned *In Re: Lion Air Flight JT 610 Crash*, No. 18-cv-07686 (N.D. Ill.

14  November 2018).  In addition, Edelson filed a separate district court lawsuit in Illinois seeking to

15  recover its fees, naming as defendants Thomas Girardi, GK, other GK attorneys (David Lira and

16  Keith Griffin) as well as Ms. Girardi and EJ Global (the "Illinois Action").  *See Edelson PC v.*

17  *Girardi*, *et al*., No. 20-cv-07115 (N.D. Ill. December 2020).

18       In January 2022, Edelson dismissed Ms. Girardi and EJ Global from the Illinois Action

19  without prejudice, and entered into a tolling agreement with them, which included a provision that

20  if Edelson were to re-assert claims against Ms. Girardi and EJ Global, Edelson would file suit in

21  the state or federal courts in Los Angeles, California.  Next, and presumably in recognition of the

22  fact that Edelson had equal duties to the Lion Air clients to ensure they received their settlement

23  payments, Edelson caused its malpractice insurer to pay money to the clients, and entered into an

24  assignment agreement with the clients purporting to allow Edelson to bring claims against other

25  allegedly responsible parties.  This RICO action followed.  Edelson filed this action in the

26

27       [1] *See In re Thomas Girardi*, No. 20-bk-21020-BR (Dkt 280 filed 11/02/21) (Supplemental

28  Opposition of Party-In-Interest Erika Girardi to Edelson PC's Motion for Relief From The
    Automatic Stay Under 11 U.S.C. § 362).

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1    Northern District of California, notwithstanding the fact that:  (i) Edelson maintains only an

2    outpost office in the Northern District (Edelson's main office being in Illinois); (ii) no defendant

3    resides or works in the Northern District; (iii) none of the underlying transactions occurred in the

4    Northern District; and (iv) by filing in the Northern District, Edelson breached its agreement to a

5    Los Angeles venue in Edelson's tolling agreement with the EG Defendants.

6           Specifically, on July 6, 2022, Edelson filed this action on behalf of Lion Air families

7    against various individuals and entities – *except* its own former co-counsel Tom Girardi and GK.

8    The Complaint alleges that an intentionally fraudulent scheme spanning several years, if not

9    decades, led to GK's misappropriation of the Lion Air clients' settlement funds.

10          By this action, Edelson seeks to deflect and point the blame at everyone but itself, and

11   portrays itself as a victim rather than a liable party.  Incredulously, Edelson attempts to paint Ms.

12   Girardi, who undisputedly is not an attorney and never worked at the law firm, as an active and

13   knowing co-conspirator in an alleged RICO Ponzi scheme run out of the GK law firm by Mr.

14   Girardi and other lawyers and employees or contractors of the firm (i.e., David Lira, Keith Griffin,

15   Christopher Kamon, George Hatcher, and Wrongful Death Consultants (the "Ponzi Scheme

16   Defendants").  The reality is that Edelson, a law firm and co-counsel to GK, shared jointly in

17   GK's fiduciary duties to their mutual clients, and had an opportunity, much earlier than actually

18   occurred, to stand up in Court and say and do something about it.  Edelson owed *exactly the same*

19   *duties* to the Lion Air clients as GK.

20          Regarding the EG Defendants, the Complaint contains no allegations whatsoever,

21   including no *who, what, when*, *where* or *how*, as a basis for concluding that Ms. Girardi and EJ

22   Global – non-attorneys who undisputedly never worked at the law firm and never directed or

23   managed GK's finances – had any knowledge about, participated in, or somehow perpetrated a

24   conspiracy relating to GK's handling of client trust funds in the Lion Air matter.

25          The tabloid-oriented Complaint fails to allege, with plausible particularized ***facts***, the

26   required elements of the two claims asserted against the EG Defendants - civil RICO conspiracy

27   and alleged receipt of stolen property.  In addition, the Complaint fails to name the individuals

28   most responsible for Plaintiff's harm, the supposed leaders of the alleged Ponzi Scheme, Mr.

1  Girardi and his law firm GK, who are necessary and indispensable parties.  For these reasons, the

2  allegations against Ms. Girardi and EJ Global do not state a cause of action and the Complaint

3  should be dismissed.

4  **II.**     **SUMMARY OF RELEVANT ALLEGATIONS AS TO THE EG DEFENDANTS**

5      **A.     Plaintiff's Conclusory Allegations Against the EG Defendants**

6          The Complaint fantastically alleges that Ms. Girardi acted as the "frontwoman" of the

7  operation, "selling to the world that Girardi Keese was successful."  Complaint ¶ 8.  Notably, the

8  Complaint does not allege that Ms. Girardi herself knew that GK was not successful or that she

9  was somehow misrepresenting the state of the firm or Mr. Girardi.  As admitted by Plaintiff,

10 "[f]rom the outside, the Girardi Keese law firm appeared to be doing all the things that an ultra-

11 successful, top-tier plaintiff's law firm should do."  Complaint ¶ 1.

12         The relevant allegations against the EG Defendants are largely limited to pages 13 and 14

13 of the Complaint.  Plaintiff alleges in conclusory fashion that:  "[w]hile Tom, Kamon, Lira,

14 Griffin, and Hatcher directed and managed the affairs of the Girardi Family Enterprise, Erika

15 knew of the scheme, intended to participate in it and— critically—share in its profits, both directly

16 and through her wholly-owned company, EJ Global."  Complaint ¶ 59.  Plaintiff also alleges that

17 GK paid credit card charges, bills from vendors, and other expenses of Ms. Girardi and EJ Global.

18 Complaint ¶¶ 60-62.

19         Nowhere in Plaintiff's 38 pages of "Factual Background," however, does Plaintiff allege

20 that Ms. Girardi had knowledge that any of the funds spent by GK were stolen or otherwise

21 illegitimate.  Rather, Plaintiff alleges vaguely that "Erika had actual and specific knowledge that

22 she and Tom were on the hook for significant debt and that a lender had to be paid in full before

23 her [sic] and Tom took any more money from Girardi Keese."  Complaint ¶ 92.  It is not plausible,

24 however, that based on this allegation of awareness of debt obligations, one can reasonably infer

25 that Ms. Girardi therefore had actual knowledge of and participated in a conspiracy to engage in a

26 Ponzi scheme, or any knowledge of the fact that any GK funds did not belong to GK.

27     **B.     Plaintiff's Attempt to Minimize its Role**

28         Edelson next alleges that after GK acquired the Lion Air case, GK "brought in Plaintiff

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1   Edelson PC to act as local counsel for the Lion Air clients." Complaint ¶ 96. In a complete

2   reversal from its otherwise similar Complaint in the Northern District of Illinois, Edelson now

3   almost totally eliminates all references to its role in this process, and describes what little remains

4   as passive and minimal. Edelson still alleges, however, that "the terms of their co-counsel

5   agreement...provided that Edelson would receive 50% of the total fees recovered on behalf of the

6   Lion Air Clients." *Id.* Edelson later alleges that it was not paid this 50% share by Girardi and

7   became a creditor in the Girardi bankruptcy case. Complaint ¶ 231.

8          **C.**    **No Further Factual Allegations Against EG Defendants**

9         Plaintiff fails to allege any additional relevant facts in the allegations comprising its two

10   claims against the EG Defendants (i.e., the Second Claim for RICO Conspiracy and the Third

11   Claim for Receipt of Stolen Property). *See* Complaint beginning at p. 51, ¶ 282. The only

12   references to the EG Defendants in these two claims are conclusory recitations of statutory

13   elements, which are insufficient to provide any sort of factual basis under Rule 12(b)(6).

14         Sometimes what a complaint *does not* allege is as important as what it does. Nowhere

15   does the Complaint allege that Ms. Girardi or EJ Global knew that Tom Girardi was operating a

16   Ponzi scheme—because no evidence exists to support such a claim. This assertion is also

17   inconsistent with other allegations in the Complaint that (a) the Ponzi scheme was operated in a

18   specific way from within GK, (b) Tom Girardi was in complete and exclusive control of the bank

19   accounts, and (c) GK was secretive about the Ponzi scheme and keeping everyone, including

20   Hatcher and Edelson, guessing about when they might be paid. *See, e.g.*, Complaint ¶¶ 47, 53,

21   184, 212.

22   **III.**   **LEGAL STANDARD**

23         **A.**    **Federal Rule 12(b)(6)**

24         A motion pursuant to Federal Rule 12(b)(6) tests the legal sufficiency of the claims

25   asserted in a complaint. Under Rule 12(b)(6), a district court properly dismisses a claim if "there

26   is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

27   legal theory.'" *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting

28   *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

The United States Supreme Court has held that, to survive a motion to dismiss, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).  Further, a district court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-680 (2009).  The court must determine whether the evidentiary facts alleged in the complaint support a plausible right to relief that rises above the "speculative level." *Twombly, supra,* 550 U.S. at 570.  A plaintiff must provide "more than labels and conclusions." *Id*. at 555. Further, where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint has not "show[n] that the pleader is entitled to relief." *Iqbal*, *supra*, 556 U.S. at 679 (citation omitted).

This plausibility standard requires that the factual allegations of the complaint reveal more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  As the Supreme Court explained in *Iqbal,* "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotes and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 663.  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**B.    <u>Federal Rule 9(b)</u>**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Because Plaintiff's RICO conspiracy and receipt of stolen property claims by their nature are grounded in fraud, "the pleading of that claim as a whole must [also] satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  Rule 9(b) applies to both federal question and state common law claims brought in federal court. *Id.* at 1102-03.  To meet that heightened

burden, Plaintiff must allege specific facts demonstrating the "'the who, what, when, where, and how' of the misconduct charged," *id*. at 1106, and "any averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted).

As the Ninth Circuit has recognized, Rule 9(b) serves three important purposes, which are implicated here:  "(1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'"  *Kearns, supra,* 567 F.3d at 1125 (quoting *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 (9th Cir. 1996)).

Federal courts "are particularly mindful of these [heightened pleading] standards in the context of a civil RICO claim, the assertion of which has an almost inevitable stigmatizing effect on those named as defendants." *Curtis & Assoc. v. Bushman*, 758 F. Supp 2d 153, 166 (E.D.N.Y. 2010) (citation omitted).  Further, "[a] RICO cause of action by definition involves complex litigation and high legal costs .... Accordingly, 'an attorney's responsibility to conduct reasonable prefiling investigation is particularly important in RICO claims.'"  *Pack v. Hoge Fenton Jones & Appel, Inc.*, 2013 U.S. Dist. LEXIS 4241, at *15, 2013 WL 140027 at *6 (N.D. Cal. Jan. 10, 2013) (quoting *Chapman & Cole v. Itel Container Int'l B.V.,* 865 F.2d 676, 685 (5th Cir. 1989)).

"RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005). Thus, courts in the Ninth Circuit "should [] strive to flush out frivolous RICO allegations at an early stage of the litigation."  *Wagh v. Metris Direct Servs., Inc.*, 348 F.3d 1102, 1108 (9th Cir. 2003).  In the context of RICO, Rule 9(b) requires that a plaintiff "detail[s] with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."  *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 919 (C.D. Cal. 2011).  "A plaintiff may not simply lump together multiple defendants without specifying the role of each defendant in the fraud." *Id.*

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1   Thus, because Plaintiff's Ponzi scheme allegations sound in fraud, all of its claims against

2   Ms. Girardi and EJ Global must meet the particularity requirements of Rule 9.  Plaintiff's

3   allegations are generalized, conclusory, and speculative, leaving the Rule 9(b) questions of "who,

4   what, when, where, and how" unanswered, and failing otherwise to meet the most basic pleading

5   requirements.

6   **IV.     ARGUMENT**

7        **A.     Plaintiff Cannot Maintain a RICO Conspiracy Claim Because the Underlying**

8             **RICO Claim is Not Adequately Pleaded**

9        To adequately plead a RICO § 1962(c) claim, a plaintiff must plead: (1) conduct, (2) of an

10  enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5)

11  causing injury to the plaintiff's "business or property" by the conduct constituting the violation.

12  *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,* 431 F.3d 353, 361 (9th Cir. 2005);

13  *Sedima, S.P.R.L v. Imrex Co.* 473 U.S. 479 (1985).

14       A claim of civil conspiracy to commit RICO cannot survive unless the plaintiff pleads both

15  a knowing agreement to complete a substantive violation, and the commission of at least one act

16  of racketeering or predicate act that caused injury.  *Beck v. Prupis*, 529 U.S. 494, 505-506 (2000).

17  "As at common law, a civil conspiracy plaintiff cannot bring suit under RICO based on injury

18  caused by [just] *any* act in furtherance of a conspiracy that might have caused the plaintiff

19  injury."  *Id.; see also, Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("Even if

20  Plaintiffs properly claimed that the defendants agreed to be part of an enterprise, the failure to

21  allege substantive violations precludes their claim that there was a conspiracy to violate

22  RICO."); *Salinas v. United States*, 522 U.S. 52, 65 (1997).  Accordingly, if Plaintiff fails to plead

23  a substantive violation of the underlying RICO claim, then Plaintiff has also failed to plead a

24  RICO conspiracy claim under § 1962(d).  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557,

25  559 (9th Cir. 2010) (listing elements of a RICO claim under 18 U.S.C. § 1962(c) and explaining

26  that to plead a RICO conspiracy claim under § 1962(d), the plaintiff must first adequately plead a

27  substantive violation of RICO).

28       Plaintiff fails to adequately plead a substantive RICO claim under 18 U.S.C. §

1962(c) against the Ponzi Scheme Defendants; therefore, its conspiracy claim against the EG

Defendants pursuant to § 1962(d) is precluded as a matter of law.  The Plaintiff has not adequately

alleged these elements of its RICO § 1962(c) claim, for the reasons advanced by Defendant

Wrongful Death Consultants' Motion to Dismiss, which are incorporated by reference

here.  *See* Defendant Wrongful Death Consultants' Motion to Dismiss (Dkt. No. 43).  In the

absence of a cognizable RICO claim, Plaintiff's RICO conspiracy claim against the EG

Defendants is precluded.

### B.   Plaintiff Fails to Adequately Allege a RICO Conspiracy Claim Against the EG Defendants

Even assuming, however, that Plaintiff has adequately alleged its claims against the Ponzi

Scheme Defendants, its RICO conspiracy claim against the EG Defendants still fails.  To state a

claim for RICO conspiracy, a plaintiff must show that the defendant (1) knew about and (2) agreed

to facilitate the operation of an enterprise through a pattern of racketeering activity.  *See Salinas,*

*supra,* 522 U.S. at 66; *Smith v. Berg*, 247 F.3d 532, 538 (3d Cir. 2001).

Under Ninth Circuit law, "in addition to the general conspiracy principles mentioned

in *Salinas*," *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004), a "defendant must

also have been 'aware of the essential nature and scope of the enterprise and intended to

participate in it.'"  *Howard*, *supra*, 208 F.3d at 751 (quoting *Baumer v. Pachl*, 8 F.3d at 1341,

1346 (9th Cir. 1993)).  Thus, a defendant may be "guilty of conspiracy to violate § 1962(c) if the

evidence showed that she 'knowingly agree[d] to facilitate a scheme which includes the operation

or management of a RICO enterprise.'"  *Fernandez*, 388 F.3d at 1230 (adopting *Smith v. Berg*,

247 F.3d 532, 538 (3d Cir. 2001)).  Plaintiff's RICO conspiracy claim fails to allege any facts

supporting these necessary elements.

### 1.   Plaintiff Fails to Show the EG Defendants' Knowledge of the "Nature and Scope" of the Alleged Scheme.

A conspiracy defendant must have been aware of the essential nature and scope of the

RICO enterprise and intended to participate in it.  *Baumer*, 8 F.3d at 1346.  Though Plaintiff

baldly asserts that Ms. Girardi--and therefore EJ Global--knew about the Ponzi scheme, Plaintiff

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

pleads no facts to provide a basis for this conclusion.  *See, e.g.*, Complaint ¶¶ 59, 283, 284.  At best, Plaintiff's claims of the EG Defendants' knowledge of the nature and scope of the enterprise amount to speculation and conjecture, and lack the specifics necessary to satisfy the requirements of Rule 9(b).

Distilling Plaintiff's claims against Ms. Girardi and EJ Global to their essence, Plaintiff has alleged that:

(1) Ms. Girardi is the sole member of EJ Global, which was formed in 2008 and was at all times owned and allegedly controlled by Ms. Girardi (*See* Complaint ¶ 26);

(2) Ms. Girardi, who was neither an owner nor employee of Girardi Keese, knew that the law firm paid expenses incurred by Erika and EJ Global (*See* Complaint ¶¶ 29, 60, 61);

(3) as of 2019, Ms. Girardi knew that lawsuits were filed against Girardi Keese and Tom Girardi (*See* Complaint ¶ 67); and

(4) Ms. Girardi signed agreements that were liens on her and Tom's assets (*See* Complaint ¶¶ 90, 91).

Plaintiff fails to provide any factual enhancement for its conclusion that the above acts or events demonstrate how Ms. Girardi or EJ Global allegedly knew that Mr. Girardi's and GK's activities were actually part of an illegal scheme constituting RICO.

Plaintiff fails the *Iqbal* test when it relies on the above facts to plead EG Defendants' "knowing agreement to facilitate" the scheme.  The more plausible conclusion to be drawn is that Ms. Girardi, like everyone else, was duped by Tom Girardi into thinking he was a successful lawyer and, as the Complaint admits, "that the Girardi Keese law firm appeared to be doing all the things that an ultra-successful, top-tier plaintiff's law firm should do."  Complaint ¶ 1.  As Plaintiff admits, Ms. Girardi filed for divorce *before* "the scheme was uncovered" (Complaint ¶ 226) and has ended her relationship with Tom Girardi.

None of the Complaint's alleged facts, even if true, demonstrate knowledge.  In fact, they just as plausibly suggest that the EG Defendants did *not* know about the scheme because, as the Complaint avers, Tom Girardi and the Ponzi Scheme Defendants took great pains to conceal it.  *See, e.g.*, Complaint ¶¶ 14, 143, 151, 155, 168, 170, 191.  The Complaint in no manner even

-16-

Case No. 3:22-cv-03977-SK

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1   purports to meet the Rule 9(b) requirements for alleging the "who, what where, and how"

2   regarding EG Defendants' purported knowledge of, agreement to, and willful participation in a

3   RICO conspiracy.  *Vess*, 317 F.3d at 1106.

4          **2.      Plaintiff Fails to Allege the EG Defendants' Agreement to Participate**

5                 **in the Alleged Scheme.**

6          The agreement element of a RICO conspiracy is "vital" to the claim.  *Baumer*, 8 F.3d at

7   1346 (internal citation omitted).  A plaintiff must plead enough facts to "infer assent to contribute

8   to a common enterprise."  *Id.* at 1347.  Where no assent can be reasonably inferred, dismissal for

9   failure to state a claim is warranted.  *Id.* at 1346-47.  Moreover, when the object of a conspiracy is

10  to defraud, Rule 9(b)'s particularity requirement applies to the elements of the conspiracy--

11  "especially the existence of an agreement."  *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d

12  989, 990 (9th Cir. 2006).  Accordingly, Plaintiff must plead the "who, what, when, where, and

13  how" of the manner in which the agreement to conspire was reached.  *Vess*, 317 F.3d at

14  1106, (citing *Cooper*, 137 F.3d at 627).

15         The allegations in Plaintiff's complaint regarding Ms. Girardi's (and by extension EJ

16  Global's) purported agreement to commit RICO violations do not meet the above stringent

17  pleading requirements.  The sole allegation is merely a recitation of the standard itself, alleging

18  that "Erika agreed that someone would commit predicate acts."  Complaint ¶ 283.  This is

19  insufficient because an alleged conspirator must consciously and personally agree to actively assist

20  or facilitate an underlying enterprise:

21         One cannot conspire to violate subsection (c) by agreeing that somehow an enterprise

22         should be operated or managed by someone.  That would impose a meaningless

23         requirement and cast a frighteningly wide net.  Rather, one's agreement must be to

24         knowingly facilitate the activities of the operators or managers to whom subsection (c)

25         applies.  **One must knowingly agree to perform services of a kind which facilitate the**

26         **activities of those who are operating the enterprise in an illegal manner**.

27  *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 967 (7th Cir. 2000). (Emphasis added).

28         None of Plaintiff's allegations meets the specificity requirements of Rule

9(b) and 12(b)(6), and they do not establish any "agreement" to conspire.  Nor does the Complaint

contain allegations providing a basis to reasonably infer such an agreement.  As such, Plaintiff

fails to satisfy Rule 9(b).  Moreover, the Complaint's allegations are not "plausible grounds to

infer an agreement," as required under Rule 8.  *Twombly*, 550 U.S. at 556.

### 3.    Plaintiff Fails to Adequately Allege RICO Proximate Cause Against the EG Defendants.

Plaintiff's claims also fail because the Complaint fails to tie Plaintiff's injuries to the EG

Defendants.  A RICO plaintiff has standing to sue only if he is "injured in his business or property

by reason of a violation of section 1962."  18 U.S.C. § 1964(c); *Sedima*, 473 U.S. 479.  The "by

reason of" language imposes on RICO plaintiffs a proximate causation requirement.  *O'Malley v.

O'Neill*, 887 F.2d 1557, 1561 (11th Cir. 1989), cert. denied, 496 U.S. 926 (1990); *Haroco, Inc. v.

Am. Nat'l Bank & Trust Co. of Chicago*, 747 F.2d 384, 398 (7th Cir. 1984), aff'd, 473 U.S. 606

(1985); *see also Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1311 (9th Cir. 1992), cert.

denied, 507 U.S. 1004 (1993).  "To maintain a cause of action under RICO, a plaintiff must show

not only that the defendant's violation was a 'but for' cause of his injury, but that it was the

proximate cause as well."  *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir.

1994) (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992) (holding that in

making out a claim for RICO, "[p]roximate cause is . . . required")).  Thus, in this instance,

Plaintiff's claims cannot survive Rule 12 scrutiny in the absence of plausible, non-conclusory facts

that Ms. Girardi's, and by extension EJ Global's, actions were the proximate cause of Plaintiff's

injuries.  *Twombly*, 550 U.S. at 555-56.

Proximate cause requires a "direct relation between the injury asserted and the injurious

conduct alleged."  *Holmes*, 503 U.S. at 268; *see also* Restatement (Second) of Torts § 431

(1965) ("The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a

substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor

from liability because of the manner in which his negligence has resulted in the harm.").  This

requirement bars a RICO claim even where there may be "but for" causation, if proximate

causation is lacking.  *Pillsbury*, 31 F.3d at 928.  The proximate causation requirement precludes

cases where the defendant's conduct is too remote from the plaintiff's harm to be actionable, usually because another party closer to the plaintiff was more responsible for the harm.  As the Ninth Circuit has held, the "proximate cause requirement not only bars RICO suits by derivative victims . . . but generally precludes recovery by those whose injuries are only tenuously related to the RICO violation. . . ."  *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 981 (9th Cir. 2008) (describing application of *Holmes* in *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457-61 (2006)).

### (a)     The EG Defendants Did Not Cause Plaintiff's Injuries.

The proximate causation inquiry requires a direct link between injury and conduct, and assurance that the plaintiff is suing the proper defendant.  *Imagineering*, 976 F.2d at 1312 ("it is difficult for the court to ascertain what amount of damage suffered by the plaintiffs is attributable to just [the remote party's] conduct, apart from other factors"); *see also Anza*, 547 U.S. at 457-61 (applying *Holmes* to bar a RICO claim where injury to plaintiff was indirect); *Canyon County*, 519 F.3d at 980 ("most of the defendants' alleged RICO violations do not bear a direct connection to the County's asserted harms") (quoting *Anza*, 547 U.S. at 461).

Plaintiff has failed to plead enough to establish the required proximate causal link between GK's alleged theft of Lion Air clients' settlement monies, and any conduct by the EG Defendants. The EG Defendants' alleged connection to the Ponzi scheme is limited to having certain of their expenses paid by GK.  According to the Complaint, the direct harm to Plaintiff came from the alleged Ponzi scheme, which Plaintiff does not allege was accomplished, organized or perpetrated in any way by the EG Defendants.  Complaint ¶ 283.  If Plaintiff suffered any loss, it occurred when the Ponzi Scheme Defendants and GK allegedly failed to pay out settlement funds, before and separate from any funds being used to allegedly pay for the EG Defendants' expenses.

Plaintiff has not pleaded a sufficient nexus to satisfy RICO's proximate causation test – there is no allegation that Plaintiff or the Lion Air clients were injured by reason of the EG Defendants' conduct.  The proximate cause doctrine is intended to avoid precisely this type of litigation between parties who are several steps removed from the alleged victim and the wrongdoer.  *Holmes*, 503 U.S. at 269.

(b)     **Others Were Directly Responsible for Plaintiff's Losses.**

Proximate cause is not established where another party closer to the plaintiff was more responsible for the harm.  In this instance, the Complaint alleges that Plaintiff relied exclusively on statements and inducements of the Ponzi Scheme Defendants and GK principals and agents-- *not* any statement made by Ms. Girardi or EJ Global.  Tom Girardi and GK were therefore the cause of Plaintiff's injuries.  The Complaint alleges that the Ponzi scheme was entirely operated through GK (Complaint ¶¶ 1, 2, 6), which Ms. Girardi "was neither an owner nor employee of." Complaint ¶ 61.

As the Ninth Circuit has explained, where a party's conduct is only an "indirect" cause of a plaintiff's injury, "it is difficult for the court to ascertain what amount of damage suffered by the plaintiffs is attributable to just [the remote party's] conduct, apart from other factors." *Imagineering*, 976 F.2d at 1312; *see also Canyon County*, 519 F.3d at 982-83 (discussing alternative causes, apportionment of responsibility for the harm); *Pillsbury*, 31 F.3d at 928 (citing *Holmes*, 503 U.S. at 269).  These policy concerns are illustrated precisely by the instant case.  Taking the Plaintiff's theory of the Ponzi scheme as true, allowing this case to proceed against the EG Defendants, without Tom Girardi or GK who are indispensable parties as discussed below, would prevent justice being served against those who were actually and directly responsible for Plaintiff's losses.  Allowing these claims to proceed on their present footing would subvert the policies and purpose of the proximate cause doctrine.

C.     <u>**Plaintiff Fails to Adequately Allege Receipt of Stolen Property by the EG Defendants**</u>

To prevail on a civil claim brought under California Penal Code Section 496(c), Plaintiff must prove three elements:  (1) stolen property; (2) ***knowledge*** that the property was stolen; and (3) the defendant had possession of the stolen property.  Cal. Penal Code § 496(c) (emphasis added); *see also, Castillo-Cruz v. Holder,* 581 F.3d 1154, 1161 (9th Cir. 2009); *People v. King,* 81 Cal. App. 4th 472, 476 (2000).  Mere possession of a stolen article is **not** sufficient to prove the claim of receiving stolen property; rather, the defendant must know the property was stolen. *People v. Stuart*, 77 Cal. Rptr. 531, 272 Cal.App.2d 653 (1969).

1     Regarding the first element, Plaintiff must plead that the property was obtained in a

2 manner that constitutes theft pursuant to California Penal Code sections 484(a) or 490a, which

3 includes by means of taking, carrying, leading, driving away, fraudulently appropriating,

4 defrauding, and false pretenses. *See Bell v. Feibush,* 212 Cal. App. 4th 1041, 1048 (2013); *see*

5 *also* Cal. Penal Code § 484(a) ("Every person ... who shall knowingly and designedly, by any false

6 or fraudulent representation or pretense, defraud any other person of money, labor or real or

7 personal property ... is guilty of theft").

8     Regarding the second element, the *mens rea* element of Section 496(a) requires actual

9 knowledge of or belief that the property is stolen. *U.S. v. Flores,* 901 F.3d 1150, 1161 (9th Cir.

10 2018) *citing People v. Tessman,* 223 Cal. App. 4th 1293 (2014).  Further, specific intent to defraud

11 is a critical element of this claim because it cannot otherwise be shown that the property was

12 stolen. *AdTrader, Inc. v. Google,* LLC, 2018 WL 3428525, at *9 (N.D. Cal. July 13, 2018)

13 (dismissing a Section 496 claim with prejudice because the plaintiff did not allege that Google

14 obtained stolen property by grand theft, petty theft, embezzlement or extortion); *People v.*

15 *Hartley,* 248 Cal. App. 4th 620, 627 (2016) (intent in theft by false pretenses requires "something

16 more than mere proof of nonperformance or actual falsity" because proof of such fraudulent intent

17 prevents ordinary commercial defaults from becoming the subject of criminal prosecution).

18     As a claim grounded in fraud, Section 496 claims are subject to Rule 9(b)'s heightened

19 pleading standard, and must allege "the 'who, what, when, where, and how' of the misconduct

20 charged." *See, e.g., Grouse River Outfitters Ltd v. NetSuite, Inc.,* 2016 WL 5930273, at *3, *14-

21 16 (N.D. Cal. Oct. 12, 2016) (dismissing a § 496(c) theft claim because the complaint "did not

22 identify false representations or plead fraud with particularity" as required under Rule

23 9(b)) *quoting Vess, supra,* 317 F.3d at 1103-06 (Rule 9(b) applies to a claim relying upon

24 allegations of fraud even where fraud is not a necessary element of the claim); *Worldwide Travel,*

25 *Inc. v. Travelmate US, Inc.,* 2016 U.S. Dist. LEXIS 43942, at *22 - 23 (S.D. Cal. March 30, 2016)

26 (the fraud claim, which was subject to Rule 9(b) heightened pleading, "has substantially similar

27 elements" to the California Penal Code section 496 claim).  Moreover, even though this is a state

28 law claim, Rule 9(b)'s particularity requirements still apply. *Vess, 317* F.3d at 1103-1104

(rejecting argument that the Court should refuse to apply Rule 9(b) to a state-law cause of action in a diversity case); *Jenkins v. Commonwealth Land Title Ins. Co*., 95 F.3d 791, 796 (9th Cir. 1996) (applying Rule 9b to pleading a state-law cause of action).  Plaintiff fails to allege any facts sufficient to show that the EG Defendants possessed the necessary mental state under Section 496, let alone allege those facts with the particularity required under Rule 9(b).

### 1.    Plaintiff Fails to Allege that the Funds Received by the EG Defendants Were Stolen.

Plaintiff's allegations that the funds used to pay the EG Defendants' expenses were stolen funds are fatally deficient.  The Complaint alleges that: "Between March and November 2020, Kamon used money obtained from funds held in trust for the Lion Air Clients by Girardi Keese in a manner constituting theft to pay the balances of American Express credit cards or charge cards used by Erika and EJ Global."  Complaint ¶ 296.  Yet this conclusory allegation contradicts the Complaint's prior allegations about how the two GK bank accounts operated, particularly the client trust account.  Specifically, Plaintiff alleges that GK had "hundreds" of clients whose settlements and judgments fed money into the GK client trust account.   Complaint ¶¶ 103-104.  Nowhere in the Complaint does Plaintiff allege that Ms. Girardi or EJ Global requested that the money paid by Boeing for the Lion Air clients be used to pay off expenses from vendors —as if that were possible with money that Plaintiff alleges was *comingled* with other client settlements in a single account.

Plaintiff fails to explain how it could possibly reach the conclusion that the *specific funds used to pay expenses or bills of Ms. Girardi and EJ Global actually* originated from Boeing.  This would require an explanation from Plaintiff describing how it traced the source of the GK funds.  No tracing is explained or alleged.  Without tracing, paragraph 296 of the Complaint is solely a conclusory allegation which this court may ignore.

### 2.    Plaintiff Fails to Allege that the EG Defendants Knew the Funds were Stolen.

Critically, Plaintiff fails to allege that the EG Defendants knew or believed that GK funds were obtained in a manner that constitutes theft.  Plaintiff also fails to allege any facts that show

the EG Defendants *intended to* steal property or defraud Plaintiff, or how the EG Defendants could have known that the payments were somehow made with alleged stolen funds.  Importantly, the Complaint only alleges, in conclusory fashion, that "[o]n information and belief, when they accepted payment of the American Express balances, Erika and EJ Global did so with the knowledge that the funds used to make those payments had been obtained in a manner constituting theft."  Complaint ¶ 297.  But such conclusory allegations "are not entitled to the assumption of truth."  *See Iqbal*, 556 U.S. at 679; *see also Boruta v. JPMorgan Chase Bank, N.A.*, No. 19-CV-03164-WHO, 2019 WL 4010367, at *7 (N.D. Cal. Aug. 26, 2019) (dismissing claims premised on "information and belief" where allegations lacked factual support and required drawing unreasonable inferences).  Moreover, "[a]llegations based on 'information and belief do not satisfy the particularity requirement of Fed. R. Civ. P. 9(b) unless the complaint sets forth the facts on which the belief is founded."  *In re Worlds of Wonder Sec. Litig*, 694 F.Supp. 1427, 1432-33 (N.D. Cal. 1988).  This requirement "applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party."  *Id*. at 1433; *see also*, *U.S. ex rel. Bogina v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016) ("Allegations based on 'information and belief' thus won't do in a fraud case - for 'on information and belief' can mean as little as 'rumor has it that . . . .'").

While an attorney is required to keep an accounting of a client trust account (Cal. Rule of Professional Conduct 1.15(d)(3),(5)), a non-attorney wife of a lawyer has no such obligation.  Plaintiff's own allegations demonstrate the implausibility of the conclusory allegation that Ms. Girardi and EJ Global supposedly "knew" the origin of the co-mingled, electronic funds that were allegedly being used by GK to pay off vendor expenses.  Nor does the Complaint allege anywhere, because it did not happen, that Ms. Girardi and EJ Global were involved in management of GK's finances, much less its client trust account.  Accordingly, the Court should dismiss the Third Claim for Receipt of Stolen Property as unsupported by adequate factual allegations.

### D.   Plaintiff Fails to Join Required Parties Thomas Girardi and GK

Federal Rule 12(b)(7) provides that a complaint may be dismissed for "failure to join a party under Rule 19." Fed. R. Civ. Proc. 12(b)(7). Rule 19(a) in turn provides, in part:

(1) Required Party. A person who is subject to service of process and whose joinder will

1   not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that

2   person's absence, the court cannot accord complete relief among existing parties…

3  Fed. R. Civ. Proc. 19(a).

4      Determining whether a case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) and

5 19(a)-(b) imposes a three-step inquiry. *See Salt River Project Agric. Improvement & Power Dist.*

6 *v. Lee,* 672 F.3d 1176, 1179 (9th Cir.2012) (citing *EEOC v. Peabody W. Coal Co.,* 400 F.3d 774,

7 779-80 (9th Cir.2005)). First, the court must determine if the party is necessary under Rule 19(a).

8 Id. Second, if the party is necessary the court must determine whether joinder of that party is

9 feasible. Id. Finally, if the party is necessary and their joinder is not feasible, the court must

10 determine if the matter can proceed without the absent party. *Id.*

11     Non-named parties should be joined in a case where a judgment rendered in their absence

12 might "leave an existing party subject to a substantial risk of incurring double, multiple, or

13 otherwise inconsistent obligations because of the [non-named party's] interest." *Local 1351 Int'l*

14 *Longshoremens Ass'n v. Sea-Land Service Inc.,* 214 F3d 566, 570 (5th Cir. 2000).

15     Joint obligees are indispensable parties in an action to enforce the joint obligation. *Nike v*

16 *Commercial Iberica,* 20 Fed 3d 987, 991 (9th Cir 1994); *Harrell v Peabody,* 546 Fed 2d 1227,

17 1229 (5th Cir 1977).  In the instant case, Plaintiff repeatedly alleges that Tom Girardi and GK are

18 responsible for the malfeasance and the debts alleged in the Complaint; thus, they are supposedly

19 joint obligees according to Plaintiff, yet they are notably absent from the Complaint.

20     There is already a similar legal action, with similar claims, pending against Thomas

21 Girardi, GK, Lira, Griffin, and others in the Northern District of Illinois.  The Complaint in this

22 action alleges that Thomas Girardi and GK are the subject of pending bankruptcy proceedings in

23 the Central District (Complaint, ¶¶ 230-231), and further alleges on information and belief that

24 efforts are underway in the bankruptcy cases to have certain debts deemed non-dischargeable.

25 The undersigned counsel is informed and believes that, in fact, in the Tom Girardi bankruptcy

26 case, a complaint seeking a denial of discharge under section 727 of the Bankruptcy Code was

27 filed, and that Mr. Girardi defaulted.  As a result, the automatic stay may no longer apply to Mr.

28 Girardi.  Plaintiff could have either simply named Mr. Girardi and GK in this action or sought and

1  obtained permission from the bankruptcy court if they felt inclined to do so.  Moreover, Plaintiff

2  could have even brought this action as an adversary proceeding in the bankruptcy actions.  Instead

3  of taking any steps to seek leave from the bankruptcy court to include and pursue the only

4  legitimate defendants in this case, Thomas Girardi and his firm, Plaintiff simply chooses to omit

5  them, pretending they are not necessary or indispensable parties. Regardless, if not done already,

6  Plaintiff's counsel should investigate and coordinate with the bankruptcy trustees in the GK and

7  TG cases on issues of application of the automatic stay, bankruptcy law, and bankruptcy

8  procedure.  At this juncture, however, the Complaint should be dismissed for failure to join

9  indispensable and necessary parties.

10  **V.    <u>CONCLUSION</u>**

11        Plaintiff has failed to plead with particularity facts sufficient to show that Ms. Girardi and

12  EJ Global allegedly knew of and participated in the underlying Ponzi scheme, or knew that the

13  funds used to pay their expenses were stolen.  But these facts cannot be pleaded because the

14  evidence to support them does not exist.  Accordingly, the Complaint fails to state a claim upon

15  which relief may be granted and should be dismissed with prejudice as to the EG Defendants.

16  DATED:  September 21, 2022              GREENBERG GROSS LLP

17

18

19                                        By: _____

20                                            Evan C. Borges
                                              David T. Shackelford
21                                            Amir A. Shakoorian
                                              Attorneys for Defendants Erika Girardi and EJ
22                                            Global, LLC

23

24

25

26

27

28

Case No. 3:22-cv-03977-SK

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

## PROOF OF SERVICE

**Edelson PC v. David Lira, et al.**
**Case No. 3:22-cv-03977-SK**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On September 21, 2022, I served true copies of the following document(s) described as **DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 21, 2022, at Costa Mesa, California.

_____
Cheryl Winsten

Case No. 3:22-cv-03977-SK

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

1

**SERVICE LIST**
**Edelson PC v. David Lira, et al.**
**Case No. 3:22-cv-03977-SK**

2

3   Rafey S. Balabanian, Esq.                    Attorneys for Plaintiff Edelson PC
    EDELSON PC
4   150 California Street, 18th Floor
    San Francisco, CA 94111
5   Telephone: (415) 212-9300
    Facsimile: (415) 373-9435
6   Email: rbalabanian@edelson.com

7   Alexander Glenn Tievsky                      Attorneys for Plaintiff Edelson PC
    J. Eli Wade- Scott
8   Jay Edelson
    Edelson PC
9   350 North LaSalle, 14th Floor
    Chicago, IL 60654
10  Email: atievsky@edelson.com
    Email: ewadescott@edelson.com

11

    Walter J. Lack, Esq.                         Attorneys for Defendant David Lira
12  Rachel M. Lannen, Esq.
    ENGSTROM, LIPSCOMB & LACK
13  10100 Santa Monica Boulevard, 12th Floor
    Los Angeles, CA 90067-4113
14  Tel: (310) 552-3800
    Fax: (310) 552-9434
15  Email: wlack@elllaw.com
    Email: rlannen@elllaw.com

16

    Jeff Wiley Poole                             Attorneys for Defendant Joseph DiNardo
17  Hamrick & Evans LLP
    2600 West Olive Avenue, Suite 1020
18  Burbank, CA 91505
    Email: jpoole@hamricklaw.com

19

    Richard M. Scherer, Jr.                      Attorneys for Defendant Joseph DiNardo
20  Lippes Mathias Wexler Friedman LLP
    50 Fountain Plaza, Suite 1700
21  Buffalo, NY 14202
    Email: rscherer@lippes.com

22

    Anthony L. Lanza                             Attorneys for Defendants George Hatcher &
23  Brodie H. Smith                              Wrongful Death Consultants
    LANZA & SMITH
24  A Professional Law Corporation
    3 Park Plaza, Suite 1650
25  Irvine, California 92614-8540
    Email: tony@lanzasmith.com
26  Email: brodie@lanzasmith.com

27

28

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Sean Eric Ponist
Ponist Law Group, P.C.
100 Pine Street, Suite 1250
San Francisco, CA 94111
Email: sponist@ponistlaw.com

Attorneys for Defendant California Attorney
Lending II, Inc.

William F. Savino
Woods Oviatt Gilman LLP
1900 Main Place Tower
350 Main Street
Buffalo, NY 14202
Email: wsavino@woodsoviatt.com

Attorneys for Defendant California Attorney
Lending II, Inc.

William E Brueckner , III
Woods Oviatt Gilman LLP
1900 Bausch & Lomb Place
Rochester, NY 14604
Email: wbrueckner@woodsoviatt.com

Attorneys for Defendant California Attorney
Lending II, Inc.

The following are those who are currently on the list to receive ECF notices for this case.

- **Rafey Sarkis Balabanian**
  rbalabanian@edelson.com,5926930420@filings.docketbird.com,docket@edelson.com

- **Evan Christopher Borges**
  eborges@ggtriallaw.com,cwinsten@ggtriallaw.com

- **William E Brueckner , III**
  wbrueckner@woodsoviatt.com,morlando@woodsoviatt.com

- **Jay Edelson**
  jedelson@edelson.com,docket@edelson.com,5923412420@filings.docketbird.com

- **Rachel Marilyn Lannen**
  rlannen@elllaw.com

- **Anthony Lawrence Lanza**
  tony@lanzasmith.com,Leona@LanzaSmith.com

- **Sean Eric Ponist**
  sponist@ponistlaw.com,gschneider@ponistlaw.com

- **Jeff Wiley Poole**
  jpoole@hamricklaw.com,secretary2@hamricklaw.com,sjustice@hamricklaw.com,
  hmartindale@hamricklaw.com

- **Ryan Donald Saba**
  rsaba@rosensaba.com,dsanchez@rosensaba.com

- **William F. Savino**
  wsavino@woodsoviatt.com,lherald@woodsoviatt.com

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

- **Richard M. Scherer , Jr**
  rscherer@lippes.com

- **Alexander Glenn Tievsky**
  atievsky@edelson.com,docket@edelson.com,3500078420@filings.docketbird.com

- **J. Eli Wade-Scott**
  ewadescott@edelson.com,6967687420@filings.docketbird.com,docket@edelson.com

Case No. 3:22-cv-03977-SK

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF EDELSON PC'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES