1 | EVAN C. BORGES, State Bar No. 128706
  *EBorges@GGTrialLaw.com*
2 | DAVID T. SHACKELFORD, State Bar No. 318149
  *DShackelford@GGTrialLaw.com*
3 | AMIR A. SHAKOORIAN, State Bar No. 324442
  *AShakoorian@GGTrialLaw.com*
4 | GREENBERG GROSS LLP
  650 Town Center Drive, Suite 1700
5 | Costa Mesa, California 92626
  Telephone: (949) 383-2800
6 | Facsimile: (949) 383-2801

7 | Attorneys for Defendants Erika Girardi and EJ
  Global, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

EDELSON PC, an Illinois professional corporation,

        Plaintiff,

        v.

DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation,

        Defendants.

Case No. 3:22-cv-03977-SK

**DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE, OR, ALTERNATIVELY, TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

*Filed concurrently with Declaration of Evan C. Borges and [Proposed] Order*

Complaint Filed: July 6, 2022
Motion Date: November 7, 2022
Motion Time: 9:30 a.m.
Courtroom: C

Hon. Sallie Kim

Trial Date:      None Set

1  **TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**

2  **RECORD:**

3      **PLEASE TAKE NOTICE** that on November 7, 2022 at 9:30 am, or as soon thereafter as

4  the matter may be heard in the above-entitled Court, defendants Erika Girardi ("Ms. Girardi") and

5  EJ Global LLC ("EJ Global," together with Ms. Girardi, "EG Defendants") will, and hereby do,

6  move the Court to dismiss the complaint ("Complaint") of Edelson PC ("Edelson" or "Plaintiff")

7  on the ground that the venue in this action is improper; or in the alternative, to transfer this action

8  to the Central District of California pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28

9  USC § 1404(a).

10      By this motion, the EG Defendants request that the Court dismiss the Complaint under

11  Federal Rule 12(b)(3) for its failure to show venue is proper in the Northern District of California.

12  As detailed below, this case arises out of the alleged misconduct of a now-defunct law firm that

13  was located in Los Angeles, which transacted business with Plaintiff, a law firm headquartered in

14  Chicago.  *None* of the nine defendants named in the Complaint resides or works in the Northern

15  District; and *none* of the relevant facts alleged in the Complaint involved transactions occurring in

16  the Northern District.  Plaintiff's convenience, which is seemingly Edelson's only reason for filing

17  this action in the Northern District, is insufficient to establish proper venue under 28 USC §

18  1391(b).

19      If the Court is not inclined to dismiss the action, the EG Defendants request that the Court

20  transfer this action to the Central District of California, pursuant to a written agreement

21  ("Agreement") between Plaintiff and the EG Defendants, under which the EG Defendants agreed

22  to toll the statute of limitations on Plaintiff's claims in exchange for Plaintiff's agreement to bring

23  any future action against the EG Defendants in the state or federal courts of Los Angeles,

24  California ("Venue Provision").  A true and correct copy of the Agreement is attached as **<u>Exhibit</u>**

25  **<u>B</u>** to and authenticated by the concurrently filed Declaration of Evan C. Borges ("Borges Decl.").

26      The Agreement provides, in pertinent part:

27          5. In the event Edelson elects in the future to file suit in California
           against Erika and/or EJ Global related to the allegations in the
28          Girardi Lawsuit or otherwise, ***Edelson agrees to file such suit in the***

-2-                                    Case No. 3:22-cv-03977-SK

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

1      ***federal or state courts of Los Angeles, California***, and current counsel for Erika and EJ Global (Evan Borges of Greenberg Gross LLP) agrees to accept service of any such complaint.

2

3      …

4      9. This Agreement contains the entire agreement and understanding between the Parties as to its subject matter, and shall be binding upon and inure to the benefit of the Parties, their parents, subsidiaries, related companies, and their respective successors in interest.

5

6

7      10. No changes, modifications, extensions or waivers of this Agreement or of any of the provisions contained herein shall be valid unless made in writing and signed by both Parties.

8

9  Ex. B at ¶¶ 5, 9-10 (emphasis added); *see* Borges Decl. at ¶ 4 (authenticating the Agreement).

10      The Agreement is binding on Edelson, and covers Edelson's future claims against Ms.

11  Girardi and EJ Global.  Despite the Agreement's plain language, Plaintiff filed this Action in the

12  Northern District.  The EG Defendants bargained for the Venue Provision, are entitled to its

13  enforcement, and therefore request that the Court transfer this action to the District Court for the

14  Central District of California.  *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western*

15  *Dist. of Texas*, 571 U.S. 49, 62 (2013) ("The enforcement of valid forum-selection clauses,

16  bargained for by the parties, protects their legitimate expectations and furthers vital interests of the

17  justice system.  For that reason, and because the overarching consideration under § 1404(a) is

18  whether a transfer would promote the interest of justice, a valid forum-selection clause [should be]

19  given controlling weight in all but the most exceptional cases." (citations and quotation marks

20  omitted; brackets in original)).

21      Even absent Plaintiff's contractual obligation to litigate this case in Los Angeles, the

22  convenience of the parties and witnesses as well as the interest of justice overwhelmingly favor

23  transferring this case to the Central District, where most if not all of the acts alleged in the

24  Complaint occurred.  Mr. Girardi lived and practiced in Los Angeles; his law firm Girardi Keese

25  ("GK") was located there; and seven of the nine defendants are domiciled in Los Angeles.  The

26  vast majority of the sources of proof, including most or all of the potential fact witnesses and

27  documents, are located in or around Los Angeles.  To this end, factors relevant to judicial

28  economy also favor transferring this case to the Central District.

1    This motion is based on this notice of motion and motion; the accompanying memorandum

2  of points and authorities; the concurrently filed declaration of Evan C. Borges; all pleadings,

3  documents, and other records filed in this action; and upon such other evidence as may be

4  presented prior to the Court's decision on the motion.

6  DATED:  September 21, 2022                GREENBERG GROSS LLP

8                                            By: _____

9                                               Evan C. Borges
                                                David T. Shackelford
10                                              Amir A. Shakoorian
                                                Attorneys for Defendants Erika Girardi and EJ
11                                              Global, LLC

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

## TABLE OF CONTENTS

Page

I.  INTRODUCTION ...................................................................................................8

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ....................................9

III. LEGAL STANDARD .............................................................................................10

IV. ARGUMENT ........................................................................................................11

A.  Venue Is Not Proper in the Northern District of California ......................................12

B.  Alternatively, the Court Should Transfer This Case to the Central District. ...........13

   1.  The Central District is an Appropriate Forum. .............................................13

   2.  The Venue Provision in the Agreement Requires Transfer. .......................13

      (a)  The EG Defendants Are Entitled to Enforcement of the Bargained-for Venue Provision. ..............................................................13

      (b)  The Agreement's Venue Provision Is Enforceable. ..........................14

   3.  Parties' Convenience and Principles of Fairness Favor Transfer. ..............15

      (a)  Plaintiff's Choice of Forum Should Be Afforded Little Deference. ...................................................................................16

      (b)  The Central District is the Most Convenient Forum for Witnesses. ....................................................................................17

      (c)  The Central District Has Greater Ease of Access to Sources of Proof. ...................................................................................17

      (d)  The Parties' Respective Contacts with the Districts Weigh in Favor of Transfer. ..................................................................18

      (e)  Few If Any Meaningful Contacts Exist Between Plaintiff's Causes of Action and the Northern District. ...................................18

      (f)  The Difference in the Cost of Litigation Favors Transfer. ................19

      (g)  The Avoidance of Counterclaims Favor Transfer. ............................19

V.  CONCLUSION .....................................................................................................19

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5

*Argueta v. Banco Mexicano,*
   S.A., 87 F.3d 320 (9th Cir. 1996) ............................................................................... 11

6

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas,*
   571 U.S. 49 (2013) ..................................................................................... 8, 11, 14

7
8

*Bradley-Brown v. Am. Home Mortgage Servicing, Inc.,*
   2012 WL 254064 (C.D. Cal. Jan. 25, 2012) ............................................................ 16, 18

9
10

*Broadcast Data Retrieval Corp.,*
   2006 WL 1582091, at *3 (C.D. Cal. June 6, 2006) ............................................................ 17

11

*Cung Le,*
   108 F.Supp.3d at 774 (2015) ..................................................................................... 14, 17

12
13

*Doe 1 v. AOL LLC,*
   552 F.3d 1077 (9th Cir. 2009) ..................................................................................... 14

14
15

*E. & J. Gallo Winery v. Andina Licores S.A.,*
   446 F.3d 94 (9th Cir. 2006) ..................................................................................... 8

16

*Foster v. Nationwide Mut. Ins. Co.,*
   2007 WL 4410408 (N.D. Cal. Dec. 14, 2007) ...................................................................... 18

17
18

*Handoush v. Lease Finance Group,*
   LLC 41 Cal.App.5th 729 (2019) ..................................................................................... 15

19
20

*Hope v. Otis Elevator Co.,*
   389 F.Supp.2d 1235 (E.D. Cal. 2005) ............................................................................. 10

21

*Irvine Pharm. Servs., Inc.,*
   WL 4792513, at *4 (2008) ..................................................................................... 18

22
23

*Jarvis,*
   WL 638231, at *2 (1999) ..................................................................................... 18

24
25

*J.P. Morgan Chase Bank, N.A. v. McDonald,*
   760 F.3d 646 (7th Cir. 2014) ..................................................................................... 19

26

*Jones v. GNC Franchising, Inc.,*
   211 F.3d 495 (9th Cir. 2000) ..................................................................................... 16

27
28

*King v. Russell,*
   963 F.2d 1301 (9th Cir. 1992) ..................................................................................... 11

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

*Lipnick v. United Air Lines, Inc.*,
    No. C 11-2028 CW, 2011 WL 4026647 (N.D. Cal. Sept. 9, 2011) ........................................ 17

*Molnar v. 1-800-Flowers.com, Inc.*,
    No. CV 08-0542 CAS, 2008 WL 4772125 (C.D. Cal. 2008) ................................................. 19

*Murphy v. Schneider Nat'l, Inc.*,
    362 F.3d 1133 (9th Cir. 2004) ....................................................................... 8, 11, 14

*Park v. Dole Fresh Vegetables, Inc.*,
    964 F. Supp. 2d 1088 (N.D. Cal. 2013) ........................................................... 13, 19

*Peterson v. Boeing Co.*,
    715 F.3d 276 (9th Cir. 2013) .......................................................................... 15

*Piedmont Label Co. v. Sun Garden Packing Co.*,
    598 F2d 491 (9th Cir. 1979) ........................................................................ 8, 10

*Ruiz v. Affinity Logistics Corp.*,
    2005 WL 5490240 (N.D. Cal. Nov. 7, 2005) .................................................... 17, 19

*Saunders v. USAA Life Ins. Co.*,
    71 F. Supp. 3d 1058 (N.D. Cal. 2014) .............................................................. 16

*Shalaby v. Newell Rubbermaid, Inc.*,
    2007 WL 3144357 (N.D. Cal. Oct. 24, 2007) .................................................... 16

*Sloan v. Pfizer, Inc.*,
    2008 WL 4167083 (N.D. Cal. Sept. 8, 2008) .................................................. 13, 14

*Ward v. Fluor Enter., Inc.*,
    2011 WL 778720 (N.D. Cal. Mar. 1, 2011) ......................................................... 18

**Statutes**

28 U.S.C. § 1391(b) .............................................................................................. 12, 13

28 U.S.C. § 1404(a) ............................................................................................... *passim*

28 U.S.C. § 1406(a) ..................................................................................................... 12

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(3) ............................................................... 8, 10

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3   Defendants Erika Girardi and EJ Global bring this motion to dismiss the Complaint under

4   Federal Rule 12(b)(3), or in the alternative to transfer this action to the Central District of

5   California under 28 U.S.C. § 1404(a).

6   The Court should dismiss this action because "Plaintiff had the burden of showing that

7   venue was properly laid in the Northern District of California," *Piedmont Label Co. v. Sun Garden*

8   *Packing Co.*, 598 F2d 491, 496 (9th Cir. 1979), but has failed to carry its burden.  Venue is

9   improper in the Northern District because ***none*** of the defendants is domiciled there, and ***none*** of

10  the Complaint's relevant alleged acts took place in the Northern District.  The Complaint's sole

11  support for venue in the Northern District is a single alleged email sent in San Francisco and the

12  unrelated fact that Plaintiff has a secondary office in the Northern District, which is not sufficient

13  to support Plaintiff's choice of venue.  Therefore, dismissal is appropriate because Plaintiff has

14  failed to allege facts that illustrate that its selection of venue is proper.  *See Piedmont Label* at 496.

15  Alternatively, the EG Defendants move the Court under 28 U.S.C. § 1404(a) to transfer

16  this action to the Central District of California, pursuant to the parties' Agreement and in the

17  interest of justice.  Under the Agreement, Plaintiff was and is contractually obligated to bring this

18  action against Ms. Girardi and EJ Global "in the federal or state courts of Los Angeles."  The EG

19  Defendants are entitled to enforcement of the Agreement.  *Atlantic Marine*, 571 U.S. at 63 (forum

20  selection clause has "controlling weight" in an analysis of a transfer motion).  *E. & J. Gallo*

21  *Winery v. Andina Licores S.A.*, 446 F.3d 94, 992 (9th Cir. 2006) ("the Supreme Court has

22  established a strong policy in favor of [forum selection] enforcement."); *cf. Murphy v. Schneider*

23  *Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) ("[F]orum selection clauses are presumptively

24  valid" unless the challenging party "'clearly show[s] that enforcement would be unreasonable and

25  unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" (citation

26  omitted)).

27  The convenience of the parties and witnesses as well as the interest of justice also favor a

28  transfer of venue to the Central District.  Plaintiff's claims arise out of the conduct of GK, a law

1   firm located in the Los Angeles area.  Most if not all of the facts alleged in the Complaint occurred

2   at GK; and therefore, GK's former attorneys, employees, and documents related to the transactions

3   in the Complaint are in the Central District.  GK is now in bankruptcy and its business records are

4   under the control of a chapter 7 trustee in the Central District.  Finally, given the nexus of the

5   events and transaction at issue to the Central District, a strong local interest exists in favor of

6   adjudicating this action in the Central District.

7        Any deference to Plaintiff's choice of forum is immaterial because no meaningful

8   connections exist between the events, witnesses and documents relevant to this action and the

9   Northern District.  Plaintiff's choice of the Northern District should have little if any influence

10  given that (1) Plaintiff has consented to venue in Central District in the Agreement; (2) as noted,

11  virtually all of the events underlying Plaintiff's claims occurred in Los Angeles; (3) no meaningful

12  conduct relevant to this case occurred in the Northern District; (4) Plaintiff is headquartered in

13  Chicago; and (5) none of the Defendants resides in the Northern District.

14       Accordingly, the EG Defendants request that the Court either dismiss the Complaint or

15  transfer this action to the Central District of California.

16  **II.    <u>RELEVANT FACTUAL AND PROCEDURAL BACKGROUND</u>**

17       Plaintiff Edelson PC ("Edelson") and the law firm Girardi Keese ("GK"), as co-counsel,

18  represented families of certain passengers in litigation against The Boeing Company arising out of

19  the 2018 Lion Air crash of a Boeing 737 Max in Indonesia.  The case settled in early 2020, after

20  which Edelson demanded from GK its claimed share of attorneys' fees under a fee-splitting

21  agreement that, as noted by Ms. Girardi in a brief filed in Bankruptcy Court in the Central District

22  in November 2021[1], did not comply with the ethical rules of either California or Illinois.  Thus, as

23  a matter of law, Edelson's fee-splitting agreement with GK was unethical, unenforceable, and void

24  as against the public policy of both California and Illinois.

25       In December 2020, after months of attempts to collect payment of its fee-split share from

---

[1] *See In re Thomas Girardi*, No. 20-bk-21020-BR (Dkt 280 filed 11/02/21) (Supplemental Opposition of Party-In-Interest Erika Girardi to Edelson PC's Motion for Relief From The Automatic Stay Under 11 U.S.C. § 362).

GK, Edelson initiated contempt proceedings against Mr. Girardi and GK in the Boeing multi-district litigation captioned *In Re: Lion Air Flight JT 610 Crash*, Lead Case No. 18-cv-07686.  In addition, Edelson filed a separate district court lawsuit in Illinois seeking to recover its fees, naming as defendants Thomas Girardi, GK, other GK attorneys (David Lira and Keith Griffin) as well as Ms. Girardi and EJ Global (the "Illinois Action").  *See Edelson PC v. Girardi*, et al., Case No. 20-cv-07115.

In January 2022, Edelson dismissed Ms. Girardi and EJ Global from the Illinois Action without prejudice, and entered into a tolling agreement with them (the "Agreement"), which included a provision that if Edelson were to re-assert claims against Ms. Girardi and EJ Global, Edelson would file suit in the state or federal courts in Los Angeles, California.  Next, and presumably in recognition of the fact that Edelson had equal duties to the Lion Air clients to ensure they received their settlement payments, Edelson caused its malpractice insurer to pay money to the clients, and entered into an assignment agreement with the clients purporting to allow Edelson to bring claims against other allegedly responsible parties.  This RICO action followed.  As noted, Edelson filed this action in the Northern District of California, notwithstanding the fact that:  (i) Edelson maintains only an outpost office in the Northern District (Edelson's main office being in Illinois); (ii) no defendant resides or works in the Northern District; (iii) none of the underlying transactions occurred in the Northern District; and (iv) by filing in the Northern District, Edelson breached its agreement to a Los Angeles venue in Edelson's Agreement with the EG Defendants.

## III.   LEGAL STANDARD

Pursuant to Federal Rule 12(b)(3), a defendant can move for dismissal of a case based on improper venue.  "Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated."  *Hope v. Otis Elevator Co.,* 389 F.Supp.2d 1235, 1243 (E.D. Cal. 2005); *see also, Piedmont Label*, 598 F.2d at 496.  "In ruling on a motion to dismiss for improper venue, the plaintiff's allegations in the complaint need not be accepted as true, and the court may consider evidence outside the pleadings."  *Argueta v. Banco Mexicano*, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  "[T]rial court must draw all reasonable inferences in favor of the non-moving party and

1   resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*,

2   362 F.3d 1133, 1138 (9th Cir. 2004).

3       Section 1404(a) allows a district court to "transfer any civil action to any other district or

4   division where it might have been brought or to any district or division to which all parties have

5   consented."  Under Section 1404(a), the Court's venue analysis requires consideration of the

6   convenience of the parties and various public interest factors.  *Atlantic Marine Const. Co., Inc. v.*

7   *U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 62 (2013).  "Factors relating to the

8   parties' private interests include 'relative ease of access to sources of proof; availability of

9   compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing,

10  witnesses; possibility of view of premises, if view would be appropriate to the action; and all other

11  practical problems that make trial of a case easy, expeditious and inexpensive.'"  *Id.* at n.6

12  (*quoting Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981)).  Public interest factors

13  include "the administrative difficulties flowing from court congestion; the local interest in having

14  localized controversies decided at home; [and] the interest in having the trial of a diversity case in

15  a forum that is at home with the law."  *Id.*

16      Further, a motion under Section 1404(a) is the proper vehicle to enforce a valid forum

17  selection clause.  *Atlantic Marine*, 571 U.S. at 59.  A "proper application of Section 1404(a)

18  requires that a forum-selection clause be 'given controlling weight in all but the most exceptional

19  cases.'"  *Id.* (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)

20  (KENNEDY, J., concurring)).

21  **IV.    <u>ARGUMENT</u>**

22      This action should be dismissed for improper venue.  None of the defendants resides or has

23  a place of business in the Northern District.  Further, virtually all the transactions at issue in the

24  Complaint occurred at GK, which is located in the Central District.  As an alternative to dismissal,

25  the Court should transfer this action to the Central District for two reasons.  First, the Venue

26  Provision of the Agreement between Plaintiff and the EG Defendants requires that Plaintiff bring

27  this action in the state or federal courts of Los Angeles, California.  Second, a Section 1404(a)

28  convenience analysis supports transferring this action to the Central District.

Case No. 3:22-cv-03977-SK

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

A. <u>**Venue Is Not Proper in the Northern District of California**</u>

Under 28 U.S.C. § 1391(b):

> a civil action may be brought in: 1) a judicial district in which any
> defendant resides, if all defendants are residents of the State in
> which the district is located; 2) a judicial district in which ***a
> substantial part of the events*** or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the
> action is situated; or 3) if there is no district in which an action may
> otherwise be brought as provided in this section, any judicial district
> in which any defendant is subject to the court's personal jurisdiction
> with respect to such action.

(emphasis added).  When venue is improper, the court "shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought." 28

U.S.C. § 1406(a).

It is undisputed that none of the defendants resides in the Northern District.  Even

Plaintiff's primary place of business is not in the Northern District.  Compl. at ¶ 24.  Further, none

of the Complaint's relevant alleged conduct took place in the Northern District, but rather,

occurred in the Central District.  GK was located in Los Angeles and its client trust accounts were

administered by GK out of its offices.  Moreover, none of the conduct alleged as to Ms. Girardi,

David Lira, Keith Griffin or Christopher Kamon took place in the Northern District.  The

allegations that Messrs. Lira and Griffin litigated unrelated cases in San Francisco have no bearing

on the Complaint's operative facts or claims.  *See* Compl. at ¶¶ 36-38.  Plaintiff's solitary

reference to an isolated incident in which Mr. Griffin allegedly "sent a lulling email" while present

in the Northern District does not remedy the Complaint's failure to show that venue is proper.  *See*

Compl. at ¶ 39.  This single allegation falls short of illustrating that a "substantial part of the

events or omissions giving rise to [Plaintiff's] claim" occurred in the Northern District.  28 U.S.C.

§ 1391(b).  Finally, Plaintiff has not offered any facts to show that "there is no district in which an

action may otherwise be brought as provided in" section 1391(b).  *Id.*

Because the Northern District is not an appropriate venue for this action, the Complaint

should be dismissed.

**B.**       <u>**Alternatively, the Court Should Transfer This Case to the Central District.**</u>

**1.**       **The Central District is an Appropriate Forum.**

The Court may transfer this action to "any other district or division where it might have been brought" based on considerations of "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). "When determining whether a transfer is proper . . . [a] court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344, (1960)). An action "'could have been brought' in a proposed transferee district if that district would have had subject matter jurisdiction, the defendants would have been subject to personal jurisdiction, and venue would have been proper." *Sloan v. Pfizer, Inc.*, 2008 WL 4167083, at *3 (N.D. Cal. Sept. 8, 2008) (quoting *Hoffman*, 363 U.S. at 343-44).

There is no question that this case could have been brought in the Central District of California. First, Plaintiff's claims arise under federal and state law, and the Central District has subject matter jurisdiction. Second, of the nine defendants, seven are domiciled in the Los Angeles area and are therefore subject to personal jurisdiction in the Central District. Third, the vast majority if not all of the events alleged in the Complaint took place in the Los Angeles area. Fourth, Plaintiff's Agreement with the EG Defendants required Plaintiff to bring its claims against the EG Defendants in the state or federal courts of Los Angeles, California.

**2.**       **The Venue Provision in the Agreement Requires Transfer.**

**(a)**       **The EG Defendants Are Entitled to Enforcement of the Bargained-for Venue Provision.**

The bargained-for Venue Provision in the Agreement constitutes a valid forum selection clause and requires Plaintiff to file any lawsuit against Ms. Girardi or EJ Global in the state or federal courts of Los Angeles. The EG Defendants are entitled to enforcement of the Venue Provision.

Analysis of a forum selection clause "begins by recognizing the strong judicial policy favoring their enforcement." *Cung Le*, 108 F.Supp.3d 768, 774 (2015). Such agreements are

"presumptively valid and should be enforced." *Id.*; *see Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) ("[F]orum selection clauses are presumptively valid" unless the challenging party "'clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" (citation omitted)); *see also Atlantic Marine*, 571 U.S. at 62 ("When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.").  As noted by the Supreme Court:

> [w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A ***forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place***. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Id.* at 66 (emphasis added).

"[A] court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests . . . [and] must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atlantic Marine*, 571 U.S. at 64.  "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.*  Therefore, this Court "should transfer the case unless [Plaintiff can demonstrate that] extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 52.  Plaintiff has not offered any evidence of such extraordinary circumstances.

### (b)     The Agreement's Venue Provision Is Enforceable.

"[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which … the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009).  "[T]here are three reasons a forum selection clause may be unenforceable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause

1   enforced; and (3) if enforcement would contravene a strong public policy of the forum in which

2   suit is brought." *Peterson v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (citations and

3   quotation marks omitted).  None of those reasons applies here.

4           As to the first reason, the Agreement's Venue Provision was undisputedly not a product of

5   fraud or overreach.  The Agreement is in writing and is executed by the Plaintiff, as well as by the

6   EG Defendants.  As stated in the Agreement:

7                   11.   ***Counsel for each Party has reviewed this Agreement and
                    had the opportunity to make suggestions or changes. Accordingly,***
8                   ***this Agreement shall be deemed to have been drafted jointly by the
                    Parties***, and the common law principles of construing ambiguities
9                   against the drafter shall have no application. This Agreement shall
                    be construed fairly and not in favor of or against one Party as the
10                  drafter.

11  Ex. B at ¶ 11 (emphasis added).

12          As to the second reason, enforcing the Venue Provision does not deprive Plaintiff of its

13  day in court.  To the contrary, transferring this case would facilitate a more efficient adjudication

14  of Plaintiff's claims given that most of the parties, witnesses, and relevant documents are located

15  in the Los Angeles area.

16          In addition, transferring this case to the Central District would not contravene California's

17  public policy.  To the contrary, enforcing the Agreement falls squarely within California's public

18  interest of enforcing contractual forum selection clauses.  *See Handoush v. Lease Finance Group*,

19  LLC 41 Cal.App.5th 729, 734 (2019)(quoting *America Online, Inc. v. Superior Court*, 90

20  Cal.App.4th 1, 11 (2001)) ("California favors contractual forum selection clauses so long as they

21  are entered into freely and voluntarily, and their enforcement would not be unreasonable.

22  [Citation.]  This favorable treatment is attributed to our law's devotion to the concept of one's free

23  right to contract, and flows from the important practical effect such contractual rights have on

24  commerce generally.").

25          For the foregoing reasons, the Court should enforce the Venue Provision and transfer this

26  action to the Central District.

27                  **3.     Parties' Convenience and Principles of Fairness Favor Transfer.**

28  The Venue Provision is sufficient reason in itself to require transfer.  In addition, however,

Case No. 3:22-cv-03977-SK

1  the Central District is a far more convenient forum for both the likely witnesses and the parties.  A

2  transfer, therefore, would be consistent with the interests of justice.  *See Saunders v. USAA Life*

3  *Ins. Co.*, 71 F. Supp. 3d 1058, 1060 (N.D. Cal. 2014) (quoting *Van Dusen v. Barrack*, 376 U.S.

4  612, 616 (1964)) ("The purpose of § 1404(a) is to 'prevent the waste of time, energy, and money

5  and to protect litigants, witnesses, and the public against unnecessary inconvenience and

6  expense.'").

7        In determining whether a transferee district would provide a more convenient forum for the

8  action, courts consider "the convenience of parties and witnesses."  28 U.S.C. § 1404(a).  In

9  addition to the Section 1404(a) convenience considerations discussed above, the Ninth Circuit has

10  identified other fairness factors, including:  "(1) the location where the relevant agreements were

11  negotiated and executed, (2) the state that is most familiar with the governing law, (3) the

12  plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts

13  relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of

14  litigation in the two forums, (7) the availability of compulsory process to compel attendance of

15  unwilling non-party witnesses, and (8) the ease of access to sources of proof."  *Jones v. GNC*

16  *Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  These factors also support a transfer of

17  venue to the Central District.

18              (a)        **Plaintiff's Choice of Forum Should Be Afforded Little**

19                          **Deference.**

20        "[A] plaintiff's choice of forum should be given less weight when it is not 'the place where

21  the operative facts of the action occurred.'"  *Shalaby v. Newell Rubbermaid, Inc.*, 2007 WL

22  3144357, at *6 (N.D. Cal. Oct. 24, 2007) (citation omitted); *see also Bradley-Brown v. Am. Home*

23  *Mortgage Servicing, Inc*., 2012 WL 254064, at *2-4 (C.D. Cal. Jan. 25, 2012) (granting transfer to

24  Northern District of Texas when "(1) most witnesses and documents are located in Texas; (2)

25  Texas is significantly more convenient for Defendants and will not be any less convenient for

26  Plaintiff; (3) the factual basis for Plaintiff's claims took place in Texas; and (4) under the

27  circumstances, Plaintiff's choice of forum is given little weight."); *Broadcast Data Retrieval*

28  *Corp.*, 2006 WL 1582091, at *3 (C.D. Cal. June 6, 2006) ("Unlike the Southern District of New

-16-

Case No. 3:22-cv-03977-SK

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

York, the forum chosen by Plaintiffs lacks a significant connection to the activities alleged in the FAC and simply has no particular interest in the subject matter of this action.  Accordingly, Plaintiffs' choice of forum is entitled to minimal deference … ."); *Ruiz v. Affinity Logistics Corp.*, 2005 WL 5490240, at *2 (N.D. Cal. Nov. 7, 2005) ("If the operative facts have not occurred within the forum of original selection . . . [a] plaintiff's choice is only entitled to minimal consideration.") (internal quotation marks and citation omitted).

In this case, Plaintiff's choice of forum is entitled to little deference.  None of the operative facts alleged in the Complaint took place in the Northern District.  By contrast, Mr. Girardi and the GK offices, attorneys, and employees were and are located in Los Angeles.  Also, at least six of the other defendants reside in or have their offices in Los Angeles.  *See Cung Le*, 108 F.Supp.3d at 779 ("Plaintiffs filed these purported class actions in a district where very few of the operative facts occurred.  That being the case, this forum has little local interest in adjudicating Plaintiffs' claims. … Thus, while Plaintiffs' choice of forum must be given some consideration, that factor is outweighed here by the significant connection these cases have to Las Vegas.").

### (b)     The Central District is the Most Convenient Forum for Witnesses.

The convenience of the witnesses has been described as "the most important factor in deciding whether to transfer an action," and favors transferring this action to the Central District. *See, e.g.*, *Lipnick v. United Air Lines, Inc.*, No. C 11-2028 CW, 2011 WL 4026647, at *2 (N.D. Cal. Sept. 9, 2011) (quotation marks and citation omitted).  As noted, at least seven of the nine defendants reside or have their principal offices in the Central District.  Also, most if not all of any additional fact witnesses reside in or near the Los Angeles area, given that virtually all the conduct and transactions alleged in the Complaint occurred at GK's offices in Los Angeles.  By contrast, all these witness would be required to travel to testify in the Northern District.

### (c)     The Central District Has Greater Ease of Access to Sources of Proof.

GK is now in bankruptcy and its files and records are in the possession, custody, and control of a chapter 7 bankruptcy trustee, Elissa Miller, whose office is located in Los Angeles.

Borges Decl. ¶ 6; *see Bradley-Brown*, 2012 WL 254064, at *2; *see also Irvine Pharm. Servs., Inc.*, 2008 WL 4792513, at *4; *Jarvis,* 1999 WL 638231, at *2 (transferring case where, *inter alia*, "the majority of documents . . . are located at Marietta's New York headquarters"); *Foster v. Nationwide Mut. Ins. Co.,* 2007 WL 4410408, at *6 (N.D. Cal. Dec. 14, 2007) ("[D]ocuments pertaining to defendants' business practices are most likely to be found at their principal place of business." (citation omitted).

Moreover, almost all of the other relevant documents, including those in possession of GK's former employees and the Defendants, are likely located in the Los Angeles area. *Ward v. Fluor Enter., Inc.*, 2011 WL 778720, at *4 (N.D. Cal. Mar. 1, 2011) ("the possibility that documents can be produced electronically does not alter the conclusion that the cost of litigation will likely be less if the case were venued in the forum where the evidence is located"). It will be far easier for the documents and other sources of proof to be presented in a proceeding in the Central District.

### (d)   The Parties' Respective Contacts with the Districts Weigh in Favor of Transfer.

The parties' respective contacts with the Central District are many orders of magnitude greater than the parties' contacts with Northern District. GK and all of its business operations were based in Los Angeles, and the vast majority of the defendants and witnesses in this case are located in Los Angeles. In any event, even the two defendants who are not based in Los Angeles have no significant contact with Northern District.

### (e)   Few If Any Meaningful Contacts Exist Between Plaintiff's Causes of Action and the Northern District.

Plaintiff has offered nothing to connect its causes of actions to the Northern District. Plaintiff only asserts that it maintains an office in the Northern District, and that some of the defendants have traveled to the Northern District (some as far back as three years ago). None of these allegations shows a meaningful contact of this entire action to the Northern District so as to offset the multiple considerations favoring if not compelling venue in the Central District.

**(f)     The Difference in the Cost of Litigation Favors Transfer.**

"Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify." *See Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1095 (N.D.Cal.2013).  As noted, there are significantly more witnesses, both party and non-party, in the Central District as compared to the Northern District.  Further, because the sources of proof, including documentary evidence, are largely located in the Central District, the overall litigation expense will be less if the action is transferred to the Central District.

**(g)     The Avoidance of Counterclaims Favor Transfer.**

The EG Defendants have the right to bring counterclaims against Plaintiff for breach of the Venue Provision of the Agreement, and to seek damages for attorneys' fees, costs, and travel incurred as a result of Plaintiff breaching the Agreement and filing this action in the Northern District. *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 651 (7th Cir. 2014) ("breach of a forum-selection clause is no different from breach of other contractual provisions" and may give rise to damages resulting from costs incurred in having to resolve dispute in a forum other than the one agreed upon); *Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-0542 CAS, 2008 WL 4772125, at *5 (C.D. Cal. 2008) (defendant adequately pleaded counterclaim for damages for breach of a forum selection clause after plaintiff brought suit in California when contract designated New York forum).  While a venue transfer does not moot claims against Plaintiff for breach of the Venue Provision of the Agreement, a venue transfer lessens the amount of what are unnecessary damages that could have been avoided had Plaintiff complied with the Agreement.

**V.     <u>CONCLUSION</u>**

For the foregoing reasons, the EG Defendants request that the Court either dismiss this action due to improper venue, or transfer the action to the United States District Court for the Central District of California.

1  DATED:  September 21, 2022          GREENBERG GROSS LLP

2

3                                                By:

4                                                    Evan C. Borges
                                                     David T. Shackelford
5                                                    Amir A. Shakoorian
                                                     Attorneys for Defendants Erika Girardi and EJ
6                                                    Global, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

1

## PROOF OF SERVICE

2

**Edelson PC v. David Lira, et al.**
**Case No. 3:22-cv-03977-SK**

3

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

4

At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Orange, State of California.  My business address is 650 Town Center
Drive, Suite 1700, Costa Mesa, CA 92626.

5

6

On September 21, 2022, I served true copies of the following document(s) described as
**DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE, OR,
ALTERNATIVELY TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF
CALIFORNIA** on the interested parties in this action as follows:

7

8

9

### SEE ATTACHED SERVICE LIST

10

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the
document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case
who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case
who are not registered CM/ECF users will be served by mail or by other means permitted by the
court rules.

11

12

13

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this
Court at whose direction the service was made.

14

15

Executed on September 21, 2022, at Costa Mesa, California.

16

17

18

_____
Cheryl Winsten

19

20

21

22

23

24

25

26

27

28

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

1

**SERVICE LIST**
**Edelson PC v. David Lira, et al.**
**Case No. 3:22-cv-03977-SK**

2

3  | Rafey S. Balabanian, Esq. | Attorneys for Plaintiff Edelson PC
   | EDELSON PC
4  | 150 California Street, 18th Floor
   | San Francisco, CA 94111
5  | Telephone: (415) 212-9300
   | Facsimile: (415) 373-9435
6  | Email: rbalabanian@edelson.com

7  | Alexander Glenn Tievsky | Attorneys for Plaintiff Edelson PC
   | J. Eli Wade- Scott
8  | Jay Edelson
   | Edelson PC
9  | 350 North LaSalle, 14th Floor
   | Chicago, IL 60654
10 | Email: atievsky@edelson.com
   | Email: ewadescott@edelson.com

11

12 | Walter J. Lack, Esq. | Attorneys for Defendant David Lira
   | Rachel M. Lannen, Esq.
   | ENGSTROM, LIPSCOMB & LACK
13 | 10100 Santa Monica Boulevard, 12th Floor
   | Los Angeles, CA 90067-4113
14 | Tel: (310) 552-3800
   | Fax: (310) 552-9434
15 | Email: wlack@elllaw.com
   | Email: rlannen@elllaw.com

16

17 | Jeff Wiley Poole | Attorneys for Defendant Joseph DiNardo
   | Hamrick & Evans LLP
   | 2600 West Olive Avenue, Suite 1020
18 | Burbank, CA 91505
   | Email: jpoole@hamricklaw.com

19

20 | Richard M. Scherer, Jr. | Attorneys for Defendant Joseph DiNardo
   | Lippes Mathias Wexler Friedman LLP
   | 50 Fountain Plaza, Suite 1700
21 | Buffalo, NY 14202
   | Email: rscherer@lippes.com

22

23 | Anthony L. Lanza | Attorneys for Defendants George Hatcher &
   | Brodie H. Smith | Wrongful Death Consultants
   | LANZA & SMITH
24 | A Professional Law Corporation
   | 3 Park Plaza, Suite 1650
25 | Irvine, California 92614-8540
   | Email: tony@lanzasmith.com
26 | Email: brodie@lanzasmith.com

27

28

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

| | | |
|---|---|---|
| 1 | Sean Eric Ponist | Attorneys for Defendant California Attorney |
| | Ponist Law Group, P.C. | Lending II, Inc. |
| 2 | 100 Pine Street, Suite 1250 | |
| | San Francisco, CA 94111 | |
| 3 | Email: sponist@ponistlaw.com | |

| 4 | William F. Savino | Attorneys for Defendant California Attorney |
|---|---|---|
| | Woods Oviatt Gilman LLP | Lending II, Inc. |
| 5 | 1900 Main Place Tower | |
| | 350 Main Street | |
| 6 | Buffalo, NY 14202 | |
| | Email: wsavino@woodsoviatt.com | |
| 7 | | |

| 8 | William E Brueckner , III | Attorneys for Defendant California Attorney |
|---|---|---|
| | Woods Oviatt Gilman LLP | Lending II, Inc. |
| | 1900 Bausch & Lomb Place | |
| 9 | Rochester, NY 14604 | |
| | Email: wbrueckner@woodsoviatt.com | |
| 10 | | |

The following are those who are currently on the list to receive ECF notices for this case.

- **Rafey Sarkis Balabanian**
  rbalabanian@edelson.com,5926930420@filings.docketbird.com,docket@edelson.com

- **Evan Christopher Borges**
  eborges@ggtriallaw.com,cwinsten@ggtriallaw.com

- **William E Brueckner , III**
  wbrueckner@woodsoviatt.com,morlando@woodsoviatt.com

- **Jay Edelson**
  jedelson@edelson.com,docket@edelson.com,5923412420@filings.docketbird.com

- **Rachel Marilyn Lannen**
  rlannen@elllaw.com

- **Anthony Lawrence Lanza**
  tony@lanzasmith.com,Leona@LanzaSmith.com

- **Sean Eric Ponist**
  sponist@ponistlaw.com,gschneider@ponistlaw.com

- **Jeff Wiley Poole**
  jpoole@hamricklaw.com,secretary2@hamricklaw.com,sjustice@hamricklaw.com,
  hmartindale@hamricklaw.com

- **Ryan Donald Saba**
  rsaba@rosensaba.com,dsanchez@rosensaba.com

- **William F. Savino**
  wsavino@woodsoviatt.com,lherald@woodsoviatt.com

-23-

Case No. 3:22-cv-03977-SK

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- **Richard M. Scherer , Jr**
  rscherer@lippes.com

- **Alexander Glenn Tievsky**
  atievsky@edelson.com,docket@edelson.com,3500078420@filings.docketbird.com

- **J. Eli Wade-Scott**
  ewadescott@edelson.com,6967687420@filings.docketbird.com,docket@edelson.com

DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE