Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300/Fax: 415.373.9435

*Counsel for Plaintiff Edelson PC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation,<br><br>*Defendants.* | Case Number: 3:22-cv-03977-JSC<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Judge: Hon. Jacqueline Scott Corley |

Plaintiff submits this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California, Federal Rule of Civil Procedure 26(f), and Civil Local Rule 16-9.

This statement was drafted only by Plaintiff. When this case was previously assigned to Magistrate Judge Sallie Kim, the Court entered an initial case management scheduling order requiring a 26(f) conference by September 26, 2022, and a case management statement—consistent with Fed. R. Civ. P. 26(f) and Local Rule 16–9—by October 10, 2022. (*See* Dkt. 8; *see also* Fed. R.

Civ. P. 26(f) ("The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan.").) Magistrate Judge Kim also set an initial case management conference on October 17, 2022. (Dkt. 8.) The Parties accordingly held a Rule 26(f) conference on September 26, 2022. The case was subsequently transferred to Judge Jacqueline Scott Corley and the hearing dates vacated. (Dkt. 73.) Judge Kim's prior order has a provision that automatically moves the due date for the case management statement when the initial case management conference is moved. (*See* Dkt. 8 at 2 fn. \*\*.) But given that the Federal and Local Rules otherwise require submitting a case management order within 14 days of the 26(f) conference, and that the case management conference was stricken entirely (rather than moved), Plaintiff provided Defendants with a draft case management statement on October 3, 2022 and advised Defendants that it still intended to timely submit one. (*See* Decl. of J. Eli Wade-Scott ¶¶ 2–4.) Defendants declined to participate in drafting this case management order because they believe that none is required at this time. (*See* Decl. of J. Eli Wade-Scott at ¶ 5.)

Plaintiff's case management statement follows.

**1. Jurisdiction & Service**

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the jurisdictional amount exceeds $75,000 and Plaintiff Edelson PC does not share a state of citizenship with any Defendant. This Court also has jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the RICO, 18 U.S.C. § 1961, *et seq.*

Venue is contested and the subject of pending motions. Plaintiff contends venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Plaintiff maintains an office and conducts business in this District and a substantial part of the events giving rise to the claims alleged occurred in this District. Venue is also proper under 18 U.S.C. § 1965(a) and (b) because Lira and Griffin transacted their affairs in this District, including by litigating cases in this District and by traveling to this District for the purpose of conducting business. Specifically, Lira traveled to this District to transact his affairs on or about March 19, April 19, May 6, June 13, and August 9,

2019. Griffin traveled to this District to transact his affairs on or about October 26, 2019. He also litigated *Licea v. Facebook*, No. 3:19-cv-00117 (N.D. Cal.) and *Adkins v. Facebook*, No. 3:18-cv-05982 (N.D. Cal.) in this District. On September 11, 2020, while physically present in this District, Griffin sent a lulling email in furtherance of the conspiracy described in the complaint.

Defendant Christopher Kamon has not yet been served. Plaintiff is still undertaking efforts to personally serve Mr. Kamon.

**2. Facts**

Defendants are individuals and corporations that were personally and professionally involved with Tom Girardi and his law firm, Girardi Keese. (Dkt. 1 ¶¶ 25-33.) Girardi Keese and Plaintiff Edelson PC represented families of victims killed in the 2018 Lion Air Flight 610 plane crash in wrongful death actions against Boeing. *In re Lion Air Flight JT 610 Crash*, No. 18-cv-07686 (N.D. Ill.). When those cases eventually resolved for substantial monetary settlements for the families, Boeing wired those funds into the Girardi Keese client trust account—but significant amounts of those settlements were stolen from the trust account. Plaintiff Edelson brought the theft of these funds to light via suit and in parallel contempt proceedings in the *Lion Air* case, which prompted the collapse of the firm and the individual bankruptcy of Tom Girardi. That revealed, Plaintiff alleges, a decades-long criminal enterprise at Girardi Keese that operated much like a Ponzi scheme, in which the firm would steal money from clients, vendors, and co-counsel in order to pay those it had stolen from before.

The *Lion Air* families have assigned their claims to Edelson, and Edelson is pursuing a variety of claims arising from that theft against Defendants David Lira, Keith Griffin, Erika Girardi, EJ Global, LLC, Christopher Kamon, George Hatcher, Wrongful Death Consultants, Joseph DiNardo, and California Attorney Lending II.

**3. Legal Issues**

    **A. Rule 12 Procedural Issues**

Some defendants have attempted to file multiple motions under Federal Rule of Civil Procedure 12 or have filed motions that seek dismissal of claims against other parties. There will be disputed questions of law as to whether a defendant can file multiple simultaneous motions under

Rule 12, whether Rule 12 permits one defendant to seek dismissal of claims asserted against a different defendant, and whether Defendants Wrongful Death Consultants, Erika Girardi, and EJ Global, LLC have waived their venue objections by failing to include them in their first Rule 12 motions.

### B. First and Second Causes of Action: Racketeering, 18 U.S.C. § 1962(c) and (d)

As to the First Cause of Action for Racketeering, the primary legal question in dispute will be whether Defendants Lira, Griffin, Kamon, and Hatcher operated a criminal enterprise to steal Girardi Keese client money to pay themselves and former clients; specifically, whether they engaged in (1) conduct, (2) of the Girardi Family Enterprise, (3) through a pattern, (4) of racketeering activity (otherwise known as "predicate acts"), (5) causing injury to the Lion Air Clients' property. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). As to the Second Cause of Action for Conspiracy to Commit Racketeering, the disputed point of law is whether Defendants Lira, Griffin, Kamon, Hatcher, Wrongful Death Consultants, EJ Global, and Erika Girardi *agreed* that someone would commit the substantive RICO violation. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-75 (9th Cir. 2002) ("It is the mere agreement to violate RICO that § 1962(d) forbids; it is not necessary to prove any substantive RICO violations ever occurred as a result of the conspiracy").

### C. Third Cause of Action: Receipt of Stolen Property, Cal. Penal Code § 496(c)

The primary disputed points of law are expected to be whether (i) the Lion Air Clients' settlement money was stolen or obtained in a manner constituting theft, (ii) Defendants Griffin, Lira, Kamon, Hatcher, Wrongful Death Consultants, Erika Girardi, and EJ Global knew the money was so stolen or obtained, and (iii) the Defendants received or had possession of the stolen money. *Allure Labs, Inc. v. Markushevska*, 606 B.R. 51, 64 (N.D. Cal. 2019) ("All that is required for civil liability to attach under section 496(c), including entitlement to treble damages, is that a 'violation' of subdivision (a) … of section 496 is found to have occurred.") (citing *Switzer v. Wood*, 35 Cal. App. 5th 116, 126 (2019), *as modified* (May 10, 2019)).

### D. Fourth Cause of Action: Aiding and Abetting Concealment of Stolen Property, Cal. Penal Code § 496(c)

The primary disputed points of law will be whether Defendants Griffin, Lira, Kamon, Hatcher, and Wrongful Death Consultants (1) took affirmative actions—including aiding, counseling, commanding, inducing, or procuring—in furtherance of concealing stolen client settlement money in violation of § 496(a) and (c), (2) with the intent to facilitate the concealment. *Rosemond v. United States*, 572 U.S. 65, 71 (2014) (laying out federal test for aiding and abetting); *People v. Grant*, 113 Cal. App. 4th 579, 595 (2003) (concealment of stolen property "consists of the act of intentionally secreting stolen property in violation of the affirmative duty to return it ... to its rightful owner.").

### E. Fifth Cause of Action: Money Had and Received

The primary disputed points of law will be whether (1) the money received by Defendants California Attorney Lending and DiNardo belonged to the Lion Air Clients, and (2) "in equity and good conscience" that money should be paid to Plaintiff, as assignee of the Lion Air Clients' claims. *Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1454 (2013).

### F. Sixth Cause of Action: Conversion

The primary disputed points of law will be whether (1) the Plaintiff's assignees were entitled to ownership or possession of the settlement money at the time of the conversion; (2) the Defendants Kamon, Griffin, Lira, Hatcher, and Wrongful Death Consultants assumed "control or ownership over" the settlement money or "applied the [money] to his own use" by a wrongful act or disposition of property rights; and (3) Plaintiff's assignees suffered damages as a result. *Graham-Sult v. Clainos*, 756 F.3d 724, 749-50 (9th Cir. 2014) (applying California law).

### G. Seventh Cause of Action: Unlawful and Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq.*

The primary disputed points of law will be whether the fee sharing agreement between Defendants Lira and California Attorney Lending, which is neither an attorney nor a law firm, violates the law and is actionable under Cal. Bus. & Prof. Code § 17200 *et seq*. *Rose v. Bank of Am., N.A.*, 57 Cal. 4th 390, 396 (2013) ("By proscribing 'any unlawful' business practice," Cal. Bus. & Prof. Code § 17200 "'borrows' violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable.") (citations omitted).

### H. Eighth Cause of Action: Violations of the Consumer Legal Remedies Act, Cal. Bus. & Prof. Code § 1780

The primary disputed points of law will be whether Defendants Lira, Griffin, and California Attorney Lending arranged to pay California Attorney Lending in a manner prohibited by law and, accordingly, damaged the Lion Air clients. Cal. Bus. & Prof. Code § 1770(a)(14); *Gutierrez v. Carmax Auto Superstores California*, 19 Cal. App. 5th 1234, 1263 (2018), *as modified on denial of reh'g* (Feb. 22, 2018) (To obtain relief under Cal. Bus. & Prof. Code § 1780, "[Plaintiff] must have suffered some damage caused by a practice deemed unlawful under Civil Code section 1770.").

### I. Ninth Cause of Action: Deceit

The primary disputed points of law are whether Defendants Griffin and Lira (1) made misrepresentations, through both false representation and concealment, to the Lion Air Clients with respect to their settlement money; (2) knew that their statements were false; (3) intended to deceive the Lion Air Clients and to induce their reliance; (4) the Lion Air Clients justifiably relied on their misrepresentation; and (5) the Lion Air Clients were damaged as a result. *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557 (2011).

### J. Tenth Cause of Action: Deceit

The primary disputed points of law are whether Defendant Griffin, by engaging Mohamed Eltaher to induce the Lion Air Clients into signing retainer agreements with Girardi Keese, he (1) made misrepresentations, through both false representation and concealment, to the Lion Air Clients that it would provide legal representation consistent with the accepted standards of legal representation in the United States; (2) knew that his statements were false; (3) intended to deceive the Lion Air Clients and to induce their reliance; (4) the Lion Air Clients justifiably relied on his misrepresentation; and (5) the Lion Air Clients were damaged as a result. *Id*.

## 4. Motions

There are currently nine motions pending concerning venue and the merits of the action: (Dkts. 41, 43, 47, 49, 54, 55, 58, 60, 61.)

## 5. Amendment of Pleadings

The Parties have not agreed on a deadline for amendment of the pleadings.

**6. Evidence Preservation**

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (the "ESI Guidelines"). The Parties have additionally conferred with their respective counsel about the need to preserve evidence that may be relevant to Plaintiff's claims or Defendants' defenses, including the preservation of electronically stored information.

**7. Disclosures**

The Parties have served their initial disclosures.

**8. Discovery**

No discovery has taken place to date.

Plaintiff believes that discovery will focus on the extent of each Defendant's knowledge and actions in furtherance of the conspiracy by which Girardi Keese stole client settlement money, their receipt of stolen property, and deceit. The discovery will likely be comprised of document requests and depositions of each Defendant, and a limited number of former attorneys and consultants employed by Girardi Keese. Upon the close of fact discovery, Plaintiff anticipates expert discovery including at least a forensic accounting expert.

**9. Class Actions**

This action is not a class action and no class certification is sought.

**10. Related Cases**

Defendant California Attorney Lending believes that the adversary proceeding filed against it in *In re Girardi Keese*, No. 2:20-bk-21022-BR (Bankr. C.D. Cal.) is a related action. (Dkt. 39.) Plaintiff does not agree. (*See* Dkt. 76.) Plaintiff anticipates efforts to coordinate discovery with *Edelson v. Girardi*, No. 20-cv-7115 (N.D. Ill.) and the *In re Girardi Keese* action.

**11. Relief**

Plaintiff seeks an Order (or Orders) for: (a) an award of actual damages as set forth in Plaintiff's under-seal complaint; (b) an award of treble damages as permitted or required by law, as set forth in Plaintiff's under-seal complaint; (c) an award of restitution for Defendants' wrongful conduct; (d) an award of reasonable attorneys' fees and costs; (e) an award of punitive or exemplary damages as set forth in Plaintiff's under-seal complaint; (f) an award of interest; (g) the creation of a

constructive trust; and (h) such other and further relief that the Court deems reasonable and just.

## 12. Settlement and ADR

The Parties filed ADR certifications with the court. The Parties have agreed to discuss ADR selection with Judge Corley at the case management conference.

## 13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.     __ __ YES    _X__ NO*

## 14. Other References

Plaintiff does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

The Parties are not aware of any issues that can be narrowed by agreement or by motion.

## 16. Expedited Trial Procedure

The Parties do not believe that this case should be handled via the Court's Expedited Trial Procedure.

## 17. Scheduling

| EVENT | PROPOSED DEADLINES |
|---|---|
| *Fact discovery cutoff* | June 12, 2023 |
| *Deadline for opening expert reports* | July 12, 2023 |
| *Deadline for opposition expert reports* | August 11, 2023 |
| *Deadline for reply expert reports* | August 25, 2023 |
| *Expert discovery cutoff* | October 9, 2023 |
| *Dispositive Motion Deadline* | November 8, 2023 |
| *Hearing on Dispositive Motions* | November 30, 2023 |
| *Final Pretrial Conference* | To be scheduled after dispositive motion ruling. |
| *Jury Trial* | To be scheduled after dispositive motion ruling. |

**18. Trial**

Plaintiff has requested a trial by jury of all matters that can be so tried. Plaintiff expects trial to take 14 days. The Parties will familiarize themselves with this Court's separate standing guidelines for preparation for the final pretrial conference and trial.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Dkt. 34. The following persons or entities have a financial interest in the subject matter in controversy because they directly or indirectly hold a future interest in a judgment entered in this matter:

1. Bias Ramadhan A.S. Bin Misyadi;
2. Guntur Idil Akbar Bin Misyadi;
3. Dzikri Agung Haryadi;
4. Hana Kamila Chairunnisa Binti Misyadi;
5. Dian Daniaty Binti Uidn Zaenudin and her minor child M.N;
6. Anice Kasim, and her minor children T.A.S. and S.C.S;
7. Zahra Amanda;
8. Elza Warti;
9. Multi Rizki;
10. Westhi Ramadina;
11. Mugni Rifki;
12. Muhammad Nur Fuadi;
13. M. Nuran Tk. Mudo;
14. Septiana Damayanti, and her minor children N.I.R. and A.M.Q;
15. Hudson Property & Casualty;
16. Wisner Law Firm.

The following entities have a non-financial interest in the subject matter in controversy that could be substantially affected by the outcome of this proceeding because issues that may be the subject of testimony in this matter have been referred to them for investigation and potential prosecution:

17. United States of America;

18. State Bar of California.

**20. Professional Conduct**

Counsel have reviewed the applicable Guidelines for Professional Conduct.

**21. Other**

Plaintiff is unaware of other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

                                                Respectfully Submitted,

Dated: October 10, 2022          **EDELSON PC**

                                                By: /s/ J. Eli Wade-Scott

                                                Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300/Fax: 415.373.9435

Jay Edelson (*pro hac vice*)
jedelson@edelson.com
J. Eli Wade-Scott (*pro hac vice*)
ewadescott@edelson.com
Alexander G. Tievsky (*pro hac vice*)
atievsky@edelson.com
EDELSON PC
350 North LaSalle, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff Edelson PC*

# I. CASE MANAGEMENT ORDER

The above CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT JUDGE