Walter J. Lack, Esq. (SBN 57550)
Rachel M. Lannen, Esq. (SBN 333701)
**ENGSTROM, LIPSCOMB & LACK**
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, CA 90067-4113
Tel: (310) 552-3800 / Fax: (310) 552-9434

Attorneys for Defendant,
DAVID LIRA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II., a New York corporation, <br><br> Defendants. | Case No. 3:22-cv-03977-SK <br><br> **DEFENDANT DAVID LIRA'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' RULE 12(B)(3) MOTIONS TO DISMISS AND 28 U.S.C. § 1406 AND 1404 MOTIONS TO TRANSFER** <br><br> Complaint Filed:  July 6, 2022 <br> Hearing Date:    December 1, 2022 <br> Motion Time:     9:00 a.m. <br> Courtroom:       8 |

**STATEMENT OF ISSUE TO BE DECIDED:**

1. Whether the Court should dismiss the Complaint pursuant to 28 U.S.C. §1391(b).

2. Whether venue is proper pursuant to 18 U.S.C. §1965(a).

3. Whether the Court should transfer venue pursuant to 28 U.S.C. §1404(a).

4. Whether the Court should dismiss or transfer venue pursuant to 28 U.S.C. §1406(a).

456032    2

**DEFENDANT DAVID LIRA'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' RULE 12(B)(3) MOTIONS TO DISMISS AND 28 U.S.C. § 1406 AND 1404 MOTIONS TO TRANSFER**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Plaintiff's Complaint and Opposition seek to do exactly what Congress sought to prevent when drafting 1391(a) and (b) – force the defendant into a venue where he has absolutely no basis for litigation. Plaintiff's Complaint and Opposition makes clear that all contacts between Plaintiff and all Defendants, if at all, occurred in the Central District of California including: Plaintiff's agreement to enter on as co-counsel in the *Lion Air* case with Thomas Girardi ("Girardi" and Girardi & Keese ("GK"), the wiring of the *Lion Air* money into the GK trust account, Plaintiff's alleged statements with Girardi, and the alleged scheme to steal the *Lion Air* client's money at GK.

Plaintiff principally attempts to convince this Court that venue exists in the Northern District and relies solely on a couple allegations in the Complaint which Lira has shown are factually untrue, and in any case is insufficient to lay venue in this district – where *no* defendant resides and where *no* (let alone a "substantial part") of the events giving rise to their claims occurred. Plaintiff has simply failed to establish venue in the Northern District.

As for Lira's alternative request under 28 U.S.C. § 1404(a) to transfer this action to the Central District of California, Plaintiff concedes that the convenience of the parties and witnesses weigh in favor of transfer. (Oppo. at 16:10-11). In the event the Court finds venue is proper, it should transfer this action for the convenience of the parties and witnesses to the Central District of California, where the overwhelming majority of the relevant witnesses and documents are located, and where the relevant activity emanated.

This Court should grant Lira's motion to dismiss, or in the alternative, transfer this action to the Central District of California.

///

## II. The Complaint Should be Dismissed for Improper Venue Under Rule 12(b)(3)

As demonstrated in Lira's opening papers, venue is improper because *no* defendant resides in the Northern District of California, a "substantial part of the events giving rise to suit did not occur in this District, and Lira is not subject to personal jurisdiction here. Mot. at 8:18-23.

Recognizing that they cannot prevail on this issue, Plaintiff offers three grounds as to why venue is proper in the Northern district: (1) "Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial portion of the events related to Plaintiff's claims occurred in the District"; (2) "Venue is proper in the Northern District under the Racketeer Influenced and Corrupt Organizations Act (RICO) venue statute 18 U.S.C. §1965(a) because two defendants, David Lira and Keith Griffin, transact their affairs in the District; and (3) "[V]enue is proper under 28 U.S.C. §1391(b)(1) because three defendants should be treated as residents of the Northern District of California… by virtue of their waiver of personal jurisdiction…" Oppo. at 2:8-20. These allegations, even if true (and Lira showed they are not), do not give rise to venue in this District.

### A. No Substantial Part of the Events or Omissions took Place in the Northern District

The legal standard under Title 28 U.S.C. § 1391 is undisputed. Plaintiff asserts that, pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of Plaintiff's claim for deceit, which is one of ten causes of actions, occurred in the Northern District, when Griffin sent *one* email to a *Lion Air* client while in the District on September 11, 2020. Oppo. at 7:6-23. This email is the *only* "event" that Plaintiff alleges in their Opposition that occurred in the District.

As discussed in Lira's Motion, Plaintiff fails to allege that a *substantial* part of the events or omissions giving rise to the claim occurred in the Northern District of California. This case is about ten (10) different causes of actions, against nine (9)

Case 3:22-cv-03977-JSC   Document 88   Filed 11/16/22   Page 5 of 12

defendants, all of which do not reside in the Northern District. Plaintiff has only asserted one (1) cause of action, against one (1) defendant, where one (1) event occurred in the District. Plaintiff conveys that this *one* event as a substantial portion of the events related to Plaintiff's claims occurring in the Northern District.

In fact, it is noteworthy more for what Plaintiff concedes than for asserting any viable argument that a substantial part of the events occurred in the Northern District. Plaintiff tacitly has made the following concessions that a substantial portion of the events occurred in the Central District:

> (1) "Thomas Girardi's assertions of improper influence in southern California, which he used specifically to try to bribe the Edelson firm to keep quiet about the allegations underlying this case." Oppo. at 3:2-3.
>
> (2) "Girardi Keese [located in the Central District, a nationally-recognized plaintiffs' firm led by famed attorney Thomas Girardi…" Oppo. at 3: 21-4:1.
>
> (3) "The firm and the individuals involved stole more than $100 million…" [while working in the Central District] Oppo. at 4:2-3.
>
> (4) "In late December 2020, Plaintiff Edelson PC set off the implosion of the scheme when it came to believe that Girardi had stolen money from the clients in *Lion Air*…" [while working in the Central District.] Oppo. at 4:4-5.
>
> (5) "This action seeks to vindicate the claims of the *Lion Air* clients against the individuals who participated directly in the scheme to steal their money…" [Allegedly while working at G&K in the Central District] Oppo. at 4:17-20.
>
> (6) "Specifically, David Lira and Keith Griffin are former attorneys at the Girardi Keese firm [based in the Central District] who represented the *Lion Air* clients [while working in the Central District]." Oppo. at 4:19-20.

///

**DEFENDANT DAVID LIRA'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' RULE 12(B)(3) MOTIONS TO DISMISS AND 28 U.S.C. § 1406 AND 1404 MOTIONS TO TRANSFER**

Based off of Plaintiff's concessions, a substantial part of the events or omissions *actually* occurred in the Central District, not the Northern District.

### B. Lira did Not Transact His Affairs in the Northern District

Plaintiff next attempts to argue that venue is proper in the Northern District under 18 U.S.C. §1965(a) as to Defendant David Lira and Keith Griffin, because they transact their affairs in this District, and by traveling to this District for the purpose of conducting business. Oppo. at 8:24-28.

As to Defendant Lira, Plaintiff alleges venue is proper in the Northern District because Lira "transacted his affairs in the Northern District of California for the purpose of conducting business on or about March 19, April 19, May 6, June 13, and August 8, 2019." Oppo. at 9:1-3, Complaint ¶37. Lira provided a sworn declaration based on personal knowledge that the five alleged dates that Plaintiff's claim he "transacted his affairs" was actually for vacation and/or pleasure, or that he did not travel to San Francisco on the dates Plaintiff alleges in their Complaint. If there was even a remote possibility that Lira was "transacting his affairs" in the Northern District on the above dates, it would be on May 6, 2019, when he took his family to watch oral arguments at the California Supreme Court.

Despite Lira's Declaration, Plaintiff offers no opposition or proffered any evidence refuting Lira's Declaration that Lira did not travel to San Francisco to "transact [his] affairs in the District." See, e.g., *Morris v. Allstate Ins. Co.,* 16 F. Supp. 3d 1095, 1100 (C.D. Cal. 2014) ("Plaintiffs entirely fail to address or explain it in their Opposition, in effect conceding [the issue]."); *Pac. Ins. Co. v. Kent*, 120 F. Supp. 2d 1205, 1215 (C.D. Cal. 2000) ("Kent, in his opposition, fails to address BOA's argument or present any evidence to support his claim. Thus, the Court GRANTS summary judgment for BOA ...").

Instead, Plaintiff instructs the Court that they are obligated to draw all reasonable inferences in favor of the non-moving party. Oppo. at 9:11-13. However, the Court need not accept the pleadings as true and may properly consider facts

outside of the pleadings. *Argueta v. Banco Maxicano, S.A.,* 87 F.3d 320,324 (9th Cir. 1996). The Declaration of David Lira can be validly considered by the court when determining where the substantial acts and alleged omissions occurred, and whether Lira "transacted his affairs in the District" when determining venue, especially where Plaintiff's own Complaint fails to provide a substantial basis for venue in this district.

As to Keith Griffin, Plaintiff alleges *only one* date, October 26, 2019, where Griffin traveled to the District to transact his affairs. Oppo. at 9:16-17. Again, *one* date is not sufficient to require *all* nine defendants, who are not domiciled in the Northern District, to be venued in the Northern District. Despite Plaintiff's attempt to convince the Court that "the 'ends of justice' require that [all] defendants be brought before the [District] court," the facts alleged show that the interest of justice promotes a dismissal or transfer of venue to the Central District.

Because Plaintiff failed to rebut Lira's showing that that no relevant conduct by Lira occurred in the District, this Court should dismiss Lira's claims for improper venue. Thus, venue in the Northern District is inappropriate.

**III. In the Alternative Defendant's Motion to Transfer Venue Should be Granted**

First, it is undisputed that the action may have been brought in the U.S. District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff does not deny that this district is a proper alternative venue.

Second, per 28 U.S.C. § 1404(a), the convenience of the parties and witnesses and the interest of justice favor transfer. It is undisputed that there are eight (8) considerations the court can make in order to determine whether transfer is appropriate. However, Plaintiffs analysis of these factors are unpersuasive. In short, a transfer is appropriate because *no defendant* resides in or has significant contacts with the Northern District and discovery will primarily occur in the Central District of California—where almost all defendants have confirmed jurisdiction and venue

are proper. See *Liang v. AWG Remarketing, Inc.,* 2014 WL 12579653, at *3 (C.D. Cal. 2014) (transferring after finding that "Defendants assert that their books and records are principally maintained in Columbus, Ohio, as are the majority of AWG's website servers and cloud configurations" and "[a]s these sources of proof are likely central to this copyright action, litigation of the action will likely be more convenient and less costly in Ohio").

Furthermore, Lira has met his burden of showcasing the convenience of the parties and witnesses with the Central District. In fact, Plaintiff concedes that the convenience of the parties and witnesses "weighs in favor of transfer." Oppo. at 16:10-11. In his Motion, Lira listed a sample of witnesses who may be called to testify in this matter:

1. Kim Cory (Thomas Girardi's secretary, Complaint at ¶147);
2. Shirleen Fujimoto (Thomas Girardi's secretary, );
3. Norina Rouillard (Girardi Keese accounting department);
4. Ariel Monasterio (Girardi Keese accounting department);
5. Robert Finnerty (Girardi Keese attorney in the Joe Ruigomez matter);
6. John Courtney (Girardi Keese attorney);
7. Christopher Aumais (Girardi Keese attorney in the Joe Ruigomez matter); and
8. Nicholas Kohan.

Plaintiff tries to mitigate the convenience of witnesses by agreeing to having the depositions taken via Zoom. However, that is *only* Plaintiff's position. The defendants in this matter may prefer to have witness depositions taken in person. Most witnesses (at least Lira's sample set of witnesses) to this litigation will be domiciled in the Central District, given that substantially all the events occurred in this District.

Plaintiff has failed to allege a substantial connection between Defendants and the Northern District. They admit that the only connections, if any, is that Lira

456032                                        8

**DEFENDANT DAVID LIRA'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' RULE 12(B)(3) MOTIONS TO DISMISS AND 28 U.S.C. § 1406 AND 1404 MOTIONS TO TRANSFER**

allegedly travelled to San Francisco to "transact [his] affairs in the District," on *five* separate occasions, and that Keith Griffin "transacted his affairs" in the District on *one* occasion. This is the only contact Plaintiff alleges all nine Defendants have with the Northern District.

The Court should grant Lira's motion to dismiss or in the alternative, transfer venue, because (1) none of the defendants are domiciled in the Northern District; (2) upon information and belief, five of the six individual defendants are domiciled in the Central District; (3) two out of the three entity defendants' principal place of business is in the Central District, and (4) the other two remaining defendants are domiciled in New York. Thus, Defendants, including Lira, have met their burden of demonstrating the lack of connections between Defendants and the Northern District.

Pursuant to 28 U.S.C. § 1406(a), the Court should grant Lira's motion to dismiss, or in the alternative, transfer venue from the Northern District to the Central District of California.

## IV.  CONCLUSION

For all the reasons set for above, Lira respectfully requests that the Court grant Lira's motion to dismiss, or in the alternative, transfer venue to the Central District of California.

ENGSTROM LIPSCOMB & LACK

Date: November 16, 2022

Walter J. Lack
Rachel M. Lannen
Attorneys for David Lira

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, Suite 1200, Los Angeles, California 90067.

On **November 16, 2022**, the foregoing document described as: **"DEFENDANT DAVID LIRA'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' RULE 12(B)(3) MOTIONS TO DISMISS AND 28 U.S.C. § 1406 AND 1404 MOTIONS TO TRANSFER"** has been served on interested party(ies) in this action as follows:

**\*\* SEE ATTACHED SERVICE LIST \*\***

✓    BY EMAIL/ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

✓    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 16, 2022** at Los Angeles, California.

_____
NORMA ROBLES

# SERVICE LIST

*EDELSON PC, v. DAVID LIRA et al.*

**Case No. 3:22-cv-03977-SK**

| | |
|---|---|
| Rafey S. Balabanian, Esq.<br>**EDELSON PC**<br>150 California Street, 18th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 212-9300<br>Facsimile: (415) 373-9435<br>Email: rbalabanian@edelson.com | Counsel for Plaintiff Edelson PC |
| Alexander Glenn Tievsky<br>J. Eli Wade- Scott<br>Jay Edelson<br>**Edelson PC**<br>350 North LaSalle, 14th Floor<br>Chicago, IL 60654<br>atievsky@edelson.com<br>ewadescott@edelson.com<br>jedelson@edelson.com | Counsel for Plaintiff Edelson PC |
| Evan C. Borges<br>**Greenberg Gross LLP**<br>650 Town Center Drive, suite 1700<br>Costa Mesa, CA 92626<br>eborges@GGtriallaw.com<br>CWinsten@GGTrialLaw.com | Counsel for Defendants Erika Girardi aka Erika Jayne and EJ Global, LLC |
| Jeff Wiley Poole<br>**Hamrick & Evans LLP**<br>2600 West Olive Avenue, Suite 1020<br>Burbank, CA 91505<br>jpoole@hamricklaw.com | Counsel for Defendant Joseph DiNardo |

**PROOF OF SERVICE**

| | |
|---|---|
| Anthony L. Lanza<br>Brodie H. Smith<br>LANZA & SMITH<br>A Professional Law Corporation<br>3 Park Plaza, Suite 1650<br>Irvine, California 92614-8540<br>tony@lanzasmith.com<br>brodie@lanzasmith.com | Attorneys for Defendants George Hatcher & Wrongful Death Consultants |
| Richard M. Scherer, Jr.<br>Lippes Mathias Wexler Friedman LLP<br>50 Fountain Plaza, Suite<br>1700 Buffalo, NY 14202<br>rscherer@lippes.com | Counsel for Defendant Joseph DiNardo |
| Sean Eric Ponist<br>**Ponist Law Group, P.C.**<br>100 Pine Street, Suite 1250 San Francisco, CA 94111<br>sponist@ponistlaw.com | Counsel for Defendant California Attorney Lending II, Inc. |
| William F. Savino<br>**Woods Oviatt Gilman LLP**<br>1900 Main Place Tower<br>350 Main Street<br>Buffalo, NY 14202<br>wsavino@woodsoviatt.com | Counsel for Defendant California Attorney Lending II, Inc. |
| William E Brueckner , III<br>**Woods Oviatt Gilman LLP**<br>1900 Bausch & Lomb Place<br>Rochester, NY 14604<br>wbrueckner@woodsoviatt.com | Counsel for Defendant California Attorney Lending II, Inc. |

**PROOF OF SERVICE**