ROSEN ✧ SABA, LLP
RYAN D. SABA, ESQ. (State Bar No. 192370)
rsaba@rosensaba.com
2301 Rosecrans Ave., Suite 3180
El Segundo, CA 90245
Telephone: (310) 285-1727
Fax: (310) 285-1728

Attorneys for Defendant,
Keith Griffin

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation<br><br>Defendants | Case No, 3:22-cv-03977-JSC<br>*Honorable Jacqueline Scott Corley*<br><br>**DEFENDANT KEITH GRIFFIN'S REPLY TO THE OPPOSITION TO THE MOTION TO TRANSFER VENUE PURSUANT TO U.S.C. § 1404(a)**<br><br>Complaint Filed: July 6, 2022<br>Motion Date: December 1, 2022<br>Motion Time: 9:00 a.m. via Zoom<br>Courtroom: 8 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Keith Griffin hereby sets for this reply to the opposition to the Motion to Transfer Venue filed by Plaintiff Edelson, PC.

Defendant Griffin limits this reply to the arguments that directly concern him and he incorporates all other reply arguments set forth by the other Defendants as if set forth herein. After reading through the initial rhetoric by Plaintiff, the entire reason why Plaintiff justifies why this case should remain in the Northern District is based on two arguments: (1) Paragraph 39 of the complaint alleges Mr. Griffin sent a single email allegedly from the Northern District; and (2) while working at Girardi Keese, Mr. Griffin appeared as counsel in two unrelated cases that were venued in the Northern District. Both reasons are spurious and do not justify a denial of the instant motion.

## I. PLAINTIFF'S ALLEGATION IN PARAGRAPH 39 IS FALSE AND DOES NOT SUPPORT VENUE IN THE NORTHERN DISTRICT.

Plaintiff starts by justifying jurisdiction by relying on paragraph 39, which states: "On September 11, 2020, while physically present in this District, Griffin sent a lulling email to Septiana Damayanti in furtherance of the conspiracy described in this complaint."

To begin with, the email in question was not sent by Mr. Griffin while he was physically in the Northern District. Rather, Mr. Griffin was in Lake Tahoe, which is in the Eastern District of California. See, Declaration of Keith Griffin. Other than the incorrect allegation, Plaintiff has not set forth any evidence to support this claim.

Moreover, the description of the email in the Complaint by Plaintiff is vaguely referred to as a "lulling email". Plaintiff fails to present the email to this Court or explain why it is a material reason to justify jurisdiction.

Notwithstanding the above, and assuming arguendo the email was sent from the Northern District (which is was not), the sending of a single email from a mobile device does not confirm jurisdiction over a person. In determining whether venue is proper under §1391(b)(2), only those events and omissions that directly give rise to the claim are relevant ("only those acts and omissions that have a close nexus to the wrong"). *Jenkins Brick Co. v. Bremer* (11th Cir. 2003) 321 F3d 1366, 1372 (in suit to enforce employee's covenant not to compete, court should look to the place the contract was negotiated and executed, and place of performance and breach; however, sales meetings, training and seminars elsewhere did not have a close nexus to the claim).

In identifying the district where "a *substantial* part of the events or omissions" took place, courts will first examine the nature of plaintiff's claims and the acts or omissions underlying those claims; and then second, determine whether substantial events material to those claims occurred in the forum district. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.* (10th Cir. 2010) 618 F3d 1153, 1166 (emphasis added). Here, Plaintiff's argument is that Mr. Griffin sent a single email – which is certain not the substantial part of the events or omissions.

The requirement is that a *substantial* part of the events must have taken place in the Northern District. Plaintiff has utterly failed to identify that a substantial number of events took place in the Northern District. In determining where a "substantial part" of the "events or omissions" occurred, most courts look "not to a single 'triggering event' prompting the action, but to the *entire sequence of events* underlying the claim." *Uffner v. La Reunion Francaise, S.A.* (1st Cir. 2001) 244 F3d 38, 42 (emphasis added).

What constitutes a "substantial part" is likely to be determined in light of the purpose of the venue statute: "[T]he substantiality of the operative events is determined by assessment of their ramifications for efficient conduct of the suit …" *Lamont v. Haig* (DC Cir. 1978) 590 F.2d 1124, 1134; *Myers v. Bennett Law Offices*

(9th Cir. 2001) 238 F3d 1068, 1076.

It is undisputed that underlying Lion Air clients were not injured by the alleged misconduct in this District. The attorney-client engagement contract was not breached in this District. No tort took place in this District. All Plaintiff can point to is an a wrongfully asserted allegation that a single email was sent from this district. This is not substantial event. Nor does it justify jurisdiction.

## II. SIMPLY BECAUSE MR. GRIFFIN APPEARED IN COURT FOR HIS EMPLOYER IN THE NORTHERN DISTRICT IN OTHER MATTERS DOES NOT CONFER JURISDICTION.

Plaintiff next argues that jurisdiction should be conferred over this matter in the Northern District because Mr. Griffin appeared in two separate lawsuits against Facebook while working for Girardi Keese. These lawsuits have absolutely nothing to do with this litigation. Mr. Griffin was not appearing in this District for his own personal affairs, but rather, he was performing duties as an employee for his employer.

Based on Plaintiff's logic, if a person ever travels to another state for a single business purpose, unrelated to a future tort, then jurisdiction is established in that remote location forever in time. If that is true, then if Mr. Griffin appeared one time in the District of Puerto Rico on a litigation matter, then jurisdiction would be conferred in that District as well for some future tort that has not yet been committed. That is an absurd analysis of the law.

Plaintiff also argues that the special venue provision of the RICO statute, codified at 18 U.S.C. § 1965(a), supports this position. That statute provides:

> Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, *or transacts his affairs* (emphasis added).

1  Plaintiff does not argue that Mr. Griffin "resides, is found, [or] has an agent"
2  in this District.  Plaintiff focuses solely on the argument that Mr. Griffin "transacts
3  his affairs" in the Northern District.  To support this argument, Plaintiff states that
4  Mr. Griffin represented two separate clients in two separate lawsuits in the past
5  against Facebook, and such past work as an attorney means that he "transacts his
6  affairs" in the Northern District.  Mr. Griffin was acting as an attorney for his
7  employer Girardi Keese.  He was not appearing in the Northern District for his own
8  personal affairs.

9  It is undisputed that Mr. Griffin does not own property, real or personal, in
10 this District. Mr. Griffin does not own or operate a business or transact any
11 personal affairs in this District.  He does not have an office in this District and is
12 not employed in this District.  Plaintiffs have not made any showing to the contrary.

13 If a plaintiff cannot establish a defendant is conducting personal affairs, then
14 the next question is whether the party is conducting business affairs. For over 50
15 years, since 1972, the Northern District has held that "transacts his affairs" requires
16 "business of a substantial and continuous character." *King v. Vesco*, 342 F.Supp.
17 120, 124 (N.D. Cal. 1972); see also *Daniels v. Nationwide General Insurance*
18 *Company*, 2022 Wl 3228144 (D. Hawaii August 10, 2022); *Taal v. St. Mary's Bank*,
19 2019 WL 8349005, at *5 (D. Vt. 2019) ("Section 1965(a) 'requires that the affairs
20 transacted in the district be substantial.'") (quoting *Corso v. Franz*, 2018 WL
21 1513639, at *2 (E.D.N.Y. Mar. 27, 2018)); *Pincione v. D'Alfonso*, 506 F. App'x 22,
22 24 (2d Cir. 2012) (requiring business to "be substantial in character, so that there is
23 some amount of business continuity and certainly more than a few isolated and
24 peripheral contacts with the particular judicial district" (citations and quotations
25 omitted)).

26 Plaintiff's conclusory allegations that he appeared as counsel for his former
27 employer in two unrelated lawsuits is not "substantial."  Plaintiff has failed to meet
28 its burden to establish that Mr. Griffin transacts substantial and continuous affairs

DEFENDANT KEITH GRIFFIN'S REPLY TO THE MOTION TO TRANSFER VENUE

in the Northern District.

### III. CONCLUSION

The case belongs in the Central District of California, not the Northern District of California. The vast majority of the Defendants reside in Los Angeles, California, where the bulk of the witnesses and documents are also located. Edelson witnesses are located outside of California. Accordingly, Defendant Griffin respectfully requests that this Court transfer this case to the Central District of California.

DATED:  November 17, 2022

ROSEN✦SABA, LLP

By: s/ Ryan D. Saba
RYAN D. SABA
Attorneys for Defendant,
KEITH GRIFFIN