Anthony L. Lanza (Bar No. 156703)
Brodie H. Smith (Bar No. 221877)
LANZA & SMITH
A Professional Law Corporation
3 Park Plaza, Suite 1650
Irvine, California 92614-8540
Telephone (949) 221-0490
tony@lanzasmith.com
brodie@lanzasmith.com

Attorneys for Defendants George Hatcher
& Wrongful Death Consultants

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EDELSON PC, an Illinois Professional corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation,<br>Defendants | Case No.: 3:22-cv-03977-JSC<br><br>Honorable Jacqueline Scott Corley<br><br>**REPLY IN SUPPORT OF DEFENDANT GEORGE HATCHER'S AND W.D.C.'S MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE AND OTHER GROUNDS, OR, ALTERNATIVELY, TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>[Fed. R. Civ. Proc. 12(b)(3)(6) & (7); 28 U.S.C. §§ 1404, 1406]<br><br>Complaint Filed: July 6, 2022<br>Motion Date: December 1, 2022<br>Motion Time: 10:00 a.m.<br>Courtroom: C |

1
REPLY IN SUPPORT OF DEFENDANT HATCHER'S MOTION TO DISMISS—VENUE

Defendants George Hatcher and Wrongful Death Consultants hereby submit the following Reply in Support of their Motion to Dismiss for Improper Venue [ECF No. 41], and in Response to Plaintiff Edelson PC's Consolidated Opposition to Rule 12(b)(3) Motions to Dismiss and 28 U.S.C. §§ 1406 and 1404 Motions to Transfer [ECF No. 85.]

## I. INTRODUCTION

The venue statute for federal civil actions, 28 U.S.C. § 1391, provides three possibilities to establish venue in a given district. See, 28 U.S.C. § 1391(b)(1-3). Edelson argues unconvincingly in favor of only 2 of them: subsections 1 and 2. Edelson's arguments fail because:

- No Defendant waived objections to venue. Wrongful Death Consultants never filed an "earlier motion" as Edelson claims. Edelson never identifies such supposed "earlier motion." Edelson is wrong.

- The argument that the alleged sending of a single email while the sender allegedly happened to be in the district on other business constitutes a "substantial part of the acts" alleged in the Complaint is ridiculous.

- The RICO venue statute does not help Edelson because no Defendant is "is found, has an agent, or transacts his affairs" in the Northern District of California (sometimes herein "this District" or "the District"); and, further, "the ends of justice" would not require hauling the other Defendants into this District even if one of the Defendants were transacting business in the District (none actually are).

- Venue in not proper in the District under 28 U.S.C. 1391(b)(1) either because two of the Defendants (Joseph Dinardo and California Attorney Lending II) reside outside of California, in New York.

- Edelson's arguments against a Section 1404(a) transfer fail because (1) Edelson focuses almost entirely on its own convenience and ignores the other

parties and witnesses, and (2) disregards that witnesses may not be able to be compelled to attend <u>trial</u> in this District.

## II. ARGUMENT

### A. Wrongful Death Consultants Did <u>Not</u> Waive its Objection to Venue.

Defendants Wrongful Death Consultants (WDC) and George Hatcher are represented by the same counsel. WDC and Hatcher jointly filed a Rule 12(b)(3) motion challenging venue in this District on September 15, 2022.[1] [ECF No. 41.] Later, on that same day, WDC also filed a Federal Rule of Civil Procedure 12(b)(6) Motion for Failure to State a claim, in which Hatcher joined. [ECF No. 41.]

Edelson now argues that WDC has waived its right to file a Rule 12(b)(3) Venue motion but fails to articulate a coherent reason. Edelson is wrong.

First, Edelson's argument <u>heading</u> raises the waiver argument against <u>three</u> parties: Erika Girardi, EJ Global, and Wrongful Death Consultants." However, the argument that follows omits WDC and mentions only the first two Defendants. See, Opp. Brief. pp. 5-6.

Second, Edelson cites to Federal Rule of Civil Procedure 12(g)(2) which bars a party from raising a Rule 12(b) defense in a later motion when it could have been raised but was instead "omitted from its earlier motion." <u>There is no "earlier motion" filed by WDC</u>. It is not clear why Edelson—at least in its section heading—seems to claim WDC filed an "earlier motion." It did not. Edelson's section heading is nonsense to the extent it mentions WDC.[2]

---

[1] The motion is captioned George Hatcher's Motion to Dismiss for reference, but the Notice of Motion makes clear that both Hatcher and WDC are the moving parties: "…Defendants Hatcher and Wrongful Death Consultants will and shall move the court…"

[2] Edelson's argument wouldn't be valid as against WDC's <u>second</u> motion either—its Rule 12(b)(6) motion [ECF No. 43]—because rule 12(b)(6) motions are <u>explicitly</u> exceptions to Rule 12(g)(2). See, Fed. R. Civ. Proc. 12(h)(2) (the defense of failure to state a claim can be raised in any pleading, by subsequent motion, or at trial.)

Third, to the extent that Edelson might suggest that WDC's 12(b)(6) motion somehow erodes WDC's right to file a Rule 12(b)(3) motion (see Opp. Brief at p. 6, lns. 4-6), Edelson ignores Federal Rule of Civil Procedure 12(g)(1)— "Right to Join" — which provides that "A motion under this rule may be joined with any other motion allowed by this rule." Rule 12(g)(1) is also one of the reasons why Erika Girardi and EJ Global, LLC, also did not waive their venue challenges either—filing simultaneous motions is tantamount to joining the two defenses into single motion. See, ECF numbers 60 and 61. None of the Defendants waived any Rule 12(b)(3) motion.

### B. Venue is Not Established in This District Under 28 U.S.C. 1391(b)(2).

1. <u>The alleged sending of a *single* email in the District is not a "substantial part of the events or omissions giving rise to the claim."</u>

Edelson next argues under 28 U.S.C. 1391(b)(2) that the alleged sending of a single email by one Defendant within the Northern District of California suffices as "a substantial part of the events or omissions giving rise to the claim." Opp. Brief. p. 7, lns. 14-17, citing paragraph 39 of the Complaint where Edelson alleges that Defendant Griffin supposedly sent a lulling email while he happened to be within the District on other business on September 11, 2020.

Even if it were true that Griffin sent a single lulling communication while in the District (Griffin denies it), the email would not form a substantial part of the events giving rise to Plaintiff's claims. The alleged September 11, 2020, "lulling" communication is mentioned only once in the Complaint, in Plaintiffs' "VENUE" section and never again in the rest of the Complaint. Complaint, ¶ 39. It is not listed as an alleged RICO predicate act, nor is it mentioned in the Factual Background covering Griffin's list of supposed lulling communications. See, Complaint ¶¶ 201-220. It appears to be an extraneous allegation inserted merely in an attempt to establish venue in a District where Edelson happens to maintain a small satellite office.

Courts hold that "acts or omissions must be more than tangentially connected to qualify as 'substantial' under § 1391(a)(2)." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994). Indeed, "substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 455 (E.D. Pa. 2003). In determining where a substantial portion of the events took place, courts look "not to a single 'triggering event', but to the <u>entire sequence of events</u> underlying the claim." *Uffner v. La Reunion Francaise, S.A.* (1st Cir. 2001) [emphasis added.] "The substantiality of the operative events is determined by assessment of their ramifications <u>for efficient conduct of the suit</u>…" Lamont v. Haig, 590 F.2d 1124 (D.C. Cir. 1978)[emphasis added.]

In *Elemary v. Philipp Holzman A.G.*, 533 F.Supp.2d 144, 151 (D. D.C. 2008), the fact that some negotiations took place in the District of Columbia did not make it an acceptable venue for a civil RICO claim alleging bribery and bid-rigging which allegedly occurred in many jurisdictions spanning the globe.

<u>Here the suggestion that, out of a 60-page complaint, with 363 paragraphs, a single email, mentioned only once, in a single paragraph—but never mentioned in the relevant charging allegations—could somehow constitute a "substantial portion of the events giving rise to the claims" is farcical</u>. The court should grant Defendants' venue motions and dismiss the Complaint.

    2. <u>18 U.S.C. § 1965 (the RICO venue statute) does not help Plaintiff</u>.

Edelson next argues that the RICO venue statute helps it establish proper venue in this District. Opp. Brief. p. 8.

The RICO venue statute provides, in subsection (a), that a civil RICO action may be filed in any district where a Defendant "is found, has an agent, or transacts his affairs," and, under subsection (b), that other defendants not found in that district may be sued in that district if "it is shown that the ends of justice require." 18 U.S.C. § 1965. Edelson fails on both prongs.

      a. No defendants "is found, has an agent, or transacts his affairs" in this District.

Plaintiff argues that, because its Complaint alleges that Defendants Lira and Griffin allegedly visited the District a couple of times on unrelated matters, somehow this is sufficient to trigger Section 1965(a). Plaintiff does not argue that either Lira or Griffin "is found" or "has an agent" in the District, but rather argues that they "transact[ed] … affairs" in this District.

The "transacts his affairs" language, which was drawn from section 12 of the Clayton Act, 15 U.S.C. § 22, has been interpreted as requiring that the defendant <u>regularly</u> transact business of a <u>substantial and continuous character</u> within the district. See, e.g., *Gatz v. Ponsoldt*, 271 F.Supp.2d 1143, 1158 (D. Neb. 2003) (citing and quoting a treatise); *Modaressi v. Vedadi*, 441 F.Supp.2d 51, 55 (D.D.C. 2006). Plainly stated, the miniscule and incidental connections with this District alleged at paragraphs 36-39 are grossly insufficient to establish venue under Section 1965(a).

      b. The "ends of justice" to not require venue in this District.

Because Section 1965(b) is only applicable when and after Section 1965(a) is appliable (see language referencing "other parties"), the court should therefore not "get to" Edelson's subsection (b) argument because the prerequisite of subsection (a) is not met. However, even if the court does address the 1965(b) argument, Edelson has done nothing to show that the "ends of justice" require relocating defendants and witnesses hundreds of miles north from this case's obvious and natural location in the Central District of California. A requirement of subsection (b) is that no other district represents a proper venue as to all Defendants. See, e.g., *Southmark Prime Plus, L.P., v Falzone*, 768 F.Supp. 487 (D. Del. 1991). Here, the Central District of California is the obvious choice for the reasons set forth in the original motion.

## C. Venue in Not Proper Under 28 U.S.C. 1391(b)(1) Because Not All Defendants Reside in the State.

Edelson next argues that venue is proper in this District under Section 1391(b)(1)—requiring that at (1) least one Defendant resides in the district, and (2) all other Defendants reside in the state where the District is located. Edelson fails on both elements of Section 1391(b)(1).

### 1. No Defendant resides in the District.

Arguing that at least one Defendant resides in the district, Edelson incorporates its prior, faulty waiver argument with respect to EJ Global, LLC, and WDC—but also inexplicably extends that argument, without any attempted justification, to California Attorney Lending II (CAL II).

Next, Edelson cites to two unpublished decisions from this District supposedly ruling that personal jurisdiction based on waiver is sufficient to establish residency under Section 1391(c)(2). See, Opp. Brief, p. 12, lns. 23-27. There are multiple fatal flaws with this wrong conclusion.

First, WDC did not waive any arguments as set forth in Section II.A. above. Neither did CAL II, which Edelson previously omitted from its waiver argument—yet inexplicably included in Edelson's Section III.B.3 argument; nor EJ Global, LLC, which properly joined its 12(b)(3) and 12(b)(6) motions under Rule 12(g).

Second, Edelson ignores 28 U.S.C. 1391(d),[3] which provides:
> "For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." [Emphasis added].

---

[3] Edelson recites the language of Section 1391(c)(2) in passing (Opp. Brief, p. 12, lns. 18-21) but fails to incorporate it into its analysis or conclusion.

28 U.S.C. 1391(d) [emphasis added.] Even if Edelson's waiver argument were correct, Edelson would have only succeeded in establishing that one or more entity defendants are subject to personal jurisdiction in the State of California, but not the Northern District of California. In order to establish the first prong of Section 1391(b)(1) (at least one Defendant resides in the District), Edelson would have had to go a step further and establish that at least one of the entity defendants has sufficient contacts with the Northern District which "….would be sufficient to subject it to personal jurisdiction if that district were a separate State…" See, 28 U.S.C. 1391(d). Edelson has not and cannot establish that any of the entity defendants have a close enough connection to this District such that this court could subject the entity to personal jurisdiction in this district as if it were a separate state. On that basis alone, Edelson fails to establish the first prong of Section 1391(b)(1).

2. Not all defendants reside in California.

Even if Edelson had established the first prong of Section 1391(b)(1) (it did not), it fails on the second. Edelson would have had to establish that all other Defendants reside in the state where the District is located. Edelson's own complaint admits that both CAL II and Joseph Dinardo are not residents of California, but rather of New York. Complaint ¶¶ 32-33. Edelson tries to deal with this problem by claiming that CAL II allegedly waived jurisdiction and thus venue, and further by stating that "Plaintiff would dismiss DiNardo without prejudice from this action to secure venue in this jurisdiction under this provision."

With respect to CAL II (which Edelson never mentions in its original "waiver" argument section, III.A.), there is no waiver. CAL II filed a motion to dismiss [ECF No. 55] arguing both 12(b)(3) and 12(b)(6) grounds, which is specifically allowed under Rule 12(g). Edelson does not offer to hypothetically dismiss CAL II if it will manufacture

venue in this District. Therefore CAL II is not a resident of California and, itself, destroys any applicability of Section 1391(b)(1).

With respect to Joseph Dinardo, the moving party is unaware of any authority (and Plaintiff cites none) that would allow a plaintiff to prevail over a valid venue challenge based on a non-binding representation of what it <u>would or might do</u>, hypothetically, if the court were inclined to rule against it.

Edelson has thus failed to establish both prongs of 28 U.S.C. Section 1391(b)(1) and Defendants' venue challenges should be granted.

### D.  Edelson Has Not Overcome Defendants' Arguments and Evidence in Favor of a 28 U.S.C. § 1404(a) Transfer of Venue.

Finally, Edelson argues, in response to Defendants' various 28 U.S.C. 1404(a) motions, that venue in this District would somehow, on balance, be more convenient than the Central District. Most of these arguments are deficient on their face and do not require a response—focusing on Plaintiff's <u>own</u> convenience and ignoring the many other "parties and witnesses." *Compare*, 28 U.S.C. § 13404(a) (dealing with "…convenience of parties and witnesses…".)

As an initial matter, Plaintiff's argument that Defendants failed to identify specific witnesses is baseless because its own Complaint and the acts and omissions therein are centered almost entirely around the Los Angeles area (within the Central District of California). Los Angeles and other cities and counties within the Central District of California a referenced throughout the Complaint as the locations of the alleged acts and omissions, e.g., "Los Angeles" at paragraphs 26, 55; Beverly Hills at paragraphs 4, 43 (2x), 75; and Arcadia at paragraph 31, among others. It is also a judicially noticeable fact that the law firms, former and current, mentioned in the Complaint, such as Girardi Keese, and Engstrom, Lipscomb, & Lack, are or were located in Los Angeles. See, Complaint ¶ 27. Further, various Defendants such as Lira and Hatcher <u>did</u> provide declarations regarding the locations of various parties and witnesses (in the Los Angeles area), but Edelson acknowledges only Lira's. Still, in the face of the above allegations

(its own) and declarations, Edelson fails utterly to respond with any evidence of a single witness in the Northern District of California.

Next, Plaintiff's argument at Section III.C.2. (Opp. Brief p. 16) is specious because likely witnesses cannot be hailed from L.A. into <u>trial</u> in the Northern District. Edelson's suggestion that it will cooperate regarding the location of depositions does not solve issues regarding trial witnesses.

A non-party witness can only be compelled by a subpoena to attend trial within 100 miles of their residence, or if they reside within the same state and attending "would not incur substantial expense." Fed. R. Civ. Proc. 45(b)(1). Because Los Angeles is more than 100 miles from the Northern District of California, it is unlikely that the Los Angeles-based witnesses could be compelled to attend trial in the Northern District.

### III. **CONCLUSION**

For the foregoing reasons, the Court should grant this motion to dismiss the case or, alternatively, transfer it to the Central District of California.

LANZA & SMITH, PLC

Dated:  November 17, 2022      By:  */s/Brodie H. Smith*
Anthony Lanza
Brodie H. Smith
Attorneys for George Hatcher and
Wrongful Death Consultants

# PROOF OF SERVICE
*Edelson PC v. Lira, et al.*
USDC Case No.: 3:22-cv-03977-JSC

I am a citizen of the United States, over the age of 18 years, employed in the County of Orange in the State of California, and not a party to this cause. My business address is 3 Park Plaza, Suite 1650, Irvine, CA, 92614.

On **November 17, 2022**, I served a true copy of the: **REPLY IN SUPPORT OF DEFENDANT GEORGE HATCHER'S AND W.D.C.'S MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE AND OTHER GROUNDS, OR, ALTERNATIVELY, TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA,** by delivering it to the person(s) indicated below by:

**SEE ATTACHED SERVICE LIST**

 **X**   **BY CM/ECF E-MAIL:** Through use of the Federal CM/EFC electronic filing system, I caused a courtesy copy of the above documents to be served by e-mail to the offices of the addressee(s) referenced in the attached Service List.

 ___   **BY E-MAIL**: I caused the above documents to be served by e-mail to the offices of the addressee(s) referenced in the attached Service List.

I hereby certify that I am employed in the office of a member of the Bar of this Court, United States District Court, Northern District of California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed **November 17, 2022**, at Irvine, California.

*/s/ Leona Smialek*
Leona Smialek

# SERVICE LIST

| | |
|---|---|
| Rafey Sarkis Balabanian<br>Edelson PC<br>150 California Street, 18th Floor<br>San Francisco, CA 94111<br>rbalabanian@edelson.com | *Counsel for Plaintiff Edelson PC* |
| Alexander Glenn Tievsky<br>J. Eli Wade-Scott<br>Jay Edelson<br>Edelson PC<br>350 North LaSalle, 14th Floor<br>Chicago, IL 60654<br>atievsky@edelson.com<br>ewadescott@edelson.com<br>jedelson@edelson.com | *Counsel for Plaintiff Edelson PC* |
| Walter J. Lack<br>Rachel Marilyn Lannen<br>Engstrom, Lipscomb & Lack<br>10100 N Santa Monica Boulevard,<br>12th Floor<br>Los Angeles, CA 90067<br>wlack@elllaw.com<br>rlannen@elllaw.com | *Counsel for Defendant David Lira* |
| Evan Christopher Borges<br>David Shackelford<br>Amir Shakoorian<br>Greenberg Gross LLP<br>650 Town Center Drive, Suite 1700<br>Costa Mesa, CA 92626<br>eborges@ggtriallaw.com<br>dshackelford@ggtriallaw.com<br>ashakoorian@ggtriallaw.com | *Counsel for Defendants Erika Girardi<br>aka Erika Jayne and EJ Global, LLC* |

| | |
|---|---|
| Jeff Wiley Poole<br>Hamrick & Evans LLP<br>2600 West Olive Avenue, Suite 1020<br>Burbank, CA 91505<br>jpoole@hamricklaw.com | *Counsel for Defendant Joseph DiNardo* |
| Richard M. Scherer , Jr.<br>Lippes Mathias Wexler Friedman LLP<br>50 Fountain Plaza, Suite 1700<br>Bufalo, NY 14202<br>rscherer@lippes.com | *Counsel for Defendant Joseph DiNardo* |
| Sean Eric Ponist<br>Ponist Law Group, P.C.<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>sponist@ponistlaw.com | *Counsel for Defendant California Attorney Lending II, Inc.* |
| William F. Savino<br>Woods Oviatt Gilman LLP<br>1900 Main Place Tower<br>350 Main Street<br>Buffalo, NY 14202<br>wsavino@woodsoviatt.com | *Counsel for Defendant California Attorney Lending II, Inc.* |
| William E Brueckner, III<br>Woods Oviatt Gilman LLP<br>1900 Bausch & Lomb Place<br>Rochester, NY 14604<br>wbrueckner@woodsoviatt.com | *Counsel for Defendant California Attorney Lending II, Inc.* |
| Ryan Saba<br>Rosen Saba LLP<br>2301 Rosecrans Avenue, Suite 2301<br>El Segundo, California 90245<br>rsaba@rosensaba.com | *Counsel for Defendant Keith Griffin* |