William F. Savino (admitted *pro hac vice*)
William E. Brueckner (admitted *pro hac vice*)
**WOODS OVIATT GILMAN LLP**
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
716.248.3200
wsavino@woodsoviatt.com
wbrueckner@woodsoviatt.com

Sean E. Ponist (SBN 204712)
Cary D. McReynolds (SBN (SBN 191112)
Samantha Yu (SBN 317719)
**PONIST LAW GROUP**
100 Pine Street, Suite 1250
San Francisco, California 94111
415.798.2222
sponist@ponistlaw.com
cmcreynolds@ponistlaw.com
syu@ponistlaw.com

Attorneys for Defendant California Attorney Lending II, Inc.

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| EDELSON, P.C., and Illinois professional corporation,<br><br>    Plaintiff,<br><br>    -vs.-<br><br>DAVID LIRA, an individual, KEITH GRIFFIN, an Individual, ERIKA GIRARDI aka ERIKA JAYNE, an Individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California Corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation,<br><br>    Defendants. | Case No. 3:22-cv-03977<br><br>**CALIFORNIA ATTORNEY LENDING II, INC.'s REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(3)**<br><br>Hearing Date: December 1, 2022<br>Hearing Time: 9:00am<br>Courtroom:  8<br><br>Complaint Filed:  July 6, 2022<br>Trial Date:  N/A |

{9038957 : }

**Table of Contents**

*Page*

TABLE OF AUTHORITIES ..................................................................................................................3

I.   INTRODUCTION .........................................................................................................................5

II.  ISSUES TO BE DECIDED............................................................................................................5

III. FACTS RELEVANT TO THIS MOTION....................................................................................6

IV.  LEGAL ARGUMENT...................................................................................................................7

    A.  Generally Applicable Venue Rules......................................................................................7

    B.  Venue is not Proper under 28 USC §1391(b)(2)..................................................................8

        1.  Plaintiff Fails to Show a "Substantial Part of the Events" Occurred in this District..........................................................................................................................8

        2.  Pendent Venue is Applied Sparingly, and Should Not be Applied in this Case.............9

    C.  RICO's Special Venue Statute Does Not Provide a Basis for Venue for the Claims against CAL II...................................................................................................................10

    D.  Venue is not Proper under 28 USC §1391(b)(1)................................................................11

CONCLUSION....................................................................................................................................13

**Table of Authorities**

*Page*

**Cases**

*Barth v. Mabry Carlton Ranch, Inc.*,
  2020 US Dist. LEXIS 95528 (D. Hawaii, June 1, 2020) ................................................. 10, 11

*Boggs v. United States*,
  987 F. Supp. 11, 17 (D.D.C. 1997) ................................................................................... 9

*Butcher's Union Local No. 498 v. SDC Investments, Inc.*,
  788 F.2d 535, 538 (9th Cir. 1986) .................................................................................... 11

*Cheery Way (USA), Inc., v. Duong*,
  2012 U.S. Dist. LEXIS 67100 (N.D. Cal., May 14, 2012) ................................................ 8

*Dockery v. Heretick*,
  2019 U.S. Dist. LEXIS 129375 (E.D. Pa., August 1, 2019) .............................................. 11

*Gulf Ins. Company v. Glasbrenner*,
  417 F.3d 353, 357 (2d Cir. 2005) ..................................................................................... 8

K*aia Foods, Inc. v Bellafiore*,
  70 F.Supp.3d 1178 (N.D. Cal. 2014) ............................................................................... 7

*King v. Russell*,
  963 F.2d 1301, 1304 (9th Cir. 1992) ................................................................................ 7

*Leroy v. Great W. United Corp.*,
  443 U.S. 173, 180 (1979) ................................................................................................. 7

*McNeary-Calloway v. JP Morgan Chase Bank, N.A.*,
  863 F.Supp.2d 928, 965 (N.D. Cal. 2012) ....................................................................... 9

*Murphy v. Schneider Nat'l Inc.*,
  362 F.3d 1133, 1138 (9th Cir. 2004) ................................................................................ 7

*Olberding v. Illinois Cent. R. Co.*.
  346 U.S. 338, 340 (1953) ................................................................................................. 8

*Piedmont Label Co. v. Sun Garden Packing Co.*,
  598 F.2d 491, 496 (9th Cir. 1979) .................................................................................. 7, 8

*Reuber v. United States,*
  750 F.2d 1039, 1048 (D.C.Cir. 1984) .............................................................................. 9

{9038957:}

3

*Richmond Techs. v. Aumtech Bus. Solutions*,
  2011 U.S. District LEXIS 71269 (N.D. Cal. July 1, 2011) ................................................................8, 9

*Sadighi v. Daghighfekr*,
  36 F. Supp. 2d 267, 278 (D.S.C. 1999) ...........................................................................................9

*Saravia v. Sessions*,
  280 F.Supp.3d 1168, 1191 – 92 (N.D. Cal. 2017) ...........................................................................9

*U.S. v. Trucking Management, Inc.*,
  1979 US. Dist. LEXIS 10951 (D.D.C. July 17, 1979) ....................................................................9

*United Tactical Sys., LLC v. Real Action Paintball, Inc.*,
  108 F.Supp.3d 733, 753 (N.D. Cal 2015) .......................................................................................9

*Zhai v. Stein Tree Servs., Inc.*,
  2015 US. Dist. LEXIS 11355 (N.D. Cal., January 30, 2015) ........................................................10

**Other Authorities**

18 USC §1961 ................................................................................................................................5

18 USC §1965 ...................................................................................................................5, 10, 11

28 USC §1391 .........................................................................................................................*passim*

28 USC §1404 ................................................................................................................................5

28 USC §1406 .............................................................................................................................5, 7

28 USC §1965(b) ...........................................................................................................................5

California Consumer Legal Remedies Act ...................................................................................11

Federal Rule of Civil Procedure 12(b)(3) .........................................................................5, 7, 10, 13

Federal Rule of Civil Procedure 41 ..............................................................................................12

Racketeer Influenced and Corrupt Organizations Act ............................................................. *supra*

{9038957:}

## I. INTRODUCTION

This Reply Memorandum of Law is submitted on behalf of California Attorney Lending II, Inc. ("*CAL II*"), in further support of its Motion to Dismiss Plaintiff's claims in this action, pursuant to Federal Rule of Civil Procedure 12(b)(3), for failure to establish that this District is an appropriate venue for Plaintiff's claims against CAL II.[1]

Plaintiff's "Consolidated Opposition to Defendants' Rule 12(b)(3) Motions to Dismiss and 28 USC §§1406 and 1404 Motions to Transfer" (*Docket No*. 85) largely ignores CAL II's arguments, focusing instead on the Complaint's claims under the Racketeer Influenced and Corrupt Organizations Act ("*RICO*"), 18 USC §1961 *et seq*., which are not pleaded against CAL II.  Indeed, Plaintiff's reed-thin justification to establish venue in the Northern District of California is that a single one of the nine named defendants – not CAL II – allegedly sent a single email from this District in furtherance of an alleged RICO enterprise, and that the Court should therefore exercise pendent venue with respect to every other aspect of this case.

Plaintiff's argument stretches much too far, and fails to recognize that even by Plaintiff's own allegations, CAL II played no role in any RICO enterprise. This Court should dismiss Plaintiff's claims against CAL II under Federal Rule of Civil Procedure 12(b)(3).

## II. ISSUES TO BE DECIDED

1. Has Plaintiff met its burden to establish that the Northern District of California is a proper venue to determine claims against CAL II, pursuant to 28 USC §1391(b)(2), by pointing to a single act – the alleged transmission of an email – occurring in this District, which was undertaken by a different Defendant, and which does not relate to any claim asserted against CAL II?

2. Assuming *arguendo* that 28 USC §1965(b) addresses venue, does it establish a proper basis for venue

---

[1] CAL II's Motion to Dismiss also attacked Plaintiff's failure to state a claim against CAL II under Rule 12(b)(6).  This Court's Scheduling Order of September 30, 2022, directed those issues to be separately briefed. See, *Docket No*. 77.

{9038957:}

for non-RICO claims against CAL II, a defendant who is not alleged to be part of a RICO enterprise?

3. Where Plaintiff would only be able establish venue in this District under 28 USC §1391(b)(1) by dismissing its claim, without prejudice, against Defendant Joseph DiNardo, should this Court exercise pendent venue over the same and similar claims asserted against CAL II, when (after such dismissal) the future claim against DiNardo in a different venue will result in duplicative, piecemeal litigation and inconvenience for parties and witnesses?

### III.   FACTS RELEVANT TO THIS MOTION

Plaintiff is an Illinois professional corporation with a principal place of business in Chicago. It operates a San Francisco office and brings this action as the assignee of five families who reside in Indonesia. *Docket No. 1* ¶¶ 22, 76. The action names nine defendants, including Joseph DiNardo, an individual who is not a resident or domiciliary of the State of California. *Id.*, at ¶¶24 – 33.

Plaintiff's assignors – the Indonesian families – were plaintiffs in litigation venued in the Northern District of Illinois. *Docket No. 1*, ¶96. Plaintiff served as co-counsel to Girardi Keese, a Los Angeles, California, based law firm, in the representation of those families in the Northern District of Illinois litigation. *Id.*, ¶¶95 – 96.

CAL II is a New York corporation that provides loans to law firms for working capital purposes. Its principal place of business is in Buffalo, New York, and it loaned money to Girardi Keese. *Id.*, ¶¶33, 307. When Plaintiff's Indonesian clients settled the claims Girardi Keese and Plaintiff were pursuing on their behalf, the Indonesian clients agreed that a portion of those settlement proceeds representing Girardi Keese's share of the attorneys' contingency fee could be transmitted directly to CAL II, in partial satisfaction of Girardi Keese's outstanding indebtedness to CAL II. *Id.*, ¶¶ 310, 346.

Though it makes numerous inflammatory claims regarding conspiracies and brings claims against many of the defendants under the RICO statute, the Complaint contains only three claims that seek relief from CAL II. Those claims are "money had and received," and claims for relief under two California

state law consumer protection statutes. See, *Docket No*. 1, ¶¶ 306 – 316; ¶¶327 – 337; ¶¶338 – 350. Tellingly, no relief is sought relative to CAL II in any of the Complaint's RICO claims, or its "deceit" claims.

Because no substantial part of the events or omissions giving rise to the claims against CAL II occurred in the Northern District of California, CAL II brings this motion to dismiss under Federal Rule of Civil Procedure 12(b)(3).

### IV.     LEGAL ARGUMENT

#### A. Generally Applicable Venue Rules.

This Court is well familiar with the rules generally applicable to determining an appropriate venue. The purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial. *Leroy v. Great W. United Corp*., 443 U.S. 173, 180 (1979). Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. *Murphy v. Schneider Nat'l Inc*., 362 F.3d 1133, 1138 (9th Cir. 2004). Pursuant to 28 USC §1406(a), if this Court determines that venue is improper, the Court must either dismiss the action, or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of this Court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

When a complaint asserts multiple claims, as this Complaint does, a plaintiff must establish that venue is proper for each of the claims. *Kaia Foods, Inc. v Bellafiore*, 70 F.Supp.3d 1178 (N.D. Cal. 2014). When venue is based on 28 USC §1391(b)(2), the chosen venue must be home to a "substantial part of the underlying events" giving rise to the claim, meaning that "significant events or omissions

material to the plaintiff's claim must have occurred in the district in question." *Richmond Techs. v. Aumtech Bus. Solutions*, 2011 U.S. District LEXIS 71269 (N.D. Cal. July 1, 2011), citing *Gulf Ins. Company v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005). And district courts have been cautioned, when analyzing venue under Section 1391(b)(2) "to take seriously the adjective 'substantial,' " to comport with the U.S. Supreme Court's directive to construe the venue statute strictly.  See, e.g., *Glasbrenner,* 417 F.3d at 357, citing *Olberding v. Illinois Cent. R. Co.,* 346 U.S. 338, 340 (1953).

### B.  Venue is not Proper under 28 USC §1391(b)(2).

1.  <u>Plaintiff Fails to Show a "Substantial Part of the Events" Occurred in this District.</u>

Plaintiff utterly fails to meet its burden to establish that the Northern District of California is the proper forum for the litigation of the claims of its assignors, the Indonesian Families, against CAL II. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  The allegations against CAL II relate to the settlement of litigation then pending in the Northern District of Illinois, involving Indonesian clients, lawyers in Chicago, Los Angeles and Seattle, and CAL II in Buffalo, New York.  See, *Docket No. 1* at ¶333 (Perkins Coie wired funds directly from Seattle to CAL II). There is no aspect of those claims – much less a substantial part of the underlying events, or significant events or omissions material to those claims – that involves the Northern District of California in any way.

In its Opposition, Plaintiff attempts to lower the threshold for the evaluation of the "substantial part of the events" test, by reference to *Cheery Way (USA), Inc., v. Duong*, 2012 U.S. Dist. LEXIS 67100 (N.D. Cal., May 14, 2012).  In that case, the court concluded that a substantial part of the events occurred in the district when "some payments were issued from, and two contracts were signed within the District." *Docket No. 85*, at 8:7 – 8, citing *Cheery Way*, at *3.  But here, Plaintiff makes no such allegations, whether in its claims against CAL II or any other Defendant. No payments were made or received in this District, and no agreements were executed here; instead, a single email message is alleged to have been transmitted from this District.  That single ephemeral event – **not** alleged to have

been undertaken by CAL II – does not amount to a significant event or omission material to Plaintiff's claims against CAL II, see, *Richmond Technologies,* supra*,* and it does not justify venue in the Northern District of California for those claims.

       2.      <u>Pendent Venue is Applied Sparingly, and Should Not be Applied in this Case</u>.

Under the pendent venue doctrine, "[o]nce a court has determined that venue is proper as to one claim, it may exercise pendent venue to adjudicate closely related claims." *Saravia v. Sessions*, 280 F.Supp.3d 1168, 1191 – 92 (N.D. Cal. 2017), citing, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 108 F.Supp.3d 733, 753 (N.D. Cal 2015). Whether to apply the pendent venue doctrine is a *discretionary* determination, and informing the exercise of discretion are "principles of judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants." *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F.Supp.2d 928, 965 (N.D. Cal. 2012) (emphasis added). Moreover, "[t]he doctrine of **pendent venue is applied sparingly** and usually in cases in which common law claims are jurisdictionally pendent to federal claims." *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999) (emphasis added), quoting *U.S. v. Trucking Management, Inc.*, 1979 US. Dist. LEXIS 10951 (D.D.C. July 17, 1979).

In assessing whether to apply the doctrine of pendent venue, there are generally three factors to consider: "1. whether the claims originate from a common nucleus of operative fact; 2. the existence of common issues of proof; and 3. the existence of similar witnesses." *Boggs v. United States*, 987 F. Supp. 11, 17 (D.D.C. 1997), citing *Reuber v. United States*, 750 F.2d 1039, 1048 (D.C.Cir. 1984). In *Boggs*, although the court found that the "claims ostensibly derive from the same common nucleus of operative facts," it nonetheless found that "this is not a case in which the exercise of pendent venue is appropriate" as the remaining factors had not been met. *Id*., 18. There, the court looked at the proof required with regards to the claims for which venue had been properly asserted, and compared it to the proof required to establish the claim for which pendent venue was sought. *Id*. The court concluded that there were

"arguably no common issues of proof [n]or would there be any similar witnesses." *Id*. Consequently, it declined to apply pendent venue.

Likewise, here, the proof and witnesses are distinct—Plaintiff's claims against CAL II are not closely related to its RICO claims and deceit allegations involving other defendants.[2] In contrast to the RICO and deceit claims, Plaintiff's claims against CAL II will require entirely different elements of proof, and altogether different witnesses. This Court should fulfill the purpose of the venue statute and protect CAL II against Plaintiff's selection of an unfair and inconvenient place of trial. Because Plaintiff has failed to meet its burden to establish that the Northern District of California is an appropriate venue for its claims against CAL II, those claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).

### C.  RICO's Special Venue Statute Does Not Provide a Basis for Venue for the Claims against CAL II.

Plaintiff contends that venue is proper in the Northern District of California under the RICO statute because Plaintiff alleges that Defendants Lira and Griffin transact their affairs in this District, and because Griffin sent an email from this District as part of the RICO enterprise. Plaintiff argues that 18 USC §1965(b) makes venue proper for claims brought under RICO's section 1964 "in any district in which it is shown that the ends of justice require that other parties residing in any other district be brought before" this Court. *See*, 18 USC §1965(b), *Docket 85*, at 8: 26 - 28. As an initial matter, some courts – including courts within this district – have determined that Section 1965(b) does not deal with venue, and is instead a mechanism to obtain personal jurisdiction over members of a single nationwide RICO enterprise. See, *Zhai v. Stein Tree Servs., Inc.*, 2015 US. Dist. LEXIS 11355 (N.D. Cal., January 30, 2015); see also *Barth v. Mabry Carlton Ranch, Inc.*, 2020 US Dist. LEXIS 95528 (D. Hawaii, June 1, 2020).

---

[2] {9038957:} Indeed, it is far from clear that Plaintiff's claims against CAL II and its RICO and deceit claims originate from a common nucleus of operative fact.

Even if this Court concludes that Section 1965(b) provides a special grant of venue for RICO claims, it does not make the Northern District of California a proper venue for Plaintiff's claims against CAL II.  The purpose of the RICO venue statute is "to enable plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial." *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986). And, by its terms, the venue provision of 18 USC §1965(b) is only applicable to claims brought under section 1964 of RICO.  *See*, 18 USC §1965(b).  But critically, Plaintiff has not alleged that CAL II played any role in any alleged RICO enterprise:  its complaint does not include CAL II as a defendant in any RICO claim (or in the two deceit claims).  See *Docket No. 1* (claims against CAL II include only "money had and received;" unfair business practice; California Consumer Legal Remedies Act).

*Butcher's Union* recognized that Section 1965(b)'s reach is not unlimited, and applies only when a plaintiff alleges that all defendants in the action are part of a single nationwide conspiracy. *Butcher's Union*, 788 F.2d at 539. "Under 18 USC §1965(a) and (b), if venue is proper as to one RICO defendant, it may extend **to all other RICO defendants** if 'the ends of justice require' it …." *Dockery v. Heretick*, 2019 U.S. Dist. LEXIS 129375 (E.D. Pa., August 1, 2019) (emphasis added).   Here, CAL II is not a RICO defendant, and is not alleged to be part of any RICO enterprise: thus, Section 1965 is inapplicable to the claims against CAL II. "Merely naming defendants in a RICO complaint does not subject them to §1965(b)." *Barth v. Mabry Carlton Ranch, Inc.*, 2020 US Dist. LEXIS 95528 (D. Hawaii, June 1, 2020).

Plaintiff has not alleged that CAL II is a member of any RICO enterprise.  In the absence of any such allegation, Section 1965(b) is not applicable to the claims against CAL II, and does not provide a basis for Plaintiff to establish venue in this District.

### D. Venue is not Proper under 28 USC §1391(b)(1).

Plaintiff simply cannot establish venue in the Northern District of California under 28 USC §1391(b)(1) because that subsection requires that all defendants reside in the same state as the chosen

forum district, and Defendant Joseph DiNardo is not a resident of the State of California.  See, e.g. *Docket No*. 1, ¶32.

Plaintiff effectively concedes this defect, and – to fix this flaw in its action – Plaintiff offers to "dismiss DiNardo without prejudice from this action to secure venue in this jurisdiction under this provision." *Docket No.* 85, at 12: 15 -16.  However, because DiNardo has already made an appearance in this action, see *Docket No*. 58, Federal Rule of Civil Procedure 41 will only permit the dismissal of the claims against DiNardo upon stipulation of all parties, *Federal Rule of Civil Procedure* 41(a)(1)(A), or by court order on terms that this Court considers proper. *Federal Rule of Civil Procedure* 41(a)(2).

Plaintiff's claim against DiNardo is the same claim Plaintiff asserts against CAL II – the Fifth Cause of Action, for "money had and received."  See *Docket No. 1,* ¶¶303 – 313.  Plaintiff should not be allowed to withdraw that cause of action against DiNardo, without prejudice, in order to preserve venue against CAL II and other defendants in this action, only to renew the same cause of action against DiNardo in a more appropriate venue.  That "ready, fire, aim" proposal – litigating the same cause of action arising from the same transactions involving the same parties in two different judicial districts – would waste judicial resources, require duplication of litigation, inconvenience witnesses, and be manifestly unfair to CAL II.  The far simpler approach, and the one this Court should take, is to recognize Plaintiff's inability to establish proper venue under 28 USC §1391(b)(1), and to dismiss Plaintiff's claims against CAL II for improper venue.

## V. CONCLUSION

Plaintiff has failed to demonstrate that a substantial part of the events or omissions underlying its claims against CAL II occurred in this District and cannot establish that the District is an appropriate venue for its claims against CAL II under 28 USC §1391.  Because Plaintiff does not allege any RICO claim against CAL II, it cannot establish venue for its claims against CAL II under RICO's special venue statute.  Finally, Plaintiff cannot demonstrate that this Court's exercise of pendent venue will promote judicial economy and convenience or avoid piecemeal litigation.  Accordingly, this Court should dismiss the claims against CAL II pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is improper in the Northern District of California.

DATED:   November 17, 2022                **WOODS OVIATT GILMAN LLP**

By:   /s/ William E. Brueckner            .
William F. Savino (admitted *pro hac vice*)
William E. Brueckner (admitted *pro hac vice*)
*Counsel for Defendant California Attorney Lending II, Inc.*

**PONIST LAW GROUP, PC**
Sean E. Ponist
Cary D. McReynolds
Samantha Yu
*Counsel for Defendant California Attorney Lending II, Inc.*

{9038957:}