1   EVAN C. BORGES, State Bar No. 128706
    *EBorges@GGTrialLaw.com*
2   DAVID T. SHACKELFORD, State Bar No. 318149
    *Dshackelford@GGTrialLaw.com*
3   AMIR A. SHAKOORIAN, State Bar No. 324442
    *AShakoorian@GGTrialLaw.com*
4   GREENBERG GROSS LLP
    650 Town Center Drive, Suite 1700
5   Costa Mesa, California 92626
    Telephone: (949) 383-2800
6   Facsimile: (949) 383-2801

7   Attorneys for Defendants Erika Girardi and
    EJ Global, LLC

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11

| | |
|---|---|
| 12   EDELSON PC, an Illinois professional corporation, | Case No. 3:22-cv-03977-JSC |
| 13         Plaintiff, | **REPLY IN SUPPORT OF DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S MOTION TO DISMISS PLAINTIFF EDELSON PC'S COMPLAINT FOR IMPROPER VENUE, OR, ALTERNATIVELY, TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** |
| 14         v. | |
| 15   DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an | |
| 16   individual, EJ GLOBAL, LLC, a California limited liability company, | |
| 17   CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, | |
| 18   WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH | Complaint Filed: July 6, 2022 |
| 19   DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II, INC., a New | Motion Date:    December 1, 2022<br>Motion Time:    9:00 a.m. via Zoom<br>Courtroom:       8 |
| 20   York corporation, | |
| 21         Defendants. | Hon. Jacqueline S. Corley |
| 22 | Trial Date:        None Set |

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

STATEMENT OF THE ISSUES TO BE DECIDED: ........................................................ 5

I.  INTRODUCTION ................................................................................................ 6

II. ARGUMENT ........................................................................................................ 7

    A.  The EG Defendants Did Not Waive Their Venue Objections ..................... 7

    B.  Plaintiff Has Not Met Its Heavy Burden in Challenging the Forum
        Selection Clause ....................................................................................... 10

        1.  The Venue Provision Sweeps Broadly and Applies to Any
            Action Plaintiff Brings Against the EG Defendants ......................... 10

    C.  The Complaint Should be Dismissed for Improper Venue Under Rule
        12(b)(3) .................................................................................................... 12

        1.  None of the Conduct Material to Plaintiff's Claims Occurred in
            the Northern District, Let Alone a Substantial Amount ................... 12

        2.  Pendent Venue Is Not Available Where, as Here, Venue Is
            Proper Only as to Plaintiff's State Claim ........................................ 13

        3.  Section 1965(b) Does Not Apply to Venue ...................................... 15

        4.  Venue Is Improper and Therefore the Court should Dismiss the
            Complaint ......................................................................................... 15

    D.  In the Alternative, the Convenience of the Parties and the Interests of
        Justice Compel Transfer to the Central District ....................................... 16

        1.  Plaintiff's Choice of Forum Enjoys Little Deference in this
            Case .................................................................................................. 16

        2.  Plaintiff Concedes that Convenience of the Parties and
            Witnesses Favor Transfer ................................................................. 17

        3.  The Central District's Interest in this Controversy Far Exceeds
            that of the Northern District's ........................................................... 18

III. CONCLUSION .................................................................................................. 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Apple IPhone Antitrust Litigation*
    846 F.3d 313 (9th Cir. 2017)........................................................................................ 9

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
    571 U.S. 49 (2013) ................................................................................................... 15

*Barth v. Mabry Carlton Ranch, Inc.*,
    2020 WL 2840238 (D. Haw. June 1, 2020) ............................................................. 15

*Boggs v. United States*,
    987 F. Supp. 11 (D.D.C. 1997) ................................................................................ 14

*Bowles v. Sunshine Packing Corp. of Pa.*,
    5 F.R.D.282 (W.D. Penn. 1946)................................................................................. 8

*Butcher's Union Local No. 498, United Food & Commercial Workers v.*
    *SDC Inv., Inc.* (*Butcher's Union*)
    788 F.2d 535 (9th Cir. 1986) ................................................................................... 15

*California Closet Co. v. Ebben*,
    No. C 08-0625 SI, 2008 WL 1766767 (N.D. Cal. Apr. 15, 2008)............................ 12

*Cohen v. State Farm & Cas. Co.*,
    2009 WL 2500729 (E.D.Cal. Aug. 14, 2009) ..................................................... 16, 18

*Cung Le v. Zuffa, LLC*,
    108 F.Supp.3d 768 (N.D.Cal. 2015) ........................................................................ 18

*Davidson v. Countrywide Home Loans, Inc.*,
    No. 09–CV–2694–IEG JMA, 2011 WL 1157569 (S.D.Cal. Mar. 29,
    2011) ........................................................................................................................... 8

*Dietz v. Bouldin, Inc.*,
    136 S. Ct. 1885 (2016) .............................................................................................. 9

*Doe v. White*,
    No. 08–1287, 2010 WL 323510 (C.D.Ill. Jan. 20, 2010) ........................................... 8

*King v. Russell*,
    963 F.2d 1301 (9th Cir. 1992)................................................................................... 15

*Lipnick v. United Air Lines, Inc.*,
    No. C 11-2028 CW, 2011 WL 4026647 (N.D. Cal. Sept. 9, 2011) ........................... 17

*Nine Point Mesa of Nashville, Inc. v. Nine Point Mesa of Lexington, Inc.*,
    769 F.Supp. 259 (M.D.Tenn. 1991) ............................................................... 14

*Pac. Car & Foundry Co. v. Pence*,
    403 F.2d 949 (9th Cir.1968) ........................................................................ 16

*Sadighi v. Daghighfekr*,
    36 F.Supp.2d 267 (D.S.C 1999) ................................................................... 14

*Trico Bancshares & Subsidiaries v. Rothgerber Johnson & Lyons LLP*,
    No. 2:09–CV–01700, 2009 WL 3365855 (E.D.Cal. Oct. 15, 2009) ........................ 13

*Uffner v. La Reunion Francaise, S.A.*,
    244 F.3d 38 (1st Cir. 2001) ......................................................................... 12

*Wealth Rescue Strategies, Inc. v. Thompson*,
    No. CV08–1700–PHX–DGC 2008 WL 4447040 ........................................ 12, 13

**Statutes**

18 U.S.C. § 1965 ..................................................................................... 7, 15

28 U.S.C. § 1391 ......................................................................................... 12

28 U.S.C. § 1404 ..................................................................................... 7, 16

28 U.S.C. § 1406 ..................................................................................... 9, 15

RICO ...................................................................................................... 15

**Other Authorities**

C.D. Cal. R. 83-2.1.2.1 ................................................................................ 17

C.D. Cal. R. 83-2.1.3.1 ................................................................................ 17

Fed. R. Civ. P. 1 .......................................................................................... 9

Fed. R. Civ. P. 12 ................................................................................. *passim*

REPLY IN SUPPORT OF DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S
MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

1

## <u>STATEMENT OF THE ISSUES TO BE DECIDED:</u>

2   1. Whether the EG Defendants waived their objection to venue.

3   2. Whether the venue provision in the Tolling Agreement signed by Edelson applies.

4   3. Whether the Court should dismiss the Complaint pursuant to 28 U.S.C. § 1391(b).

5   4. Whether venue is proper pursuant to 18 U.S.C. § 1965(a).

6   5. Whether the Court should transfer venue pursuant to 28 U.S.C § 1404(a)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S
MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   <u>INTRODUCTION</u>

Ms. Girardi's and EJ Global, LLC's ("EG Defendants") Motion to Dismiss for Improper Venue or Transfer to Central District of California ("Motion") should be granted first and foremost because Plaintiff does not reference any facts related to the EG Defendants' conduct which would be cause to subject them to litigate this case in the Northern District.  In Plaintiff's Consolidated Opposition ("Opposition"), Plaintiff uses one claim (deceit) out of ten and two defendants (Lira and Griffin) out of nine, to argue that all claims and all defendants should be forced into court in the Northern District. Neither law nor logic supports Plaintiff's position.

Plaintiff first argues that the EG Defendants have waived their right to object to venue by filing their 12(b)(3) motion a mere forty-three (43) minutes after they filed a Rule 12(b)(6) motion.  However, this mechanical interpretation of Rule 12(g) is not only unsupported by case law but contravenes the purpose of the statute.  In fact, the Ninth Circuit has expressly rejected a rigid application of Rule 12(g) and instead has adopted a flexible approach that focuses not on technical violations but on eliminating "repetitive motion practice" and "ambush tactics."

Next, Plaintiff concedes that the forum selection clause of the tolling agreement signed by both Plaintiff Edelson and the EG Defendants is valid and enforceable as to Edelson, but argues that the forum selection clause does not apply to the claims that Edelson raises as assignee on behalf of the Lion Air clients.  Edelson misinterprets the venue provision and misapplies the law.  Notably, the forum selection clause is broad and not limited to Edelson's fee disputes with Girardi and the EG Defendants, but applies "to the allegations in the Girardi Lawsuit or **otherwise**."  Docket No. 61-1, Declaration of Evan C. Borges ("Borges Decl.") Ex. B at 8 (emphasis added).  Edelson, in short, was and is bound by the forum selection clause that it freely entered into.

Further, none of Plaintiff's arguments in support of venue in the Northern District is valid.  Under the doctrine of pendent venue, showing venue is proper as to Plaintiff's state

law deceit claim does not support pendent venue over Plaintiff's federal claims.  Similarly, Plaintiff cannot rely on 18 U.S.C. § 1965(b) to support venue in the Northern District because that section does not govern venue.  Because venue is not proper in this district, the case should be dismissed or transferred.

Even assuming, however, that Plaintiff could demonstrate that venue is proper in the Northern District, this action should be transferred to the Central District of California pursuant to section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  Plaintiff ignores substantial authority against its assertion that its choice of venue is entitled to a strong presumption.  Plaintiff's contractual obligation under the forum selection clause and the remoteness of any connection between Plaintiff's claims and this district counteract this factor.  Also, while Plaintiff concedes that the convenience of the parties and witnesses favor a transfer, it erroneously argues that this factor enjoys very little weight because of Plaintiff's burden of having to appear pro hac vice and engaging local counsel under the Central District's local rules.  Plaintiff, however, misunderstands the rule which in reality allows Plaintiff's lead counsel, who is licensed to practice in California, to request admission to the Central District's bar.  As such, the force of this factor and others discussed in the Motion tip the balance further in favor of transfer.

Accordingly, the EG Defendants request that the Court dismiss the Complaint for improper venue or, alternatively, transfer this action to the Central District.

## II.   ARGUMENT

### A.   The EG Defendants Did Not Waive Their Venue Objections

The EG Defendants filed their Rule 12(b)(3) motion and 12(b)(6) motion on the same day, within forty-three (43) minutes of each other.  Without any supporting authority, Plaintiff argues that this runs afoul of Rule 12(g)(2) and constitutes waiver of the EG Defendants' venue objections.  Both the purpose of Rule 12(g) and the cases interpreting it, however, belie Plaintiff's rigid interpretation.

Rule 12(g)(2) says that "a party that makes a motion under this rule must not make another motion under this rule …."  Fed. R. Civ. P. 12(g)(2).  The Rule's consolidation

requirement aims at prohibiting dilatory and abusive motion practice designed solely for the purpose of delaying litigation.  As the Advisory Committee Notes to the Federal Rules make clear, the "required consolidation of defenses and objections in a Rule 12 motion is salutary in that *it works against piecemeal consideration of a case*."  Fed. R. Civ. P. 12(g) advisory committee's note (emphasis added).  This reasoning reflects the principle that a defendant should not be allowed to file successive Rule 12 motions with the sole purpose of frustrating a plaintiff's prosecution of its claims.  *See Bowles v. Sunshine Packing Corp. of Pa.*, 5 F.R.D.282, 285 (W.D. Penn. 1946) ("Rule 12(g) was designed to encourage the consolidation of motions and to discourage the dilatory device of making them in series and no waiver results from failure to exercise the option therein conferred."); *see also* Rutter Group Practice Guide: Federal Civil Procedure Before Trial National Edition (The Rutter Group 2022) ¶ 9:16  ("[Rule 12(g)] is intended to eliminate unnecessary delay at the pleading stage by minimizing the number of permitted pretrial motions: It prevents defendant from first moving to dismiss for lack of personal jurisdiction; then, *if unsuccessful*, moving to dismiss for improper service; then, *if unsuccessful*, challenging venue, etc.") (emphasis added).  Here, the EG Defendants did not take the wait-and-see approach but put all of their objections in front of the Court on the same day, within minutes of each other.

Rule 12(g) has no application where, as here, nothing suggests that separate and concurrently filed motions were aimed at causing delay.  *See Doe v. White*, No. 08–1287, 2010 WL 323510, at *2 (C.D.Ill. Jan. 20, 2010) (citing the "substantial amount of case law which provides that successive Rule 12(b)(6) motions may be considered where they have not been filed for the purpose of delay, where entertaining the motion would expedite the case, and where the motion would narrow the issues involved"); *Davidson v. Countrywide Home Loans, Inc.*, No. 09–CV–2694–IEG JMA, 2011 WL 1157569, at *4 (S.D.Cal. Mar. 29, 2011) (internal quotations omitted) ("Rule 12(g) applies to situations in which a party files successive motions under Rule 12 for the sole purpose of delay[.]").

Plaintiff does not even argue that the separately-filed Rule 12 motions were part of

-8-

a dilatory and abusive motion practice, or make any showing of prejudice because none exists.  Instead, Plaintiff engages in gamesmanship by trying to defeat the motion on a technicality.  The Ninth Circuit, however, rejected a similar argument in *In re Apple IPhone Antitrust Litigation* ("*In re Apple*"), 846 F.3d 313 (9th Cir. 2017).  In *In re Apple*, the Ninth Circuit adopted a flexible approach to applying Rule 12(g) by affirming the district court's decision to consider a subsequent motion to dismiss that could have been raised in an earlier Rule 12 motion.  The Court emphasized that Rule 12(g) should be read "in light of the general policy of the Federal Rules of Civil Procedure, expressed in Rule 1," which "directs that the Federal Rules 'be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'"  846 F.3d at 318 (quoting Fed. R. Civ. P. 1).  Emphasizing that Rule 12(g) was designed to "avoid repetitive motion practice, delay, and ambush tactics," the Ninth Circuit noted that a subsequently filed 12(b)(6) motion did "not appear to have been filed for any strategically abusive purpose."  Because the defendant had not sought to delay the case and consideration of the subsequent Rule 12 motion served the interest of judicial efficiency, the court refused to rigidly apply Rule 12(g)(2).

The Ninth Circuit's approach in *In re Apple* is consistent with the Supreme Court's teachings that the Federal Rules "are not all encompassing" and that there are "standard procedural devices trial courts around the country use every day in service of Rule 1's paramount command."  *See Dietz v. Bouldin, Inc.*, 136 S. Ct. 1885, 1891 (2016).  Indeed, "a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962); *United States v. Hudson*, 7 Cranch 32, 34 (1812)).

The *Dietz* framework is particularly applicable to venue objections and is in line with Congress's intent.  Indeed, apart from the Federal Rules, Congress has provided express statutory confirmation of judicial authority to consider the timeliness and adequacy of a venue objection:  28 U.S.C. § 1406(b) provides that "[n]othing in this chapter shall

-9-

impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."

Finally, Rule 12(g) does not apply in this case because Rule 12(b)(6) motions are express exceptions to Rule 12(g)(2).  *See* Fed. R. Civ. P. 12(h)(2) (the defense of failure to state a claim can be raised in any pleading, by subsequent motion, or at trial.).  Moreover, Edelson ignores Rule 12(g)(1), which provides that "A motion under this rule may be joined with any other motion allowed by this rule."  Fed. R. Civ. P. 12(g)(1).  According to this Rule, filing simultaneous motions within minutes of each other on the same day is equivalent to joining the two defenses into a combined motion.

In sum, Plaintiff's 12(g)(2) waiver argument should be rejected.  The EG Defendants' separately-filed 12(b)(3) motion was not motivated by dilatory or abusive purposes.  This Court should follow the Ninth Circuit's flexible approach to Rule 12(g)(2) and appropriately consider the EG Defendants' venue objections.

## B.   Plaintiff Has Not Met Its Heavy Burden in Challenging the Forum Selection Clause

As explained in the Motion, this suit should be dismissed in the first instance because the parties' unambiguous forum selection clause requires that Edelson bring this action in the state or federal courts of Los Angeles, California.  Plaintiff concedes that the Venue Provision is valid and enforceable but contends that the EG Defendants have waived their right to object to venue and that, regardless, Plaintiff is not bound by its contractual obligations when suing as assignee of Lion Air clients.  The Plaintiff's arguments are logically and legally untenable.

### 1.   The Venue Provision Sweeps Broadly and Applies to Any Action Plaintiff Brings Against the EG Defendants

Plaintiff concedes that the forum selection clause is valid and enforceable, but argues that it should not apply because Plaintiff is acting as assignee of the Lion Air clients.  Neither the plain language of the parties' agreement nor any of the cases Plaintiff cites, however, give Plaintiff license to flout its contractual obligations under the forum

selection clause.

As a threshold matter, the plain text of the Tolling Agreement directly contradicts Plaintiff's position.  Specifically, the forum selection clause in full provides:

> 5.      In the event <u>Edelson elects in the future to file suit in California against Erika and/or EJ Global related to the allegations in the Girardi Lawsuit or *otherwise*</u>, Edelson agrees to file such suit in the federal or state courts of Los Angeles, California, and current counsel for Erika and EJ Global (Evan Borges of Greenberg Gross LLP) agrees to accept service of any such complaint.

Borges Decl. Ex. B at 8 (emphasis added).  The Venue Provision states unambiguously that (1) if Edelson elects in the future to file suit (2) against the EG Defendants, (3) related to the allegations in the Girardi Lawsuit or *otherwise*, (4) Edelson shall do so in the federal or state courts of Los Angeles.  There is no qualification; no equivocation.  This language applies to this action where (1) Edelson has filed a suit (2) against the EG Defendants (3) related to the allegations in the Girardi Lawsuit **or otherwise.**  It follows that Plaintiff was and remains bound by an express contractual obligation to bring this action in the state or federal courts of Los Angeles.

Further, Plaintiff expressly represented that it had the power and the authority to enter into and be bound by the terms and conditions of the forum selection clause:

> 6.      **The Parties represent and warrant** to each other that they have the full right, power and authority to enter into and **be bound by the terms and conditions of this Agreement, to carry out all of their respective obligations under this Agreement**, and that all approvals or consents required of persons or entities as a condition precedent to consummating this Agreement have been procured.

*Id.* (emphasis added).

In sum, the Venue Provision is a bargained-for benefit that Plaintiff and the EG Defendants negotiated.  The Tolling Agreement's expressly broad scope, combined with the "strong judicial policy" favoring enforcement of contractual forum selection clause, obligate the Plaintiff to litigate its case against the EG Defendants in Los Angeles.

-11-

**C.**     **The Complaint Should be Dismissed for Improper Venue Under Rule 12(b)(3)**

**1.**     **None of the Conduct Material to Plaintiff's Claims Occurred in the Northern District, Let Alone a Substantial Amount**

Plaintiff tries to claw its way into the Northern District by arguing that a "substantial" portion of the events giving rise to the allegations in the Complaint took place here.  By Plaintiff's own admission, however, these "substantial" events are limited to one defendant (Griffin) sending one email (allegedly) while in the district.  *See* Opposition ("Opp.") at 7:6-23.  This email is the **only** "event" that Plaintiff in their Opposition alleges occurred in the Northern District.  Moreover, according to Defendant Griffin's supporting declaration, "Mr. Griffin was in Lake Tahoe" when he sent the alleged email, which is in fact in the Eastern District of California.  *See* Dkt. 89 at 2:22-23. Considering the sheer volume of allegations in the Complaint, the Plaintiff's description of this isolated events as "substantial" stretches that term's meaning beyond any reasonable recognition.

It is well-established that courts must take seriously the requirement under Section 1391(a)(2) that a "substantial part of the events or omissions giving rise to the claims occurred" in the district where the plaintiff files.  *E.g.*, *Wealth Rescue Strategies, Inc. v. Thompson*, No. CV08–1700–PHX–DGC 2008 WL 4447040, at *1 ("In applying this statute [§ 1391], the adjective 'substantial' must be taken seriously.").  "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."  *California Closet Co. v. Ebben*, No. C 08-0625 SI, 2008 WL 1766767, at *7 (N.D. Cal. Apr. 15, 2008) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).  In determining where a substantial portion of the events took place, courts look "not to a single 'triggering event', but to the entire sequence of events underlying the claim."  *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001) (emphasis added).  Against this backdrop, "events or omissions that might only have some tangential connection with the dispute in

-12-

litigation are not enough." *Trico Bancshares & Subsidiaries v. Rothgerber Johnson & Lyons LLP*, No. 2:09–CV–01700, 2009 WL 3365855, at *3 (E.D.Cal. Oct. 15, 2009) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994)).

Here, the unifying theme of the Complaint is the grandiose nature of its allegations: Plaintiff alleges that the Defendants operated the largest criminal racketeering enterprise in history of law <u>in the Central District</u>, and took the entertainment industry in service of its aims <u>in the Central District</u>.  Taking the Complaint as a whole, Plaintiff's characterization of a single email allegedly sent in the Northern District as "substantial portion of events at issue" is, at best, an inappropriate overstatement.

As set forth in the Motion, this case is centered around the conduct of Girardi Keese, a law firm located in Los Angeles.  Virtually all of Plaintiff's claims allege misconduct relating to either Girardi Keese or individuals related to Girardi Keese, all of which occurred in Los Angeles, where almost everyone connected to Thomas Girardi was living and working.  Citing to random acts that are at best tangentially connected to the Complaint's claims falls far short of carrying Plaintiff's burden of establishing proper venue in this district.

**2.      Pendent Venue Is Not Available Where, as Here, Venue Is Proper Only as to Plaintiff's State Claim**

Even if the Complaint's microscopic references the conduct of Defendants Lira and Griffin in the Northern District were "substantial" within the meaning of the statute— which they are not—Plaintiff still fails to show that venue is proper in this district as to the EG Defendants because Plaintiff misapplies the pendent venue doctrine.

As an initial matter, "[v]enue must be proper for each claim and each defendant." *Wealth Rescue Strategies, Inc. v. Thompson*, 2008 WL 4447040, at *1 (D.Ariz. 2008). Recognizing this hurdle, Plaintiff argues that venue in the Northern District is proper based on Plaintiff's state law deceit claim against Mr. Griffin for sending a "lulling email," and therefore the Court can "exercise pendent venue over all other claims."  Opp. at 7.

Under the pendent venue doctrine, "[i]f all claims asserted arise out of the same

-13-

transaction or occurrence ("a common nucleus of operative facts"), proper venue as to a **federal** claim can support venue as to other claims."  Rutter Group Practice Guide: Federal Civil Procedure Before Trial National Edition (The Rutter Group 2022) ¶ 4:516 (emphasis in original).   However, if "the complaint joins federal and state claims, and venue is improper as to the federal claim, pendent venue is not available even if venue is proper as to the related state law claims."  *Id.* ¶ 4:518; *see also Sadighi v. Daghighfekr*, 36 F.Supp.2d 267, 278 (D.S.C 1999) ("the case law does not support an assertion of venue over the principal, federal law claim pursuant to the doctrine of 'pendent venue' based upon a finding of proper venue over the pendent state law claims.");  *Nine Point Mesa of Nashville, Inc. v. Nine Point Mesa of Lexington, Inc.*, 769 F.Supp. 259, 263 & n. 4 (M.D.Tenn. 1991) (doctrine of pendent venue inapplicable when venue was proper as to the state law claim but not as to the federal claim).

Here, Plaintiff has alleged a deceit cause of action in violation of California law and has used this claim in an attempt to bring all other claims against all defendants into the Northern District.  *See* Opposition at 7 (citing to *Bower v. AT&T Mobility, LLC*, 196 Cal. App 4th 1545, 1556 (2011) for the elements of deceit).  The present case, however, is more in line with *Boggs v. United States*, 987 F. Supp. 11, 17 (D.D.C. 1997).  In *Boggs*, although the court found that the "claims ostensibly derive from the same common nucleus of operative facts," it nonetheless found that "this is not a case in which the exercise of pendent venue is appropriate."  *Id.*, 18.  There, the court looked at the proof required with regards to the claims for which venue had been properly asserted, and compared it to the proof required to establish the claim for which pendent venue was sought.  *Id*.  The court concluded that there were "arguably no common issues of proof [n]or would there be any similar witnesses."  *Id*.  Consequently, it declined to apply pendent venue.  The same conclusion should be reached here.  No matter how significant Defendant Griffin's alleged email is to Plaintiff's deceit claim, it cannot support pendent venue over the Complaint's federal claims against the other defendants.  Accordingly, pendent venue does not make venue proper in this district as to the EG Defendants.

-14-

### 3.   Section 1965(b) Does Not Apply to Venue

Plaintiff argues that the RICO statute's venue provision makes venue proper on Defendants Lira and Griffin pursuant to 18 U.S.C. § 1965(a) because they transact their business in the Northern District.  Plaintiff then argues that subsection 1965(b) makes venue proper as to the remaining defendants.  Whatever the merits of Plaintiff's claim as to the applicability of section 1965(a) to Defendants Lira and Griffin, Plaintiff's latter argument fails because "Section 1965(b) does not govern venue."  *Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 2840238, at *3 (D. Haw. June 1, 2020) (citing *Zhai v. Stein Tree Servs. Inc.*, 2015 WL 410529, at *1 (N.D. Cal. Jan. 30, 2015)).  Instead, it provides "for service of process upon RICO defendants residing outside the federal court's district when it is shown that 'the ends of justice' require it."  *See Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, (*Butcher's Union*) 788 F.2d 535, 539 (9th Cir. 1986) (quoting 18 U.S.C. § 1965(b)).  *Butcher's Union*, a case cited by Plaintiff in support of their argument, recognized that Section 1965(b)'s reach is not unlimited, and only applies when a plaintiff alleges that all defendants in the action are part of a single nationwide conspiracy.  *See Butcher's Union*, 788 F.2d at 539.  Here, Plaintiff did not allege that defendant CAL II as a member of any RICO enterprise.  Accordingly, this is a separate and independent reason why Section 1965(b) is not applicable to this case.

### 4.   Venue Is Improper and Therefore the Court should Dismiss the Complaint

When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) (when venue is improper, "the case must be dismissed or transferred under § 1406(a)").  The Court has discretion in electing to dismiss or transfer. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).  As explained above, venue is improper in this district and under Section 1406(a), the Court should dismiss Plaintiff's

-15-

1  action in its entirety.

2  ### D.  In the Alternative, the Convenience of the Parties and the Interests of
3  ### Justice Compel Transfer to the Central District

4  Even if Plaintiff has met its burden to demonstrate that venue in this district is
5  proper—which is not the case—this action should be transferred to the Central District
6  pursuant to 28 U.S.C. § 1404(a), for "the convenience of parties and witnesses, in the
7  interest of justice."

8  It is undisputed that the action may have been brought in the Central District
9  pursuant to Section 1404(a), and nowhere in Plaintiff's Opposition do they deny that the
10  Central District is a proper alternative venue.  *See generally*, Opp. at 14-20.  The EG
11  Defendants' Motion sets forth in detail the many 1404(a) factors that decisively favor
12  transfer to the Central District.  *See* Motion at 15-19.

13  ### 1.  Plaintiff's Choice of Forum Enjoys Little Deference in this Case

14  As explained in the Motion, the general rule that a plaintiff's choice of forum
15  enjoys some weight in a 1404(a) analysis does not apply here, both because Plaintiff has a
16  contractual obligation to litigate against the EG Defendants in Los Angeles and because
17  the events giving rise to the Complaint did not take place in this district.  Where "the
18  forum lacks any significant contact with the activities alleged in the complaint, plaintiff's
19  choice of forum is given considerably less weight, even if the plaintiff is a resident of the
20  forum." *Cohen v. State Farm & Cas. Co.*, 2009 WL 2500729, at *3 (E.D.Cal. Aug. 14,
21  2009) (quoting *Knapp v. Wachovia Corp.*, 2008 WL 2037611 at *2 (N.D.Cal. May 12,
22  2008); *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968) ("If the
23  operative facts have not occurred within the forum of original selection and that forum has
24  no particular interest in the parties or the subject matter, the plaintiff's choice is entitled
25  only to minimal consideration").  As discussed above, Plaintiff's claims do not have a
26  "substantial" connection to the Northern District.  Even to the extent that the Complaint
27  alleges certain one-off acts in this district, they at most peripheral when considered in the
28  context of the overall allegations.  Therefore, Plaintiff's choice of venue has no bearing.

-16-

2. **Plaintiff Concedes that Convenience of the Parties and Witnesses Favor Transfer**

Plaintiff correctly concedes that this factor, dubbed in this district as "the most important" to a 1404(a) analysis, *Lipnick v. United Air Lines, Inc.*, No. C 11-2028 CW, 2011 WL 4026647, at *2 (N.D. Cal. Sept. 9, 2011), favors transfer.  Plaintiff's admission reflects the fact that **seven of the nine** defendants reside or have their principal offices in Los Angeles, and virtually all of the witnesses and evidence are there.  Plaintiff, however, argues that this factor enjoys little weight given Plaintiff's supposed hardship of complying with the Central District's local rules, which require pro hac vice attorneys to designate local counsel with an office in the District.  Plaintiff says that the burden of hiring additional counsel lessens the weight of this factor.  *See* Opp. at 16.  Plaintiff's stated concerns, however, are unfounded because they are based on a mistaken understanding of the Central District's local rules.

Central District Local Rule 83-2.1.2.1 has two requirements for admission to its bar, which are that the attorney must be of good moral character and an active member in good standing of the State Bar of California.  Plaintiff's lead counsel, Mr. Balabanian, is licensed to practice in California and presumably is of good moral character.  Accordingly, Mr. Balabanian can join the Central District bar and, in fact, is ineligible to appear pro hac vice.  *See* C.D. Cal. R. 83-2.1.3.1 ("**Who May Apply for Permission to Practice Pro Hac Vice.** An attorney who is not a member of the State Bar of California may apply for permission to appear pro hac vice . . . .") (emphasis in original).  With the burden of hiring local counsel lifted, this factor weighs in favor of transfer.

Plaintiff's assurance of its willingness to conduct depositions and hearing via Zoom does not militate against the convenience of the parties to litigate in the Central District.  Defendants may prefer to have witness depositions taken in person and may wish to appear in person for hearings.  As set forth above, seven of the nine defendants residing Los Angeles should not have to choose between appearing virtually or taking on the expense of traveling to this district for the privilege of defending themselves.

-17-

1    For these reasons and others described in the Motion, this important factor weighs

2 in favor of transfer.

3              **3.      The Central District's Interest in this Controversy Far Exceeds**

4                        **that of the Northern District's**

5    Plaintiff claims that the factor of local interest in the controversy is neutral because

6 the relevant events occurred in both districts and because Plaintiff resides in this district.

7 *See* Opp. at 18.  As discussed above, the notion that the significant relevant events material

8 to this controversy occurred in the Northern District is a stretch at best, and does not

9 amount to supporting a local interest of the Northern District in this controversy.  Even if

10 Plaintiff resides in the Northern District, a fact not yet shown, it is of no import because of

11 the remote connection of the Complaint's operative facts to this district.  *Cung Le v. Zuffa,*

12 *LLC*, 108 F.Supp.3d 768, 779 (N.D.Cal. 2015) (consideration of a plaintiff's home is

13 outweighed where few of the operative facts occurred there); *Cohen*, 2009 WL 2500729, at

14 *3 (same).

15    Finally, the Opposition's allegations, which seek to cast doubt as to the fairness of

16 litigating in the Central District, evidence the degree to which this controversy is important

17 to the Los Angeles area.  *See* Opp. at 2-3; 20-21.  Indeed, the Opposition's multiple

18 references to the *Los Angeles Times*'s coverage of Girardi Keese's demise further

19 illustrates Central District's heightened local interest in this matter.

20    Los Angeles's local interest in resolving this locally-significant dispute, together

21 with the other factors discussed here and in the Motion, decisively support granting a

22 transfer.

23 **III.    CONCLUSION**

24    Based on the foregoing, the EG Defendants request that the Court dismiss this case

25 due to improper venue.  Alternatively, the Court should transfer this action to the United

26 States District Court for the Central District of California.

27 / / /

28 / / /

DATED:  November 17, 2022          GREENBERG GROSS LLP


By: _____
     Evan C. Borges
     David T. Shackelford
     Amir A. Shakoorian
     Attorneys for Defendants Erika Girardi and EJ
     Global, LLC

REPLY IN SUPPORT OF DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S
MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

# PROOF OF SERVICE

**Edelson PC v. David Lira, et al.**
**Case No. 3:22-cv-03977-SK**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On November 17, 2022, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S MOTION TO DISMISS PLAINTIFF EDELSON PC'S COMPLAINT FOR IMPROPER VENUE, OR, ALTERNATIVELY, TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 17, 2022, at Costa Mesa, California.

_____
Cheryl Winsten

REPLY IN SUPPORT OF DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S
MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

1

2

**SERVICE LIST**
**Edelson PC v. David Lira, et al.**
**Case No. 3:22-cv-03977-SK**

3

| | |
|---|---|
| Rafey S. Balabanian, Esq.<br>EDELSON PC<br>150 California Street, 18th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 212-9300<br>Facsimile: (415) 373-9435<br>Email: rbalabanian@edelson.com | Attorneys for Plaintiff Edelson PC |

4

5

6

7

| | |
|---|---|
| Alexander Glenn Tievsky<br>J. Eli Wade- Scott<br>Jay Edelson<br>Edelson PC<br>350 North LaSalle, 14th Floor<br>Chicago, IL 60654<br>Email: atievsky@edelson.com<br>Email: ewadescott@edelson.com | Attorneys for Plaintiff Edelson PC |

8

9

10

11

| | |
|---|---|
| Walter J. Lack, Esq.<br>Rachel M. Lannen, Esq.<br>ENGSTROM, LIPSCOMB & LACK<br>10100 Santa Monica Boulevard, 12th<br>Floor Los Angeles, CA 90067-4113<br>Tel: (310) 552-3800<br>Fax: (310) 552-9434<br>Email: wlack@elllaw.com<br>Email: rlannen@elllaw.com | Attorneys for Defendant David Lira |

12

13

14

15

16

| | |
|---|---|
| Jeff Wiley Poole<br>Hamrick & Evans LLP<br>2600 West Olive Avenue, Suite 1020<br>Burbank, CA 91505<br>Email: jpoole@hamricklaw.com | Attorneys for Defendant Joseph DiNardo |

17

18

19

| | |
|---|---|
| Richard M. Scherer, Jr.<br>Lippes Mathias Wexler Friedman LLP<br>50 Fountain Plaza, Suite 1700<br>Buffalo, NY 14202<br>Email: rscherer@lippes.com | Attorneys for Defendant Joseph DiNardo |

20

21

22

| | |
|---|---|
| Anthony L. Lanza<br>Brodie H. Smith<br>LANZA & SMITH<br>A Professional Law Corporation<br>3 Park Plaza, Suite 1650<br>Irvine, California 92614-8540<br>Email: tony@lanzasmith.com<br>Email: brodie@lanzasmith.com | Attorneys for Defendants George Hatcher<br>& Wrongful Death Consultants |

23

24

25

26

27

28

-21-

| | |
|---|---|
| Sean Eric Ponist | Attorneys for Defendant California |
| Ponist Law Group, P.C. | Attorney Lending II, Inc. |
| 100 Pine Street, Suite 1250 | |
| San Francisco, CA 94111 | |
| Email: sponist@ponistlaw.com' | |

| | |
|---|---|
| William F. Savino | Attorneys for Defendant California |
| Woods Oviatt Gilman LLP | Attorney Lending II, Inc. |
| 1900 Main Place Tower | |
| 350 Main Street | |
| Buffalo, NY 14202 | |
| Email: wsavino@woodsoviatt.com | |

| | |
|---|---|
| William E Brueckner , III | Attorneys for Defendant California |
| Woods Oviatt Gilman LLP | Attorney Lending II, Inc. |
| 1900 Bausch & Lomb Place | |
| Rochester, NY 14604 | |
| Email: wbrueckner@woodsoviatt.com | |

The following are those who are currently on the list to receive ECF notices for this case.

- **Rafey Sarkis Balabanian**
  rbalabanian@edelson.com,5926930420@filings.docketbird.com,docket@edelson.com

- **Evan Christopher Borges**
  eborges@ggtriallaw.com,cwinsten@ggtriallaw.com

- **William E Brueckner , III**
  wbrueckner@woodsoviatt.com,morlando@woodsoviatt.com

- **Jay Edelson**
  jedelson@edelson.com,docket@edelson.com,5923412420@filings.docketbird.com

- **Rachel Marilyn Lannen**
  rlannen@elllaw.com

- **Anthony Lawrence Lanza**
  tony@lanzasmith.com,Leona@LanzaSmith.com

- **Sean Eric Ponist**
  sponist@ponistlaw.com,syu@ponistlaw.com

- **Jeff Wiley Poole**
  jpoole@hamricklaw.com,secretary2@hamricklaw.com,sjustice@hamricklaw.com,hmartindale@hamricklaw.com

- **Ryan Donald Saba**
  rsaba@rosensaba.com,dsanchez@rosensaba.com

-22-

REPLY IN SUPPORT OF DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S
MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE

- **William F. Savino**
  wsavino@woodsoviatt.com,lherald@woodsoviatt.com

- **Richard M. Scherer , Jr**
  rscherer@lippes.com

- **David Shackelford**
  dshackelford@ggtriallaw.com,mmagana@raklaw.com

- **Amir Shakoorian**
  ashakoorian@ggtriallaw.com

- **Brodie Hugh Smith**
  brodie@lanzasmith.com

- **Alexander Glenn Tievsky**
  atievsky@edelson.com,docket@edelson.com,3500078420@filings.docketbird.com

- **J. Eli Wade-Scott**
  ewadescott@edelson.com,6967687420@filings.docketbird.com,docket@edelson.com

REPLY IN SUPPORT OF DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S
MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER VENUE