UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDELSON PC,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID LIRA, et al.,<br><br>        Defendants. | Case No. 22-cv-03977-JSC<br><br>**ORDER RE: VENUE MOTIONS**<br>Re: Dkt. Nos. 41, 43, 47, 54, 55, 61 |

Edelson PC, the law firm assignee of five families bereaved by the 2018 Lion Air plane crash, sues nine Defendants for an alleged scheme to defraud their settlement funds. (Dkt. No. 1.)[1] Seven Defendants move to dismiss for improper venue or to transfer. (Dkt. No. 41; Dkt. No. 43 at 2; Dkt. No. 47; Dkt. No. 54; Dkt. No. 55 at 7–13; Dkt. No. 61; *see* Dkt. No. 77.) Having carefully considered the briefing, and with the benefit of oral argument on December 1, 2022, the Court concludes that venue is improper in this District and TRANSFERS this case to the Central District of California.

## COMPLAINT ALLEGATIONS

Defendants are each connected in some way to Thomas Girardi and his law firm, Girardi Keese ("GK"), which operated in Los Angeles, California until its collapse in late 2020. Edelson PC alleges Defendants conspired to steal settlement funds from GK's Lion Air clients.

Defendant Erika Girardi is Mr. Girardi's wife and a citizen of California. (Dkt. No. 1 ¶ 25.) Ms. Girardi is the sole member of Defendant EJ Global, LLC, which has its principal place of business in Los Angeles, California. (*Id.* ¶ 26.) Defendants David Lira and Keith Griffin, both

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

citizens of California, were attorneys at GK who represented the Lion Air clients. (*Id.* ¶¶ 27–28, 50.) Mr. Lira is also Mr. Girardi's son-in-law. (*Id.* ¶ 6.) Defendant Christopher Kamon, a citizen of California, was Chief Financial Officer of GK. (*Id.* ¶¶ 7, 29.) Defendant George Hatcher, a citizen of California, was a non-attorney case runner who brought clients to GK. (*Id.* ¶¶ 5, 30.) Mr. Hatcher is the founder of Wrongful Death Consultants, Inc. ("WDC"), a California corporation with its principal place of business in Arcadia, California. (*Id.* ¶ 31.) Defendant Joseph DiNardo, a citizen of New York, funded GK's work and took a cut of incoming settlement funds. (*Id.* ¶¶ 9, 32.) Mr. DiNardo is the founder of California Attorney Lending II, Inc. ("CAL II"), a New York corporation with its principal place of business in Buffalo, New York, which "was incorporated specifically for the purpose of doing business in the State of California." (*Id.* ¶ 33.)

Plaintiff Edelson PC is an Illinois corporation with its principal place of business in Chicago, Illinois, and an office in San Francisco, California. (*Id.* ¶ 24.) Edelson brings ten claims against Defendants in different combinations: (1) racketeering under 18 U.S.C. § 1962(c); (2) conspiracy to commit racketeering under 18 U.S.C. § 1962(d); (3) receipt of stolen property under Cal. Penal Code § 496(c); (4) aiding and abetting concealment of stolen property under Cal. Penal Code § 496(c); (5) money had and received; (6) conversion; (7) unlawful and unfair business practices under California's Unfair Competition Law; (8) violation of California's Consumers Legal Remedies Act; and (9) and (10), two counts of deceit.

The complaint asserts venue is proper in this District under 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965(a) and (b). Plaintiff "maintains an office and conducts business" here and "a substantial part of the events giving rise to the claims alleged occurred" here. (*Id.* ¶ 35.) Mr. Lira traveled here to transact affairs on or about March 19, April 19, May 6, June 13, and August 9, 2019. (*Id.* ¶ 37.) Mr. Griffin traveled here to transact affairs on or about October 26, 2019, and litigated two cases (filed in 2018 and 2019) in this District. (*Id.* ¶ 38.) On September 11, 2020, "while physically present in this District, Griffin sent a lulling email to [a Lion Air client] in furtherance of the conspiracy." (*Id.* ¶ 39.)

**DISCUSSION**

Edelson has the burden to show venue is proper in this District. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). As a preliminary matter, in its opposition's introduction, Edelson insists the reason it filed suit in the Northern District of California is because Defendants' fraudulent scheme was facilitated by Thomas Girardi's assertion that he could exert improper influence with the courts in southern California. Edelson argues that "[t]o prevent the long shadow of Thomas Girardi from darkening the results in this case—whatever they may be—Plaintiff filed here, in a forum that is unimpeachably neutral." (Dkt. No. 85 at 10.) The problem with this argument is that it is untethered to the law. Various statutes dictate proper venue, and none of them alter the standard that applies because the plaintiff alleges that a particular venue may be perceived as not neutral. Applying the governing law, Plaintiff has not met its burden of showing that venue is proper.[2]

**A.    28 U.S.C. § 1391(b)(2)**

Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Edelson asserts that a substantial part of the events giving rise to its claim of deceit occurred here; it is not clear whether that refers to its ninth claim against Mr. Griffin and Mr. Lira or its tenth claim against only Mr. Griffin. (*See* Dkt. No. 1 ¶¶ 351–63.) Edelson then argues that the Court may exercise pendent venue over the other claims. *See United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 753 (N.D. Cal. 2015) ("Once a court has determined that venue is proper as to one claim, it may exercise pendent venue to adjudicate closely related claims.").

Venue is not proper under Section 1391(b)(2) as to either deceit claim. The only event Edelson offers is a September 11, 2020 email from Mr. Griffin, while physically present in this District, to a Lion Air client in which he misrepresented material facts with knowledge of falsity and intent to deceive and induce her reliance. *See Bower v. AT&T Mobility, LLC*, 127 Cal. Rptr. 3d 569, 579 (Cal. Ct. App. 2011) (explaining elements of deceit under California law). That does

---

[2] The Court need not address whether Ms. Girardi, EJ Global, and WDC have waived their venue defenses because it grants the other Defendants' motions to transfer on the merits.

3

1  not come anywhere close to a "substantial part of the events" giving rise to Edelson's deceit
2  claims, 28 U.S.C. § 1391(b)(2), which allege a holistic scheme to prevent any of the five client
3  families from learning about the fraud over a period of years.  The overall course of alleged
4  conduct is much bigger than in *Cheery Way*, such that a handful of connections to this District do
5  not amount to a substantial part of the events.  *See Cheery Way (USA), Inc. v. Ngoc Diep Duong*,
6  No. C12-0486 JSC, 2012 WL 1670172, at *1, *3 (N.D. Cal. May 14, 2012) (two contracts and
7  some payments made in this District, within overall course of "three unsatisfactory transactions").
8  While Section 1391(b)(2) does not require a majority or a predominance of events to have
9  occurred in this District, it requires more than Edelson alleges here.  *See Doe v. Epic Games, Inc.*,
10  435 F. Supp. 3d 1024, 1039 (N.D. Cal. 2020).

**B.      18 U.S.C. § 1965(a)**

For Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, venue is proper in "any district in which [the defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).  These RICO provisions "supplement, rather than preempt, general venue statutes." *Go–Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1409 (9th Cir. 1989).  Edelson asserts that Mr. Lira and Mr. Griffin regularly transact business here, and then argues venue is proper as to the other Defendants under 18 U.S.C. § 1965(b).

Edelson has not met its burden as to either Mr. Lira or Mr. Griffin.  Edelson alleges Mr. Lira traveled here for business six times between March and August 2019; Mr. Griffin traveled here for business in October 2019; Mr. Griffin was here when he emailed the client in September 2020; and Mr. Griffin litigated two cases here (filed in 2018 and 2019).  (Dkt. No. 1 ¶¶ 37–39.) Assuming Edelson's allegations are true, they are insufficient to support a finding that Mr. Lira or Mr. Griffin "transacts his affairs" here.  Section 1965(a) requires something more than the scattered, tenuous connections to this District that are alleged here.  *See Corso v. Franz*, No. 16CV2384FBSMG, 2018 WL 1513639, at *2 (E.D.N.Y. Mar. 27, 2018) (reasoning that because Section 1965(a) was based on Clayton Act venue provisions, which require business "transact[ed]" in the district to be substantial, Section 1965(a) requires the same); *King v. Vesco*, 342 F. Supp. 120, 124 (N.D. Cal. 1972) (noting Section 1965(a) was based on Clayton Act); *see*

*also Eastman Kodak Co. of N.Y. v. S. Photo Materials Co.*, 273 U.S. 359, 373 (1927) ("[A] corporation is engaged in transacting business in a district, within the meaning of [the Clayton Act], in such sense as to establish the venue of a suit . . . , [if] it 'transacts business' therein of any substantial character."); *Pincione v. D'Alfonso*, 506 F. App'x 22, 24 (2d Cir. 2012) (requiring business to "be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district" (cleaned up)). Edelson has not met its burden under the RICO venue statute.

### C. 28 U.S.C. § 1391(b)(1)

Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Edelson asserts that all Defendants are residents of California or may be deemed residents because they have waived objections to venue or personal jurisdiction, and that at least one Defendant resides in this District because it has waived objections to venue or personal jurisdiction. *See Doe*, 435 F. Supp. 3d at 1039.

Venue is not proper under Section 1391(b)(1) because not all Defendants reside in California. Specifically, Mr. DiNardo is a resident of New York. (Dkt. No. 1 ¶ 32); *see* 28 U.S.C. § 1391(c)(1). Thus, setting aside the waiver issues, Section 1391(b)(1) does not provide a proper basis for venue in this District.

\* \* \*

Edelson has not met its burden to show that venue is proper in the Northern District of California. Accordingly, 28 U.S.C. § 1406(a) directs the Court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court finds it is in the interest of justice to transfer this case rather than dismiss it. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962) (explaining Section 1406(a)'s purpose of facilitating adjudication on the merits); *cf. King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) ("[I]t would not be in the interests of justice to transfer this case because, among other reasons, King herself expressed no interest in transfer and . . . the action smacks of harassment and bad faith . . . ."). Edelson does not dispute that venue would be proper in the Central District of

California.  *See* 28 U.S.C. § 1391(b)(2); 18 U.S.C. § 1965(a).

The Court also finds that, even if venue is proper here, the factors under 28 U.S.C. § 1404(a) favor discretionary transfer to the Central District of California.  *See, e.g.*, *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1212–15 (D. Haw. 2002) (finding venue was proper and ordering discretionary transfer under Section 1404(a), but noting that even if venue were not proper, transfer under Section 1406(a) would be in the interest of justice for similar reasons).  This case clearly has its center of gravity in the Central District, where the majority of events occurred and the majority of parties and witnesses are located.  The moving Defendants meet their burden under Section 1404(a) to show that the Central District is the more appropriate venue for this case.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

## CONCLUSION

Mr. Hatcher, Mr. Lira, Mr. Griffin, and CAL II's motions are GRANTED.  (Dkt. No. 41; Dkt. No. 43 at 2; Dkt. No. 47; Dkt. No. 54; Dkt. No. 55 at 7–13.)  This case is TRANSFERRED to the Central District of California.

This Order disposes of Docket Nos. 41, 47, 54, 61.

**IT IS SO ORDERED.**

Dated: December 2, 2022

JACQUELINE SCOTT CORLEY
United States District Judge